

Caroline E. Oks
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4575 Fax: 973-639-8317
coks@gibbonslaw.com

August 22, 2022

<u>**VIA ECF**</u>

Honorable Frederic Block, U.S.D.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:**   *Orrico v. Nordic Naturals, Inc.*, No. 22-cv-3195 (FB)(CLP):
> <u>**Request for Pre-Motion Conference on Motion to Dismiss the Complaint**</u>

Dear Judge Block:

This firm represents Defendant Nordic Naturals, Inc. ("Nordic Naturals") in the above-referenced matter.  Pursuant to Your Honor's Individual Rule 2.A., we write to respectfully request a pre-motion conference to set briefing deadlines for Nordic Naturals' anticipated Motion to Dismiss Plaintiff's Complaint.  Nordic Naturals should be permitted to file its Motion because Plaintiff's Complaint suffers from several deficiencies, the most glaring of which is that she fails to identify any false or misleading statement.

Plaintiff, the purchaser of a single product, alleges that Nordic Naturals deceptively markets and falsely advertises ***all*** of its dietary supplements and multivitamins (the "Products") — over 70 Nordic Naturals Products in all — purportedly on the ground that the company name, "Nordic Naturals," implies that all ingredients for all Products are "natural" despite "contain[ing] non-natural, synthetic ingredients."  Complaint, ECF No. 1 ("Compl.") ¶ 2.  However, none of the Products are labeled "all natural" or "100% natural."  *See id.* ¶ 6.  Moreover, the word "natural" does not appear on the label of any Product.  *Id.*  Rather, the plural "Naturals" appears as part of the manufacturer's brand name, "Nordic Naturals."  *Id.*  For the reasons briefly summarized below, Nordic Naturals submits that full briefing will show that Plaintiff's claims under New York General Business Law ("GBL") sections 349 and 350 and for breach of express warranty pursuant to the laws of all 50 states suffer from several incurable deficiencies.

**I.      The Complaint Fails to State a GBL Claim.**

Plaintiff's claims should be dismissed because Nordic Naturals' labeling is not "likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007).  The pivotal inquiry "is whether the product label is materially misleading," which may be determined as a matter of law.  *Mustakis v. Chattem, Inc.*, 2022 WL 714095, at *2 (E.D.N.Y. Mar. 9, 2022).  Courts ask whether a significant portion of consumers, acting reasonably under the circumstances, could be misled.  *Jessani v. Monini N. Am. Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018).  Here, an objectively reasonable consumer could not

GIBBONS P.C.

Hon. Frederic Block, U.S.D.J.
August 22, 2022
Page 2

interpret the manufacturer's name, Nordic Naturals, to mean that all of its Products contain only natural ingredients because none are labeled "all natural" or "100% natural" and the word "Naturals" appears only in the brand name. *See Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 183 (E.D.N.Y. Dec. 10, 2018), *aff'd*, 813 F. App'x 701, 703 (2d Cir. 2020) (a reasonable consumer would not plausibly interpret brand label "Florida's Natural" to mean the product contains no traces of glyphosate where the term "natural" occurred only in the brand name and the product was not labeled as 100% natural); *Mutakis*, 2022 WL 714095 at 3 (dismissing GBL claims where, *inter alia*, the label did not claim the product is "all natural" or "100% natural; the term "Naturals" appeared only in the brand name; and the back label disclosed the synthetic ingredients). Finally, Plaintiff's Section 350 claims fail because Plaintiff could not have relied on any false advertisement for products she did not purchase. *See Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 288 (E.D.N.Y. 2009) ("[U]nder NYGBL Section 350, a plaintiff must plead reliance on a false advertisement at the time the product was purchased[.]").

