

Andrew J. Marino
Associate

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4683 Fax: 973-639-6332
amarino@gibbonslaw.com

April 26, 2024

**VIA ECF**

Magistrate Judge Cheryl L. Pollak, U.S.M.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    ***Orrico v. Nordic Naturals, Inc.***
               **No. 1:22-cv-03195 (NRM)(CLP)**

Dear Judge Pollak:

This Firm represents Defendant Nordic Naturals, Inc. in the above-referenced matter. We write regarding Plaintiff's lack of response to certain of Defendant's interrogatories and requests for production. The Parties met and conferred telephonically regarding this issue on March 27, 2024, and have exchanged subsequent emails regarding the responses, but remain at an impasse. Accordingly, Defendant submits this letter detailing the discovery dispute, in accordance with Your Honor's Individual Preferences.

**Plaintiff's Allegations**

As background, Plaintiff has alleged that she purchased a dietary supplement from Amazon known as "Nordic Naturals Omega 3 Gummies." ECF 1 ("Compl.") ¶ 29. Plaintiff alleges that she was induced and deceived into purchasing this product by "prominent claims" on the label that the product is "Natural," which she understood to mean that the product "do[es] not contain synthetic ingredients."[1] *Id.* ¶¶ 13-14,17; *see also* ¶¶ 6, 29-30. She further alleges that, had Nordic

---

[1] The label does not claim that the product is "Natural," but instead states the manufacturer's name, "Nordic Naturals", at the top of the label. *See* Compl. ¶ 6 (displaying label). In the past two years, two courts in the Southern District of New York have granted summary judgment and denied class certification in similar "naturals" litigations. *See In re KIND LLC "Healthy and All Natural" Litigation*, 627 F. Supp. 3d 269, 284, 295 (S.D.N.Y. 2022) (concluding that no objective definition of "all natural" exists and that an "all natural" claim was not subject to a common proof); *de Lacour v. Colgage-Palmolive Co.*, No. 16-CV-8364 (KMW), 2024 WL 36820, at * (S.D.N.Y. Jan. 3, 2024) (finding that "there is no support for Plaintiffs' allegation that reasonable consumers understand that [defendant's] use of "natural" conveys that [defendant's] products do not contain synthetic and/or highly chemically processed ingredients"). Plaintiff's claim here is one step further removed from *In re KIND* and *de Lacour*; instead of actually claiming that it is "natural",

GIBBONS P.C.

April 26, 2024
Page 2

Naturals "not made the false, misleading, and deceptive representation that the Products were 'Natural,' Plaintiff would not have been willing to pay the same amount and, consequently, she would not have been willing to purchase the product." *Id.* ¶ 30. Though Plaintiff purchased only the "Nordic Naturals Omega 3 Gummies," the Complaint claims that the labels of seventy-two other Nordic Naturals' dietary supplement products that she did not purchase also contain false representations about those products being all natural and allegedly "synthetic" ingredients. *Id.* ¶ 6. Throughout the Complaint, Plaintiff has alleged that she relied on these alleged misrepresentations. *See id.* ¶ 3 ("Plaintiff and those similarly situated ('Class Members') relied on Defendant's misrepresentations that the Products are 'Natural' when purchasing the Products."); *id.* ¶ 19 ("Plaintiff and the Class Members reasonably relied to their detriment on Defendant's misleading representations and omissions."); *id.* ¶ 57 ("Plaintiff and the New York Subclass Members have been injured inasmuch as they relied upon the labeling, packaging, and advertising."); *id.* ¶ 68 ("Plaintiff and Class members reasonably relied upon Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when they decided to buy Defendant's Products.").

**Defendant's Discovery Requests**

Defendant propounded discovery requests related to Plaintiff's allegations. Specifically:

- Defendant's Interrogatory 7 requested that Plaintiff "Identify all products containing the words 'Natural' or 'Naturals' on their label that you have purchased, considered purchasing, consumed, or considered consuming, either before or after Your Purchase of The Products, in the past six years."[2]
- Defendant's Interrogatory 8 requested that Plaintiff "Identify all products you have purchased, either before or after Your Purchase of The Products, that contain any of the ingredients claimed to be 'synthetic' as alleged in ¶¶ 6-7 of the Complaint."
- Defendant's Interrogatory 9 requested that Plaintiff "Identify all stores and online retailers from or through which you have purchased food, supplements, and vitamins in the past six years."
- Defendant's Request for Production ("RFP") 6 requested "All documents concerning your purchase of food, supplements, and vitamins through any online retailer, including Amazon.com, for the past six years, including transaction histories sufficient to show all purchases of food, supplements, and vitamins."
- Defendant's RFP 7 requested "All documents concerning your purchase or consumption of any products containing the words 'Natural' or 'Naturals' on their label in the past six years."

---

the Product instead merely displays the manufacturer's name—as it is required to do by FDA regulations.

[2] Each party has propounded discovery requests with an applicable time period of six years.

GIBBONS P.C.

April 26, 2024
Page 3

- Defendant's RFP 12 requested "All documents concerning Your purchase or consumption of any other product that contains any of the ingredients claimed to be "synthetic" as alleged in ¶¶ 6-7 of the Complaint, whether before or after Your purchase of the Products, including but not limited to Your regimen for intake of the products, such as frequency, dosage, and exercise."
- Defendant's RFP 13 requested "All documents concerning any dietary supplements or vitamins You have purchased or consumed in the past six years."[3]

**Plaintiff's Objections**

Plaintiff responded with identical objections to each of the three interrogatories, stating: "Plaintiff objects to this interrogatory on the basis that it is overly broad in both time and scope, and designed to create an undue burden on Plaintiff. This interrogatory is also not designed to lead to the discovery of relevant or admissible evidence. In addition, this interrogatory ignores the concepts of proportionality which govern discovery. Plaintiff is willing to meet and confer with counsel for Defendant to attempt to narrow the scope of this interrogatory." Plaintiff also responded with identical objections to each of the four RFPs, stating: "Plaintiff objects to this request insofar as it is extraordinarily overbroad and designed solely to burden Plaintiff and her counsel. Plaintiff further objects as this request was not designed with the principles of proportionality in mind. Plaintiff is willing to meet and confer concerning this request to attempt to narrow it appropriately."

