# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NATALIE ORRICO, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.: 1:22-cv-03195 (NRM)(CLP) |
| v. | |
| NORDIC NATURALS, INC., | |
| Defendant. | |

## <u>PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES</u>

Plaintiff Natalie Orrico ("Plaintiff"), by and through his undersigned counsel, hereby provides responses to the First Set of Interrogatories served by Defendant Nordic Naturals, Inc. dated December 8, 2023 as follows:

### <u>PRELIMINARY STATEMENT AND OBJECTIONS</u>

1.      The following responses are based upon information presently available to Plaintiff and Plaintiff reserves the right to make such additional or different responses as might be appropriate in light of further information.

2.      Plaintiff objects to all of the interrogatories to the extent they seek information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or the request is otherwise privileged.

3.      All the following responses are made subject to the foregoing general objections, which are incorporated by reference into each of them. Each response is further subject to any objection specifically stated therein.

4.      Plaintiff reserves the right to supplement these responses and objections at any time up to and including the time of trial.

5.      Plaintiff does not waive any objection not stated herein.

1

## RESPONSES TO INTERROGATORIES

1.      Identify the name and address of each and every person who has personal knowledge of the facts relevant to this action, and set forth in detail their knowledge and the basis of that knowledge.

ANSWER:

Plaintiff Natalie Orrico, who can be contacted through counsel.  Plaintiff has knowledge as detailed in the Complaint.

Defendant.


2.      Identify all documents, exhibits or other information which you believe support your claim for damages and/or that you intend to introduce at the trial in this lawsuit.


ANSWER:

Plaintiff objects to this interrogatory as vague and overbroad, particularly as to its request for "information."  Without waiving those objections, Plaintiff identifies her receipt, which is being produced under separate cover.


3.      Identify any admissions concerning liability you claim to have been made by any of the parties to this lawsuit.

ANSWER:

The only potential admissions concerning liability are the statements on the products identified in the Complaint wherein Defendant advertises certain products containing synthetic ingredients as natural.

4.      State whether you or anyone representing you at any time had any communications with Nordic Naturals, or its representative(s) concerning the subject matter of this lawsuit, and if so, identify each such communication and all documents referring or relating to each oral communication.

ANSWER:

I understand that my counsel has spoken with counsel for Defendant numerous times.  The details of these communications are known to counsel.

2

5.      State whether you or anyone representing you at any time had any communications with any other person, not a party to this lawsuit, concerning the subject matter of this lawsuit, and if so, identify each such communication and all documents referring or relating to each such oral communication.

<u>ANSWER:</u>

Plaintiff objects to this interrogatory to the extent it seeks the disclosure of information protected by the attorney work-product doctrine and the trial preparation privilege.  Without waiving that objection, Plaintiff is unaware of any such communications.

6.      Identify the reason(s) for Your purchase of The Products.

<u>ANSWER:</u>

I purchased the Product because I wanted to obtain a high quality natural omega 3 supplement.

7.      Identify all products containing the words "Natural" or "Naturals" on their label that you have purchased, considered purchasing, consumed, or considered consuming, either before or after Your Purchase of The Products, in the past six years.

<u>ANSWER:</u>

Plaintiff objects to this interrogatory on the basis that it is overly broad in both time and scope, and designed to create an undue burden on Plaintiff.  This interrogatory is also not designed to lead to the discovery of relevant or admissible evidence.  In addition, this interrogatory ignores the concepts of proportionality which govern discovery.  Plaintiff is willing to meet and confer with counsel for Defendant to attempt to narrow the scope of this interrogatory.

8.      Identify all products you have purchased, either before or after Your Purchase of The Products, that contain any of the ingredients claimed to be "synthetic" as alleged in ¶¶ 6-7 of the Complaint.

<u>ANSWER:</u>

Plaintiff objects to this interrogatory on the basis that it is overly broad in both time and scope, and designed to create an undue burden on Plaintiff. This interrogatory is also not designed to lead to the discovery of relevant or admissible evidence. In addition, this interrogatory ignores the concepts of proportionality which govern discovery. Plaintiff is willing to meet and confer with counsel for Defendant to attempt to narrow the scope of this interrogatory.

9. Identify all stores and online retailers from or through which you have purchased food, supplements, and vitamins in the past six years.

ANSWER:

Plaintiff objects to this interrogatory on the basis that it is overly broad in both time and scope, and designed to create an undue burden on Plaintiff. This interrogatory is also not designed to lead to the discovery of relevant or admissible evidence. In addition, this interrogatory ignores the concepts of proportionality which govern discovery. Plaintiff is willing to meet and confer with counsel for Defendant to attempt to narrow the scope of this interrogatory.

10. Identify, without limitation, each and every alleged misrepresentation made to You by Nordic Naturals related to The Products.

ANSWER:

Defendant marketed and labeled products as "natural" which contained synthetic ingredients.

11. Identify any articles, studies or publications that You saw, read, revised or discussed concerning the Putative Synthetic Ingredients, prior to Your purchase of the Products.

ANSWER:

Plaintiff is unaware of any such articles, studies or publications.

12. If You contend that You incurred any out-of-pocket loss, ascertainable loss, actual loss, other economic loss, or other damage or injury, state all facts concerning Your contention, and identify all supporting documents.

ANSWER:

Plaintiff objects on the basis that this interrogatory call for a legal conclusion. Without waiving that objection, Plaintiff states the following: I spent my money on the product believing it was

natural.  I incurred damages because I either wouldn't have purchased the product, or paid more for the product than I would have had I known the product contained synthetic ingredients.


13.    Identify all lawsuits in which you have been either a plaintiff or a defendant and the outcome of each, including but not limiting to any final judgments, settlements, and convictions.

ANSWER:


Plaintiff objects to this interrogatory on the basis that it is vague, overbroad and designed solely to harass and burden Plaintiff.


14.    Identify each person you expect to call as an expert witness at trial and for each expert state the following: (a) the subject matter on which the expert is expected to testify; (b) the substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each such opinion; (c) identify all documents or materials submitted to each expert in connection with the preparation of his or her testimony; (d) the qualification of each expert, listing the schools attended, years of attendance, degrees received, experience and any particular field of specialization of expertise, all publications authored including the title of the work and were it was printed, giving the date of publication or produce a copy of the most recent curriculum vitae of any such expert; and (e) identify the caption of any case in which the expert has previously testified and the court in which such case was heard.

ANSWER:

Plaintiff objects to this interrogatory as premature and improper. Plaintiff will provide information concerning its expert witness(es), should she retain any, during the time provided for by the Court and in a manner compliant with the Federal Rules of Civil Procedure and the Local Rules.

Dated:  February 21, 2024

By: ___/s/ Philip J. Furia___

**THE SULTZER LAW GROUP P.C.**
Philip J. Furia, Esq.
Daniel Markowitz, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
E-Mail: furiap@thesultzerlawgroup.com
markowitzd@thesultzerlawgroup.com

*Attorneys for Plaintiff Natalie Orrico*

**<u>VERIFICATION</u>**

STATE OF NEW YORK        )
                                            ss:
COUNTY OF QUEENS        )


      I, Natalie Orrico, being duly sworn, deposes and says that I am the Plaintiff in this action, that I have read the foregoing answers to interrogatories and know the contents thereof, and the same are true to my knowledge, information and belief.


      Sworn to this 21st day of February, 2024

*Natalie Orrico*
_____
Natalie Orrico