# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE ORRICO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORDIC NATURALS, INC..,<br><br>Defendant. | Case No.: 1:22-cv-03195 (NRM)(CLP) |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Plaintiff Natalie Orrico ("Plaintiff"), by and through his undersigned counsel, hereby provides responses to the First Requests for Production of Documents served by Defendant Nordic Naturals, Inc. dated December 8, 2023 as follows:

**PRELIMINARY STATEMENT AND OBJECTIONS**

1. The following responses are based upon information presently available to Plaintiff and Plaintiff reserves the right to make such additional or different responses as might be appropriate in light of further information.

2. Plaintiff objects to all of the requests to the extent they seek information which is protected from discovery by the attorney-client privilege and/or attorney work-product doctrine, or the request is otherwise privileged.

3. All the following responses are made subject to the foregoing general objections, which are incorporated by reference into each of them. Each response is further subject to any objection specifically stated therein.

4. Plaintiff reserves the right to supplement these responses and objections at any time up to and including the time of trial.

5. Plaintiff does not waive any objection not stated herein.

1

## RESPONSES TO REQUESTS FOR PRODUCTION

1. All documents concerning Your purchase of The Products.

**Response: Please see attached a document depicting Plaintiff's receipt for purchase of the Products.**

2. All documents that support Your claim for damages.

**Response: Plaintiff objects to this request as vague and overbroad. In addition, Plaintiff states that she will prove her damages through the use of expert testimony to be disclosed in the time and manner called for by the Rules and by Order of this Court. Without waiving said objections, please see Plaintiff's receipt for purchase of the Products.**

3. All documents concerning any information You reviewed or received (whether reviewed or not) in connection with Your purchase of the Products, including but not limited to advertisements, marketing materials, and reports, and identify the date when those documents were first seen by You.

**Response: Plaintiff objects to this request insofar as it seeks a written narrative response as opposed to a production of documents. Without waiving said objection, please see attached a document depicting Plaintiff's receipt for purchase of the Products.**

4. All documents concerning any communications You had with any person in connection with Your purchase of The Products.

**Response: Plaintiff does not possess documents responsive to this request.**

5. All documents concerning any of the considerations that were a part of Your decision to acquire The Products.

**Response: Plaintiff objects on the basis that this request is vague. Upon information and belief as to what information Defendant is seeking, Plaintiff does not possess documents responsive to this request.**

6. All documents concerning your purchase of food, supplements, and vitamins through any online retailer, including Amazon.com, for the past six years, including transaction histories sufficient to show all purchases of food, supplements, and vitamins.

**Response: Plaintiff objects to this request insofar as it is extraordinarily overbroad and designed solely to burden Plaintiff and her counsel. Plaintiff further objects as this request was not designed with the principles of proportionality in mind. Plaintiff is willing to meet and confer concerning this request to attempt to narrow it appropriately.**

7. All documents concerning your purchase or consumption of any products containing the words "Natural" or "Naturals" on their label in the past six years.

**Response: Plaintiff objects to this request insofar as it is extraordinarily overbroad and designed solely to burden Plaintiff and her counsel. Plaintiff further objects as this request was not designed with the principles of proportionality in mind. Plaintiff is willing to meet and confer concerning this request to attempt to narrow it appropriately.**

8. All documents that Nordic Naturals or any other person or entity provided to You

2

concerning The Products, including but not limited to documents provided at the time You purchased The Products, purchase invoices, and evidence of payment for The Products.

**Response: Please see attached a document depicting Plaintiff's receipt for purchase of the Products.**

9.   All documents concerning any consumption of the Products, including but not limited to Your regimen for intake of the Products, such as frequency, dosage, and exercise.

**Response: Plaintiff does not possess documents responsive to this request.**

10.   All documents concerning Your experience with the Products.

**Response: Plaintiff does not possess documents responsive to this request.**

11.   All documents that You reviewed prior to purchasing the Products concerning any of the ingredients claimed to be "synthetic" as alleged in Paragraph 7 of the Complaint.

**Response: Plaintiff does not possess documents responsive to this request.**

12.   All documents concerning Your purchase or consumption of any other product that contains any of the ingredients claimed to be "synthetic" as alleged in ¶¶ 6-7 of the Complaint, whether before or after Your purchase of the Products, including but not limited to Your regimen for intake of the products, such as frequency, dosage, and exercise.

