

Philip J. Furia
furiap@thesultzerlawgroup.com
Direct: 201-744-0064

April 30, 2024

**Via ECF**
Magistrate Judge Cheryl L. Pollak, U.S.M.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                    **Re:** *Orrico v. Nordic Naturals, Inc.*, Docket No. 1:22-cv-03195 (NRM)(CLP)

Dear Judge Pollak:

      We, along with our co-counsel at the Milberg, firm, represent Plaintiff Natalie Orrico in this case. We write pursuant to Local Rule 37.3 and Your Honor's Individual Practice Rules to inform the Court of a discovery dispute between the parties which requires judicial intervention. Before writing this letter, the parties engaged in good faith attempts to resolve these issues including through telephone conferences and by email. Though some of the disputes which arose have been resolved amicably,[1] Plaintiff now asks that this Court address the following matters concerning interrogatories and requests for production which were served on Defendant.

      In this case, Plaintiff alleges that Defendant engages in deceptive and misleading business practices concerning the marketing and sales of its "Nordic Naturals'" products ("the Products.")[2] Plaintiff contends that Defendant "manufactures, sells, and distributes the Products using a marketing and advertising campaign centered around claims that appeal to health-conscious consumers, i.e., that its Products are 'Natural;' however, Defendant's advertising and marketing campaign is false, deceptive, and misleading because the Products contain non-natural, synthetic ingredients."[3]  As such, Plaintiff asserts causes of action against Defendant for violations of New York General Business Law ("N.Y. GBL") §§ 349 and 350[4] as well as violation of various state warranty laws.[5]

---

[1] Disputes arose concerning Plaintiff's Requests for Production numbered 19, 28, and 30. In an attempt to resolve Defendant's concerns, Plaintiff served amended versions of those three requests on April 10 2024. Plaintiff awaits Defendant's responses to those amended requests. Should any disputes result therefrom, Plaintiff will bring them to the Court's attention.
[2] Complaint at ¶ 1.
[3] Complaint at ¶ 2.
[4] Complaint at ¶¶ 44-63.
[5] Complaint at ¶¶ 64-72.

At the outset of this case, Plaintiff crafted demands seeking to obtain key information from Defendant to enable counsel to complete discovery in an efficient and thoughtful manner. This included (a) interrogatories seeking to obtain the identity of witnesses possessing information relevant to this case and (b) requests for production seeking data regarding Defendant's sales of the Products referenced in Plaintiff's Complaint. Unfortunately, Defendant has been unwilling to provide complete disclosure on these issues. Rather than identifying all potential witnesses with relevant information, Defendant chose to cherry-pick its preferred corporate executives and present them as the only individuals with any pertinent knowledge. On the issue of sales data, Defendant seeks to improperly restrict the information available to Plaintiff and promises only to provide a fraction of the data in its possession. Plaintiff respectfully contends that there is no basis in fact or law for Defendant to refuse disclosure of this basic foundational information, and asks that this Court order Defendant to respond in full.

**Interrogatories Numbered 3, 10, 14 and 15**

Interrogatories numbered 3, 10, 14 and 15 sought the identity of persons with relevant knowledge concerning the case. Each is reproduced below, and a complete copy of Defendant's responses are attached as Exhibit 1.

> **INTERROGATORY NO. 3:** Identify all persons (including entities), including their title or position, that have specific, detailed knowledge or information relevant to the facts alleged and the claims asserted in the complaint in the above-captioned action, as well as the scope and nature of each person's knowledge.
>
> **INTERROGATORY NO. 10:** List the names, addresses, telephone numbers, and other contact information for any persons involved in the decision-making process to include the term "Naturals" on the Products' packaging, labeling or marketing materials.
>
> **INTERROGATORY NO. 14:** Identify Your past and present employees (including the department within which the employee worked or works), agents, and independent contractors responsible for creating or designing the labeling, packaging, or marketing materials for the Products.
>
> **INTERROGATORY NO. 15:** Identify Your past and present employees (including the department within which the employee worked or works), agents, and independent contractors responsible for deciding which ingredients to include in, or exclude from, the Products, including any changes that have been made to the Products' formulations.

For each, Defendant set forth boiler-plate objections followed by a response. In response to Interrogatory No. 3, Defendant advised that its answers "can be found in Defendant's Responses to Interrogatories 10, 14, 15 and 16." Setting aside the propriety of that circular answer, as demonstrated herein, Responses 10, 14, 15 and 16 do not actually provide a response to Interrogatory No. 3.

In response to Interrogatory Nos. 10 and 14, Defendant states only that "Jim Planet, Nordic Naturals' Vice President of Marketing, has knowledge and information relating to Nordic

Naturals' packaging and labeling." Similarly, in response to Interrogatory No. 15, Defendant "states that Abas Shah, Nordic Naturals' Head of Product Innovation & Development, has knowledge and information relating to the Products' ingredients."[6] Mr. Planet and Mr. Shah are the only individuals identified by Defendant anywhere in its responses. Accordingly, it seems that rather than providing Plaintiff with the names and identities of all persons with knowledge about this case, Defendant has elected to simply identify two, hand-selected witnesses who "ha[ve] knowledge and information." In essence, Defendant is attempting to short-circuit the discovery process and provide only the identity of its apparent 30(b)(6) witnesses. This is wholly inappropriate since Plaintiff is plainly entitled to know the identity of all witnesses with knowledge so that Plaintiff can make an informed decision on how to proceed with discovery including with fact depositions and obtaining documents and testimony from non-parties.

Accordingly, Plaintiff asks that this Court order Defendant to provide a complete response to Interrogatory Nos. 3, 10, 14 and 15.

**Requests Numbered 20 and 25**

Requests numbered 20 and 25 sought information concerning the sales of the Products. Each is reproduced below, and a complete copy of Defendant's responses are attached as Exhibit 2.

> **REQUEST NO. 20:** With respect to each Product, produce for each month during the Applicable Time Period, and including up to the time You respond to this Request, Documents sufficient to identify, on a nationwide basis and for the State of New York:
> i. Monthly unit sales
> ii. Monthly dollar sales
> iii. Average wholesale price per unit
> iv. Average retail price per unit
> v. Monthly gross sales amount
> vi. Monthly net sales amount
>
> **REQUEST NO. 25:** All Documents concerning retail sales or pricing data for the Products that You purchased or acquired from third parties.

In response to Request No. 20, after objections, Defendant advised that it "will produce documents sufficient to identify direct-to-consumer sales in the State of New York." Put differently, Defendant is apparently refusing to produce all sales information in its possession, but will only produce information concerning "direct-to-consumer sales." Moreover, Defendant refuses to produce sales information on a nationwide basis. Worse still, in response to Request No. 25, Defendant refused to produce documents entirely.

---

[6] No individual is identified in Defendant's response to Interrogatory No. 16.

      Defendant has no basis in fact or law to limit its production of relevant sales data in this way.  During the meet-and-confer process Defendant was unable to explain why this information is being withheld.  Defendant's counsel advised that they would discuss this with their client and revert back to us but, after weeks of waiting, this never occurred.

      Accordingly, Plaintiff respectfully requests that this Court order Defendant to provide complete document productions in response to Requests No. 20 and 25.

      We thank the Court for its attention to this matter.

      Very truly yours,

      Philip J. Furia