# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE ORRICO,<br><br>    Plaintiff,<br><br>v.<br><br>NORDIC NATURALS, INC,<br><br>    Defendant. | Civil Action No.: 1:22-cv-03195 (NRM)(CLP) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR A PROTECTIVE ORDER

Dated: September 16, 2024

    **SULTZER & LIPARI, PLLC**
    Philip J. Furia
    Jason P. Sultzer
    85 Civic Center Plaza, Suite 200
    Poughkeepsie, NY 12601
    Telephone: 845-483-7100
    furiap@thesultzerlawgroup.com
    sultzerj@thesultzerlawgroup.com

    **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
    Nick Suciu III (*pro hac vice*)
    6905 Telegraph Rd., Suite 115
    Bloomfield Hills, MI 48301
    Telephone: (313) 303-3472
    nsuciu@milberg.com

    *Attorneys for Plaintiff Natalie Orrico*

# **TABLE OF CONTENTS**

Table of Contents…………………………………………………………………………………..i

Table of Authorities……………………………………………………………………………ii-iii

INTRODUCTION………………………………………………………………………………...1

FACTUAL BACKGROUND……………………………………………………………………..1

ARGUMENT……………………………………………………………………………………...4

    I.     PLAINTIFF HAS STANDING TO SEEK A PROTECTIVE ORDER…………...….4

    II.    A PROTECTIVE ORDER SHOULD BE ISSUED TO PROHIBIT
          COMPLIANCE WITH THE SUBPOENA…………………………………………...5

        a.  DEFENDANT'S SUBPOENA IS AN IMPROPER ATTEMPT TO
            CIRCUMVENT A RULING BY THIS COURT…………………………………5

        b.  THE SUBPOENA SEEKS THE PRODUCTION OF IRRELEVANT
            INFORMATION……………………………………………………………..……5

        c.  PRODUCTION OF THE REQUESTED DOCUMENTS WOULD SUBJECT
            PLAINTIFF TO HARASSMENT AND EMBARASSMENT…………………...7

CONCLUSION…………………………………………………………………………………....8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Burns v. Bank of Am.*,
  2007 U.S. Dist. LEXIS 40037 (S.D.N.Y. June 4, 2007) ............................................................. 5

*Cohen v. JP Morgan Chase & Co.*,
  498 F.3d 111 (2d Cir. 2007) ..................................................................................................... 6

*Hasemann v. Gerber Prods. Co.*,
  331 F.R.D. 239 (E.D.N.Y. 2019) .............................................................................................. 6

*Krys v. Sugrue (In re Refco Sec. Litig.)*,
  759 F. Supp. 2d 342 (S.D.N.Y. 2011) ...................................................................................... 6

*Legal Recovery Assocs. LLC v. Brenes Law Grp.*,
  Civil Action No. 22-CV-1778(ER)(BCM), 2023 U.S. Dist. LEXIS 100060
  (S.D.N.Y. June 6, 2023) ............................................................................................................ 5

*Lemoine v. Mossberg Corp.*,
  2020 U.S. Dist. LEXIS 107336, 2020 WL 3316119 (D. Conn. June 18, 2020) ....................... 5

*Mandell v. Maxon Co.*,
  2007 U.S. Dist. LEXIS 99238 (S.D.N.Y. Oct. 15, 2007) .......................................................... 6

*Mirkin v. Winston Res., LLC*,
  2008 U.S. Dist. LEXIS 91492 (S.D.N.Y. Nov. 10, 2008) ......................................................... 4

*Noriega v. Abbott Labs.*,
  2024 U.S. Dist. LEXIS 18705 (S.D.N.Y. Feb. 2, 2024) ............................................................ 6

*Orlander v. Staples, Inc.*,
  802 F.3d 289 (2d Cir. 2015) ..................................................................................................... 6

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
  85 N.Y.2d 20 (1995) ................................................................................................................. 6

*Vaigasi v. Solow Mgmt. Corp.*,
  2016 U.S. Dist. LEXIS 18460 (S.D.N.Y. Feb. 16, 2016) .......................................................... 6