## II.     The Complaint Fails to State an Express Warranty Claim.

Plaintiff's express warranty claim fails because: (1) the Products' labeling includes no affirmative promise that they contain all natural ingredients, and (2) a reasonable consumer would not interpret the Nordic Naturals name as a promise that the Products contain only natural ingredients, as explained above. Under New York law, an express warranty claim requires the existence of an express promise or representation and reliance on that promise or representation. *Horowitz*, 613 F. Supp. 2d at 286. The Complaint identifies no express promise that the Products are "all natural" or "100% natural." *See generally* Compl. Moreover, Plaintiff misquotes the Products' labels. *See id.* ¶ 65. None of the labels, as reproduced in the Complaint, contain the word "natural"; only the plural "*Naturals*" is present, and it appears only in the brand name, not the product name. *Id.* ¶ 6. As discussed above, a reasonable consumer could not rely on the company's trade name as a factual claim upon which she could rely. *See Atik v. Welch Foods, Inc.*, 2016 WL 5678474, at *13 (E.D.N.Y. Sept. 30, 2016) (an express warranty claim "require[s] the court to consider the reasonableness of a consumer's interpretation of [a] label"). Because the Complaint does not, and cannot, identify an express promise that the Products contain only natural ingredients, this claim fails. *See Lake v. Kardjian*, 874 N.Y.S.2d 751, 755 (N.Y. Sup. Ct. 2008) (dismissing express warranty claim where plaintiff failed to "identif[y] any specific statements by [defendant] which would constitute an express warranty").

## III.     Plaintiff Lacks Standing To Seek Injunctive Relief Under Rule 12(b)(1).

Plaintiff's request for injunctive relief should be dismissed because she concedes that she would not purchase the Products in their current form. *See* Compl. ¶ 30. "[I]njunctive relief is only proper when a plaintiff, lacking an adequate remedy at law, is likely to suffer from injury at the hands of the defendant if the court does not act in equity." *Berni v. Barilla S.p.A.*, 964 F.3d 141, 146–47 (2d Cir. 2020). Past injury is not sufficient; Plaintiff must establish a likelihood that she will be harmed in the *future*. *Id.* (dismissing claims for injunctive relief based on past purchases); *see also Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 338 (E.D.N.Y. 2018) (Block, J.) (dismissal based on lack of standing where plaintiff did "not plead that he intends or desires to

GIBBONS P.C.

Hon. Frederic Block, U.S.D.J.
August 22, 2022
Page 3

purchase FreshBev's juices in the future"); *Gavilanes v. Gerber Prod. Co.*, 2021 WL 5052896, at
*5 (E.D.N.Y. Nov. 1, 2021) (Block, J.) (same); *Jackson-Mau v. Walgreen Co.*, 2022 WL 2541091,
at *3 (E.D.N.Y. July 7, 2022) (Block, J.) (dismissing claim for injunctive relief even where plaintiff
has alleged that she would purchase the product in the future if the packaging were corrected,
because she would suffer no new harm).

## IV. Plaintiff Lacks Standing To Challenge Products She Did Not Purchase.

Plaintiff's Complaint seeks redress for over 70 Nordic Naturals products, Compl. ¶ 1, yet
Plaintiff alleges she only purchased Nordic Naturals Omega 3 Gummies one time, *id.* ¶ 29.
Countless courts within the Second Circuit have held that a plaintiff lacks standing to sue based
on products she did not purchase. *See, e.g.*, *DiMuro v. Clinique Lab'ys, LLC*, 572 F. App'x 27,
29 (2d Cir. 2014) (plaintiff who purchased three out of seven cosmetic products lacked class
standing because the defendant "made different advertising claims for each product"); *Elkind v.
Revlon Consumer Prod. Corp.*, 2015 WL 2344134, at *4 (E.D.N.Y. May 14, 2015) (representative
plaintiff must been injured in a "personal and individual way" with respect to each product
purchased); *see also Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62, 64 (2d Cir. 2012) (class
certification requirements under Rule 23, "cannot alter [the] constitutional requirement" of
individual standing). Plaintiff has not plausibly alleged that the "same set of concerns" applies to
the products that she did not purchase, because they are different products comprised of different
ingredients. Compl. ¶ 6. As such, the Court should dismiss Plaintiff's claims related to the other
products pursuant to Rule 12(b)(1).

## V. Case Management Considerations Warrant Allowing A Motion To Dismiss To Narrow The Issues Before The Court.

Finally, though case law within this Circuit demonstrates that all causes of action should
be dismissed in accordance with Rule 12, in the event any claim survives, this motion would likely
lead to substantial narrowing of claims, which would serve to streamline the rest of these
proceedings and decrease the burden on the parties and this Court.

Therefore, Nordic Naturals requests a pre-motion conference to set briefing schedule for
its Motion to Dismiss Plaintiff's Complaint in order to narrow the issues before the Court to avoid
unnecessarily burdensome and expansive discovery.

Respectfully submitted,

*s/ Caroline E. Oks*

Caroline E. Oks

cc: All counsel of record (via ECF)
    Michael R. McDonald, Esq. (via email)