Defendant proposed that the interrogatories and RFPs be narrowed in scope by restricting them to vitamins and dietary supplements.  Via email, Plaintiff rejected that narrowing and declined to produce documents to the requests, objecting:

> On the basis that the information sought does not have any bearing on the elements of Plaintiff's claims.  It seems that by asking for her prior purchase history, you are trying to demonstrate something with regard to whether she personally was deceived or whether she relied on the marketing we alleged to be deceiving.  Neither inquiry is appropriate.

Plaintiff has produced, in total, a *single* document in response to Defendant's 42 Requests for Production: a phone screenshot of her purchase of the Omega 3 Gummies from her Amazon history.  Plaintiff has indicated that she does not intend to produce anything further.

---

[3] Plaintiff's Responses and Objections to Defendant's Interrogatories and Requests for Production are attached as Exhibits A and B respectively.

GIBBONS P.C.

April 26, 2024
Page 4

**Defendant's Requests are Relevant**

The information and documents requested by Defendant are plainly relevant to the claims and defenses in this case. *First*, the requested documents are directly relevant to the allegations Plaintiff has made in the Complaint. The Complaint states *four times* that Plaintiff (and other Class Members) relied on the supposed representation that the Product is "Natural." Defendant is entitled to test the veracity of those allegations, including by reviewing (1) whether Plaintiff has purchased other "natural" products, which goes to whether Plaintiff cares or is concerned about a food's "natural" status, and (2) whether Plaintiff has purchased other products containing the alleged "synthetic" ingredients, which goes to whether Plaintiff cares or is concerned about the presence of those ingredients. By making the allegations in the Complaint, Plaintiff has put her own reliance at issue. *See, e.g.*, *Osdoby v. Handi-Foil Corp.*, 22-cv-4199 (NG) (JMW), 2023 WL 3306967, at *5 (E.D.N.Y. May 7, 2023) (allowing discovery on Plaintiff's alleged preference for purchasing American-made products because Plaintiff made those allegations in the complaint, and noting that "[i]t is undisputed that Plaintiff has made unambiguous assertions regarding that preference, thereby inserting it into this litigation"); *Vargas v. United States*, 401 F. Supp. 3d 346, 347 (E.D.N.Y. 2018) (granting motion to compel where "Plaintiff has put her medical condition at issue"); *Shukla v. Deloitte Consulting LLP*, 2021 WL 2418841, at *2 (S.D.N.Y. June 14, 2021) (affirming motion to compel order where plaintiff had "interject[ed] th[e] issue into the litigation").

*Second*, and relatedly, the requests go to Plaintiff's trustworthiness and truthfulness, and therefore her adequacy as a class representative under Rule 23. Plaintiff's actual purchase habits will shed light on her preferences regarding "natural" foods or "synthetic" ingredients. Whether or not the allegations in the Complaint are true is a relevant factor in determining a putative class representative's adequacy. *See, e.g.*, *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 41 (E.D.N.Y. 2008) ("Where the court finds the class representative is not credible, adequacy of representation is absent."); *Weigmann v. Glorious Food, Inc.*, 169 F.R.D. 280, 287 (S.D.N.Y. 1996) ("A potential representative's honesty is a factor to be weighed in determining whether a names plaintiff will be an adequate representative of the class.").

*Third*, the requests go to what a "reasonable consumer" would understand the Product's label to mean. To determine whether a label is materially misleading, courts look to "a reasonable consumer acting reasonably under the circumstances." ECF 29 at 5. Plaintiff's prior purchasing history, as evidence of her purchasing preferences, is relevant to determining whether Plaintiff's beliefs are similar to those of "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances." *Id.* For instance, if Plaintiff had previously bought a product labeled "All Natural" that contained one of the allegedly "synthetic" ingredients listed in the Complaint, it would make it less likely that her purchase of the Product here was akin to that of a reasonable consumer.

GIBBONS P.C.

April 26, 2024
Page 5

**Defendant's Requests are Not Burdensome**

Plaintiff has objected on the ground that Defendant's requests are unduly burdensome. This objection is not reasonable. Reviewing her internet records should take almost no time at all; for example, anyone with an Amazon account can obtain their order history, organized by year, in minutes by accessing https://www.amazon.com/gp/css/order-history. Plaintiff, or her counsel, could easily access her account and print-to-PDF her order history for the relevant years. Indeed, the sole document Plaintiff is willing to produce is a screenshot from her Amazon purchase history. The same can be done for any other online accounts Plaintiff has used to purchase food, vitamins, or dietary supplements. *See Osdoby*, 2023 WL 3306967, at *5 (requiring plaintiff to produce her Amazon order history and noting that "given the ease with which an individual's Amazon order history can be obtained, the burden and cost of producing this discovery is nominal").

Based on the foregoing, Defendant respectfully requests that Plaintiff be compelled to respond to Interrogatories 7, 8, and 9 and RFPs 6, 7, 12, and 13.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

*/s/ Andrew J. Marino*

Andrew J. Marino

cc:    All counsel of record