**Response: Plaintiff objects to this request insofar as it is extraordinarily overbroad and designed solely to burden Plaintiff and her counsel.  Plaintiff further objects as this request was not designed with the principles of proportionality in mind.  Plaintiff is willing to meet and confer concerning this request to attempt to narrow it appropriately.**

13.   All documents concerning any dietary supplements or vitamins You have purchased or consumed in the past six years.

**Response: Plaintiff objects to this request insofar as it is extraordinarily overbroad and designed solely to burden Plaintiff and her counsel.  Plaintiff further objects as this request was not designed with the principles of proportionality in mind.  Plaintiff is willing to meet and confer concerning this request to attempt to narrow it appropriately.**

14.   All documents concerning any communications, whether oral, written, or electronic (including email, instant message, text message, Facebook, or other social networking), between You and any person regarding, in whole or in part, The Products, Your use and/or ingestion of the Products, and/or the alleged problems or defects that You allege exist with The Products.

**Response: Plaintiff objects to this demand to the extent it seeks production of documents**

**protected by the attorney-client privilege. Restricting her answer only to those documents which are not communications protected by the attorney-client privilege, Plaintiff does not possess documents responsive to this request.**

15. All documents concerning any communications, whether oral, written, or electronic (including email, instant message, text message, Facebook, or other social networking) between You and Nordic Naturals concerning The Products, including but not limited to communications with Nordic Naturals prior to initiation of this action.

**Response: Plaintiff does not possess documents responsive to this request.**

16. All documents concerning any communications You had concerning The Products, or any of the allegations in the Complaint, including but not limited to communications with Nordic Naturals, individuals, putative class members, or communications You posted in online forums, other Internet websites, or other forms of social media.

**Response: Plaintiff does not possess documents responsive to this request.**

17. All documents concerning any admissions by any Party.

**Response: Plaintiff refers to the labeling of the Products. Beyond that, Plaintiff does not possess documents responsive to this request.**

18. All documents concerning any admissions by any third-party.

**Response: Plaintiff does not possess documents responsive to this request.**

19. All documents authored by You or Your counsel concerning the allegations in the Complaint, including postings on the Internet or other forms of social media.

**Response: Plaintiff does not possess documents responsive to this request.**

20. All documents concerning Your communications with all persons about the allegations in the Complaint.

**Response: Plaintiff objects to this demand to the extent it seeks production of documents protected by the attorney-client privilege. Restricting her answer only to those documents which are not communications protected by the attorney-client privilege, Plaintiff does not possess documents responsive to this request.**

21. All documents concerning any alleged wrongful, unlawful or unconscionable act (including, but not limited to, misrepresentations, failures to disclose, concealments, omissions, and fraudulent acts) committed by Nordic Naturals in connection with Your purchase of the Product.

**Response: Plaintiff refers to the labeling of the Products. Beyond that, Plaintiff does not**

**possess documents responsive to this request.**

22. All documents that concern or support your contention in ¶ 7 of the Complaint that Nordic Naturals' "representations" regarding the Products are "false, misleading, and misleading."

**Response: Plaintiff refers to the labeling of the Products. Beyond that, Plaintiff does not possess documents responsive to this request.**

23. All documents that concern or support your contention that the ingredients identified in ¶ 7 of the Complaint are "synthetic" and/or not "natural."

**Response: Plaintiff objects to this demand to the extent it seeks "all documents" on a subject matter where extensive public documents exist. Plaintiff is willing to meet and confer concerning this request to attempt to narrow it appropriately.**

24. All documents that you have reviewed that concern the United States Department of Agriculture's application of its Draft Guidance Decision Tree, as referenced in Paragraph 9 and Exhibit A of the Complaint, to dietary supplements.

**Response: Plaintiff objects to this demand as it is vague as to what is being requested. Plaintiff also objects to the extent it seeks discovery of information protected by the attorney-client privilege, work product doctrine or trial preparation privilege. Plaintiff is willing to meet and confer concerning this request to attempt to narrow it appropriately.**

25. All documents concerning any inspection, evaluation, analysis, or test, by anyone, of The Products.

**Response: Plaintiff objects to this request on the basis that it is vague as to what is being requested and what would be considered an "evaluation" or "analysis.' Without waiving that objection, Plaintiff does not possess documents responsive to this request.**

26. All documents containing the information, representations, statements, or promises concerning the Products.

**Response: Plaintiff refers to Defendant's labeling and marketing of the Products. Beyond that, Plaintiff does not possess documents responsive to this request.**

27. All documents that concern or support your contention in ¶ 14 of the Complaint that a reasonable consumer understands Defendant's name "to mean that the Products are natural and do not contain synthetic ingredients."

**Response: Plaintiff does not possess documents responsive to this request.**

28. All documents that concern or support your contention in ¶ 21 of the Complaint

5

that "consumers would pay a premium for Products labeled as being 'Natural' over comparable products not so labeled."