*Zanowic v. Reno*,
  No. 97 Civ. 5292, 2000 U.S. Dist. LEXIS 13845 (S.D.N.Y. Sep. 22, 2000) ............................ 6

**Statutes**

GBL sections 349 .............................................................................................................................. 6

New York General Business Law §§ 349 and 350 ........................................................................1

Rule 26(b)(1) ................................................................................................................................5

Rule 26(c)(1)(A) ....................................................................................................................1, 4, 5

Rule 45 ..........................................................................................................................................5

Rules 26 and 34 .............................................................................................................................5

**INTRODUCTION**

Plaintiff Natalie Orrico ("Plaintiff") respectfully submits this memorandum in support of her motion for a Protective Order pursuant to Rule 26(c)(1)(A) prohibiting disclosure of the materials sought in Defendant Nordic Naturals' subpoena to Amazon, Inc. ("Amazon") (the "Subpoena"). As detailed herein, the Court should issue a Protective Order because the Subpoena (a) is procedurally improper; (b) seeks the production of irrelevant materials; and (c) it is designed to harass and embarrass Plaintiff.

**FACTUAL BACKGROUND**

This is a civil class action brought individually by Plaintiff on behalf of consumers who purchased Defendant's Nordic Natural Gummies (collectively the "Products"). Plaintiff alleges in her Complaint (ECF No. 1, hereinafter "Complaint"), that Defendant improperly labeled the Products as "Natural" despite containing a litany of synthetic ingredients. *Id* ¶ 30. Plaintiff seeks to represent all consumers who purchased the Products in the United States, as well as a New York subclass. *Id.* ¶ 32-34. Plaintiff asserts claims under New York General Business Law ("GBL") §§ 349 and 350 (Counts One and Two, respectively) and for breach of express warranty pursuant to the laws of all fifty states (Count Three). *Id.* at 44-72. Defendant previously filed a motion to dismiss Plaintiff's claims, which was denied (ECF No. 29). As such, discovery is now underway.

As part of written discovery, Defendant served interrogatories and requests for production on Plaintiff that seek to require Plaintiff to produce information regarding her purchase history over the past six years. *See* Declaration of Philip J. Furia at Exhibit A (Defendant's Interrogatory Nos. 7, 8 and 9) and Exhibit B (Defendant's Requests for Production Nos. 7, 12 and 13). Defendant asked Plaintiff to identify:

- [A]ll products containing the words "Natural" or "Naturals" on their label that you have purchased, considered purchasing, consumed, or considered consuming, either before or after Your Purchase of The Products, in the past six years (Interrogatory No. 7);

- [A]ll products you have purchased, either before or after Your Purchase of The Products, that contain any of the ingredients claimed to be "synthetic" as alleged in ¶¶ 6-7 of the Complaint (Interrogatory No. 8); and

- [A]ll stores and online retailers from or through which you have purchased food, supplements, and vitamins in the past six years (Interrogatory No. 9).

Defendant also sought the production of:

- All documents concerning your purchase or consumption of any products containing the words "Natural" or "Naturals" on their label in the past six years (Request No. 7).

- All documents concerning Your purchase or consumption of any other product that contains any of the ingredients claimed to be "synthetic" as alleged in ¶¶ 6-7 of the Complaint, whether before or after Your purchase of the Products, including but not limited to Your regimen for intake of the products, such as frequency, dosage, and exercise (Request No. 12).

- All documents concerning any dietary supplements or vitamins You have purchased or consumed in the past six years (Request No. 13).

Plaintiff objected to these demands on several bases, including that they do not seek the production of relevant information. Ultimately, Defendant asked that this Court compel Plaintiff to respond to these demands. *See* ECF No. 44. Plaintiff opposed Defendant's application (ECF No. 47) and the parties await a ruling from the Court.