**Response: Plaintiff objects to this request as vague and overbroad.  In addition, Plaintiff states that she will prove her damages through the use of expert testimony to be disclosed in the time and manner called for by the Rules and by Order of this Court.**

29. All documents concerning any out-of-pocket loss, ascertainable loss, or actual loss that You incurred, if any, on account of the alleged defect in The Products, or Your purchase of The Products that are the subject of this action.

**Response: Plaintiff objects to this request as vague and overbroad.  In addition, Plaintiff states that she will prove her damages through the use of expert testimony to be disclosed in the time and manner called for by the Rules and by Order of this Court.  Without waiving said objections, please see Plaintiff's receipt for purchase of the Products.**

30. All documents concerning any information from any third party, including but not limited to, any federal, state or local authority, trade association, scientific society, medical organization or consumer interest group that relates, in whole or in part, to the alleged problems or defects You allege exist in The Products.

**Response: Plaintiff does not possess documents responsive to this request.**

31. All documents concerning any communications with any members of the putative class regarding Your intention to file this lawsuit or the pendency of this lawsuit.
**Response: Plaintiff does not possess documents responsive to this request.**

32. All documents concerning any contention made by You that Your claims are typical of the claims of other putative class members.

**Response: Plaintiff does not possess documents responsive to this request.**

33. All documents concerning any contention made by You that You are an adequate class representative, including, without limitation, documents concerning the retention agreement in this case between You and Plaintiffs' counsel and any documents indicating that you will receive any incentive payment in connection with your service as a class representative.
**Response: Plaintiff does not possess documents responsive to this request.**

34. All documents concerning any felony convictions, if any, for Plaintiff.
**Response: Plaintiff objects to this request on the basis that it is designed purely to harass, intimidate and injure Plaintiff.**

6

35. All documents concerning any lawsuits, other than this one, in which You are or were a plaintiff or class member.

**Response: Plaintiff objects to this request insofar as it is extraordinarily overbroad and designed solely to burden Plaintiff and her counsel. Plaintiff further objects as this request was not designed with the principles of proportionality in mind. Plaintiff is willing to meet and confer concerning this request to attempt to narrow it appropriately.**

36. All documents concerning any advertisements for participating in a lawsuit against Nordic Naturals.

**Response: Plaintiff does not possess documents responsive to this request.**

37. All documents concerning any settlements you have entered into for any claims you have asserted in any individual lawsuit or putative class action lawsuit, redacted if required by the terms of any settlement agreement or court order.

**Response: Plaintiff objects to this request insofar as it is extraordinarily overbroad and designed solely to burden Plaintiff and her counsel. Plaintiff further objects as this request was not designed with the principles of proportionality in mind. Plaintiff is willing to meet and confer concerning this request to attempt to narrow it appropriately.**

38. All documents concerning any lawsuits in which You are or were a defendant.

**Response: Plaintiff objects to this request insofar as it is extraordinarily overbroad and designed solely to burden Plaintiff and her counsel. Plaintiff further objects as this request was not designed with the principles of proportionality in mind. Plaintiff is willing to meet and confer concerning this request to attempt to narrow it appropriately.**

39. All documents concerning or comprising any of Your deposition testimony, trial testimony, declaration testimony, and/or other sworn testimony.

**Response: Plaintiff objects to this request insofar as it is extraordinarily overbroad and designed solely to burden Plaintiff and her counsel. Plaintiff further objects as this request was not designed with the principles of proportionality in mind. Plaintiff is willing to meet and confer concerning this request to attempt to narrow it appropriately.**

40. All documents concerning other lawsuits and/or legal proceedings involving the alleged defects that are the subject of the Complaint.

**Response: Plaintiff does not possess documents responsive to this request.**

41. All documents identified, referred to, or utilized in Your answer to Nordic Naturals' First Set of Interrogatories, served herewith.

**Response: Please see attached a document depicting Plaintiff's receipt for purchase of the Products.**

42. All documents that support the allegations of the Complaint.

**Response: Plaintiff objects on the basis that this request is overbroad.  Plaintiff is willing to meet and confer to narrow the scope of this request, such that it can be responded to.**

Dated:  February 26, 2024

By:  */s/ Philip J. Furia*

**THE SULTZER LAW GROUP P.C.**
Jason Sultzer
Philip Furia
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
E-Mail: sultzerj@thesultzerlawgroup.com
             furiap@thesultzerlawgroup.com

*Attorneys for Plaintiff Natalie Orrico*

8