Rather than wait for the Court's ruling on this issue, Defendant has now sought to circumvent this Court's forthcoming decision and instead seek some of this same information through a subpoena on a non-party – Amazon, Inc. ("Amazon"). On August 13, 2024, Defendant provided notice of its intent to serve a subpoena on Amazon (the "Subpoena"). The Subpoena, which is attached to the Declaration of Philip J. Furia as Exhibit C, seeks the production of the following five categories of information from Amazon:

1. The retail purchase history from 2016 through the present associated with Plaintiff's Account, including all data showing the orders placed and the date and amount of each order, all orders not yet shipped, and all canceled orders.

2. All purchases, including orders not yet shipped and canceled orders, from 2016 through the present, of products containing the words "natural" or "naturals" on their label associated with Plaintiff's Account.

3. All purchases, including orders not yet shipped and canceled orders, from 2016 through the present, of food products associated with Plaintiff's Account.

4. All purchases, including orders not yet shipped and canceled orders, from 2016 through the present, of vitamins associated with Plaintiff's Account.

5. All purchases, including orders not yet shipped and canceled orders, from 2016 through the present, of dietary supplements associated with Plaintiff's Account.

Defendant is plainly seeking to execute an "end-run" to obtain from Amazon the very documents it has already asked this Court to compel be produced. This is not permitted under Second Circuit law. The information sought in the Subpoena is also irrelevant to this case. Making matters worse, allowing the production of this information, which is highly personal in nature, serves to

subject Plaintiff to undue harassment and embarrassment. Additionally, the Amazon account in question is a joint account that she shares with her husband, meaning his entire purchase history would also be produced even though he is not a party to the lawsuit.

Accordingly, Plaintiff moves this court pursuant to Rule 26(c)(1)(A) for a Protective Order prohibiting the disclosure of the items sought in the Subpoena. In view of the improper procedure employed by Defendant and harassing and irrelevant nature of the information sought, this Court should issue a Protective Order stating that no documents shall be produced in response to the Subpoena.

**ARGUMENT**

Rule 26(c)(1)(A) provides that "[a] party . . . may move for a protective order in the court where the action is pending" and that the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery"

**I.     PLAINTIFF HAS STANDING TO SEEK A PROTECTIVE ORDER**

As a threshold matter, Plaintiff has standing to seek a protective order concerning the Subpoena. Under prevailing precedent, "a plaintiff has standing to quash a subpoena of a non-party where the plaintiff asserts a legitimate privacy interest in the information sought." *Mirkin v. Winston Res., LLC*, 2008 U.S. Dist. LEXIS 91492, *2 (S.D.N.Y. Nov. 10, 2008). Here, discovery being sought includes the entirety record of Plaintiff's purchases, returns and cancelled orders on Amazon.com. It is beyond dispute that Plaintiff has a legitimate interest in keeping records such as these private. This confers standing on Plaintiff.

## II. A PROTECTIVE ORDER SHOULD BE ISSUED TO PROHIBIT COMPLIANCE WITH THE SUBPOENA

### a. DEFENDANT'S SUBPOENA IS AN IMPROPER ATTEMPT TO CIRCUMVENT A RULING BY THIS COURT

"[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Legal Recovery Assocs. LLC v. Brenes Law Grp.*, Civil Action No. 22-CV-1778(ER)(BCM), 2023 U.S. Dist. LEXIS 100060, at *3 (S.D.N.Y. June 6, 2023) (quoting *Burns v. Bank of Am.*, 2007 U.S. Dist. LEXIS 40037, at *46 (S.D.N.Y. June 4, 2007). "Accordingly, Courts in this Circuit have, 'consistently granted motions to quash where the subpoenaed documents were requested from or could have been requested from the party-opponent during the normal course of discovery.'" *Id* (quoting *Lemoine v. Mossberg Corp.*, 2020 U.S. Dist. LEXIS 107336, 2020 WL 3316119, at *1 (D. Conn. June 18, 2020)).

Here, the documents Defendant is seeking to obtain from Amazon have already been requested from Plaintiff. Whether or not Plaintiff will be required to make that production is an issue currently pending before this Court. This alone warrants the issuance of an Order "forbidding the disclosure" *See* Rule 26(c)(1)(A).

Prior to filing this motion, the undersigned counsel communicated with counsel retained to represent Amazon concerning this subpoena. Amazon also takes the position that the Subpoena is improper for this very reason.

### b. THE SUBPEONA SEEKS THE PRODUCTION OF IRRELEVANT INFORMATION

This case concerns only the Products identified in the Complaint. In asking Amazon to produce documents and information concerning Plaintiff's purchases of other, unrelated products, Defendant seeking information with no relation to any claim or defense that has been raised herein.

Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1).

5

*Krys v. Sugrue (In re Refco Sec. Litig.)*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) "The party seeking discovery bears the burden of initially showing relevance." *Mandell v. Maxon Co.*, 2007 U.S. Dist. LEXIS 99238, at *1 (S.D.N.Y. Oct. 15, 2007) (quoting *Zanowic v. Reno*, No. 97 Civ. 5292, 2000 U.S. Dist. LEXIS 13845 at *15 (S.D.N.Y. Sep. 22, 2000)). "Information is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, at *35 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401).

Here, Defendant is unable to demonstrate how the information sought is relevant to Plaintiff's claims. To state a claim under GBL sections 349 or 350, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). This case "does not require proof that a consumer actually relied on the misrepresentation." *Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 257 (E.D.N.Y. 2019) (emphasis added). "The New York Court of Appeals has adopted an objective definition of 'misleading,' under which the alleged act must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26 (1995)). "To determine whether a product's labeling is misleading, courts view the allegedly misleading statement in the context of the label read as a whole." *Noriega v. Abbott Labs.*, 2024 U.S. Dist. LEXIS 18705, at *8 (S.D.N.Y. Feb. 2, 2024).

Based on the above standards, it is clear that information concerning Plaintiff's purchase of unrelated products will offer no guidance as to the "reasonable consumer" standard which governs Plaintiffs claims and, more specifically, whether a reasonable consumer would find the

Products misleading. This means the reasonable consumer analysis in this case will be based on an objective evaluation of the specific Product labels at issue. Plaintiff's prior purchases of completely unrelated products will be of no value to determining whether Defendant's Products are *objectively* misleading.

As such, the Subpoena seeks the production of irrelevant information. On this basis, the Court should issue a Protective Order prohibiting the production of the information sought.

### c. PRODUCTION OF THE REQUESTED DOCUMENTS WOULD SUBJECT PLAINTIFF TO HARASSMENT AND EMBARASSMENT

Beyond being procedurally improper and seeking irrelevant information, the Subpoena ad appears to have been designed to harass and intimidate Plaintiff. The most egregious example of this is Request 1 which seeks the entire history of Plaintiff's Amazon account since 2016, "including all data showing the orders placed and the date and amount of each order, all orders not yet shipped, and all canceled orders." There is simply no articulable basis why Defendant should be provided unfettered access to all purchases made on Plaintiff's account in the last 8 years.

Amazon contains an incredible array of products, including many which the purchaser might fund to be highly personal and embarrassing. Moreover, Plaintiff's Amazon account is actually owned and controlled by her husband and only a portion of the orders contained therein actually relate to purchases made by her. Accordingly, if Defendant is provided the information requested, it will have access to the entire purchase history of a person *who is not a party to this case*. This is completely improper and Defendant has shown no willingness to withdraw or modify Request 1 to limit the potential for harassment and embarrassment.

On this basis, Plaintiff requires a Protective Order to limit this needless intrusion into her private affairs.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be granted in its entirety.

Dated: September 16, 2024

Respectfully submitted,

**SULTZER & LIPARI, PLLC.**

By: ___/s/ *Philip J. Furia*___
Philip J. Furia

Jason Sultzer, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
furiap@thesultzerlawgroup.com
sultzerj@thesultzerlawgroup.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
Nick Suciu III (*pro hac vice*)
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
nsuciu@milberg.com

*Attorneys for Plaintiff Natalie Orrico*