UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Natalie Orrico,<br><br>     Plaintiff,<br> v.<br><br>Nordic Naturals, Inc.,<br><br>     Defendant. | Civil Action No.: 1:22-cv-03195-NRM-CLP<br><br>*Document electronically filed*<br><br>Date of Service: September 17, 2024 |

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Michael R. McDonald (*pro hac vice*)
Caroline E. Oks
Andrew J. Marino
Christina M. LaBruno
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
973-596-4500

*Attorneys for Defendant Nordic Naturals, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................. 1

PROCEDURAL HISTORY...................................................................................................... 1

ARGUMENT ............................................................................................................................ 3

I.    PLAINTIFF LACKS STANDING ................................................................................ 3

II.    PLAINTIFF CANNOT MOVE FOR A PROTECTIVE ORDER BASED ON RELEVANCE ................................................................................................................. 5

    A.    The Subpoena is not an "end-run" around the discovery process. ......................... 5

    B.    The information sought is relevant. ....................................................................... 6

    C.    The subpoena is neither harassing nor embarrassing. ........................................... 8

CONCLUSION......................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Carrion v. City of New York*,
　2022 WL 523398 (S.D.N.Y. Apr. 8, 2002)...............................................................................4

*Dupler v. Costco Wholesale Corp.*,
　249 F.R.D. 29 (E.D.N.Y. 2008) ...............................................................................................7

*Ehrlich v. Incorporated Village of Sea Cliff*,
　2007 WL 1593241 (E.D.N.Y. June 1, 2007) ...........................................................................5

*Ensminger v. Credit Law Center, LLC*,
　2020 WL 4284184 (D. Kan. July 27, 2020) ............................................................................5

*Langford v. Chrysler Motors Corp.*,
　513 F.2d 1121 (2d Cir. 1974)...................................................................................................3

*Mirkin v. Winston Res., LLC*,
　2008 U.S. Dist. LEXIS 91492 (S.D.N.Y. Nov. 10, 2008) ........................................................4

*Nova Products, Inc. v. Kisma Video, Inc.*,
　220 F.R.D. 238 (S.D.N.Y. 2004) ..........................................................................................3, 4

*United States ex rel. Ortiz v. Mount Sinai Hospital*,
　169 F. Supp. 3d 538 (S.D.N.Y. 2016).......................................................................................4

*Osdoby v. Handi-Foil Corp.*,
　22-cv-4199 (NG) (JMW), 2023 WL 3306967 (E.D.N.Y. May 7, 2023)..................................6

*Shukla v. Deloitte Consulting LLP*,
　2021 WL 2418841 (S.D.N.Y. June 14, 2021) .........................................................................6

*Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*,
　No. 22 Misc. 353 (RA) (GWG), 2023 WL 163256 (S.D.N.Y. Jan. 12, 2023) .........................3

*U.S. v. Int'l Bus. Machines Corp.*,
　70 F.R.D. 700 (S.D.N.Y. 1976) ...............................................................................................5

*Vargas v. United States*,
　401 F. Supp. 3d 346 (E.D.N.Y. 2018) ......................................................................................6

*Weigmann v. Glorious Food, Inc.*,
　169 F.R.D. 280 (S.D.N.Y. 1996) ..............................................................................................7

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................2, 6, 7

Fed. R. Civ. P. 26(c)(1) ........................................................................................................2, 4, 5

## PRELIMINARY STATEMENT

This is a lawsuit alleging that Plaintiff Natalie Orrico ("Plaintiff") was deceived into purchasing a dietary supplement based upon a product label that included the word "Naturals" as part of the name of the manufacturer, Nordic Naturals, Inc. ("Defendant"). As a purchaser of a single product, Plaintiff purports to represent a nationwide class of purchasers of 74 separate dietary supplements, all of which contain the manufacturer's name, Nordic Naturals.

This lawsuit was filed over two years ago, yet to date, Plaintiff has produced less than one full page in discovery, annexing a partial screenshot taken from an iPhone of a portion of an Amazon account, where she claimed to have purchased the product that caused her deceit. *See* ECF 50 at 5. Defendant's informal motion to compel further discovery is pending before the Court. *See* ECFs 44 and 49. In the interim, Defendant subpoenaed Amazon to obtain relevant facts about Plaintiff's purchase history.

Plaintiff now moves to quash that subpoena. Her application is designed to continue to obstruct discovery of facts relevant to this action and should be denied.

## PROCEDURAL HISTORY

Plaintiff purchased *from Amazon* a single dietary supplemented manufactured by Nordic Naturals. ECF 1 ¶ 29. She alleges that she was induced into believing that the product contained no "synthetic" ingredients because of the Nordic Naturals, Inc. name on the front label. *Id.* ¶¶ 13-14, 17. Although Plaintiff only purchased one product, Nordic Omega-3 Gummies, she purports to sue on behalf of purchasers of 74 of Defendant's products that contain the Nordic Naturals, Inc. name on the front label and some combination of 28 allegedly "synthetic" ingredients. *Id.* ¶ 6.

On August 13, Defendant gave notice to Plaintiff of its intent to serve a subpoena on *Amazon* to obtain records relating to Plaintiffs' purchase of the product identified in the Complaint, along with Plaintiff's purchase history. Specifically, the subpoena (attached as Exhibit 1 to ECF

54) seeks Plaintiff's prior purchase history on Amazon, including her purchases of products containing the words "natural" or "naturals," and her purchases of vitamins or dietary supplements. The Parties met and conferred regarding Plaintiff's opposition to the subpoena on August 22. Defendant has also met and conferred with counsel for Amazon, who has agreed to produce the requested information with protections in place for Plaintiff.

Plaintiff has moved this Court to enter a protective order under Rule 26 forbidding non-party Amazon from producing responsive documents (the "Motion" or "Br.") on the ground that the information sought is not relevant, and some of the information is the subject of discovery which Plaintiff refused to produce.

By way of further background, the prior discovery dispute between the parties was submitted to this Court on April 26, 2024 with Defendant's filing of a pre-motion conference letter seeking to compel Plaintiff to respond to a number of Interrogatories and Requests for Production regarding her prior history of purchasing and consuming dietary supplements. ECF 44. These discovery requests sought information and documents that would shed light on Plaintiff's understanding of the product label at issue here, as well as tested the representations contained in the Complaint and been relevant to Plaintiff's adequacy as a class representative under Fed. R. Civ. P. 23. *Id.* at 4. Plaintiff filed a response arguing that the requested information is "unduly

burdensome" and not relevant.[1]  ECF 47.  Defendant filed a reply, and the matter remains under submission.[2]  ECF 50.

The present application is meritless and should be denied for multiple reasons described below.

## ARGUMENT

### I. PLAINTIFF LACKS STANDING

As a preliminary matter, the basis for Plaintiff's motion is unclear.  Plaintiff stylizes her motion as a request for a protective order, but solely cites caselaw concerning motions to quash subpoenas.  *See* Br. at 4.  In either scenario, Plaintiff's motion fails.  Plaintiff does not have standing to move to quash a subpoena served upon an unrelated non-party.  A party to a litigation lacks standing to quash a subpoena absent specific, narrow grounds (such as when a subpoena targets privileged or uniquely private information).  *See, e.g.*, *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, No. 22 Misc. 353 (RA) (GWG), 2023 WL 163256, at *2 (S.D.N.Y. Jan. 12, 2023) ("[A] non-recipient lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden."); *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) ("A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right."); *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1974) ("In the absence of a claim

---

[1] Amazon has since made clear that Plaintiff's burden objection is meritless, and the information can easily be retrieved by Plaintiff within minutes on her own Amazon account.  In correspondence, Amazon noted that "[t]he information sought in the attached subpoena is readily available to Plaintiff.  An Amazon customer has the ability to easily access and print their own purchase history.  Numerous publicly available resources also explain how to accomplish same." *See* Exhibit A to the Declaration of Caroline Oks ("Oks Decl.") at 2.

[2] Defendant notes that Amazon's production of Plaintiff's purchase history would not resolve all pending issues with Plaintiff's production, because Defendant seeks Plaintiff's purchase history from other sources, including brick-and-mortar retailers and online platforms other than Amazon.

of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."). Establishing such standing "can be a difficult task," *United States ex rel. Ortiz v. Mount Sinai Hospital*, 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016), and courts have found that plaintiffs have a personal right to object to a subpoena only in limited circumstances. For instance, a plaintiff may move to quash a subpoena seeking documents protected by the physician patient privilege, *Carrion v. City of New York*, 2022 WL 523398, at * 1 n.1 (S.D.N.Y. Apr. 8, 2002), or private bank records, *Nova Prods.* 220 F.R.D. at 241. Despite her perfunctory statement that her right to object to the subpoena is "beyond dispute," Br. at 4, Plaintiff cites no case suggesting that she has such a privilege or privacy interest in the subpoenaed documents, and Defendant is aware of none.[3] Moreover, a protective order (like the one entered in this litigation, *see* ECF No. 48) can mitigate any issues in the disclosure of sensitive documents. *Ortiz*, 169 F. Supp. 3d at 545. Accordingly, Plaintiff's application should be denied for lack of standing.

To the extent Plaintiff's Motion is construed as seeking a protective order, it fails as well. Plaintiff cannot avoid the limitations on a party moving to quash a subpoena by stylizing her motion as a request for a protective order. Rule 26 only permits a protective order to be entered on grounds of "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). None of these bases apply here, and Plaintiff cites zero cases to the contrary. Plaintiff cannot complain about annoyance, oppression, or undue burden or expense because the subpoena duces tecum is directed to Amazon, not Plaintiff. Importantly, the Rule does not permit Plaintiff to move for a protective order based on information claimed to be "not relevant." *See, e.g.*,

---

[3] The subpoena in *Mirkin v. Winston Res., LLC*, 2008 U.S. Dist. LEXIS 91492, at *2 (S.D.N.Y. Nov. 10, 2008), an employment discrimination suit cited by Plaintiff, concerned a party's job performance at her subsequent employer. The Court found that the plaintiff had a privacy interest in her later job performance, but declined to quash the subpoena because the information sought was relevant. *Id.* at *2-5.

4

*Ensminger v. Credit Law Center, LLC*, 2020 WL 4284184, at *3 (D. Kan. July 27, 2020) ("Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are overly broad or irrelevant.").[4]

## II. PLAINTIFF CANNOT MOVE FOR A PROTECTIVE ORDER BASED ON RELEVANCE

The subpoena should not be quashed, as it is narrowly targeted and seeks relevant information.

### A. The Subpoena is not an "end-run" around the discovery process.

Defendant served document requests on Plaintiff, seeking her prior purchase history of "natural" products and dietary supplements, including (but not limited to) purchases on Amazon. Plaintiff objected on both relevance and burden grounds. While Defendant does not consider either objection to be reasonable or appropriate, in an attempt to obtain at least some of the requested information without leading to a burden objection, Defendant served the subpoena at issue.

Plaintiff cannot reasonably claim that Defendant is not permitted to seek information from a third party simply because Plaintiff possesses, but refuses to disclose, that information. Indeed, when Defendant objection to the production of nationwide sales data (a subject of a currently pending discovery dispute), Plaintiff sought that data from Circana, Inc., via subpoena. *Compare* Oks. Decl. Ex. B *with* ECF 46. If nothing else, Plaintiff has waived any argument that serving a

---

[4] Plaintiff's request for relief was also untimely. Plaintiff filed a pre-motion conference letter with this Court on September 5. But motions for a protective order or motions to quash must be made before the date set for production of documents. *See, e.g.*, *U.S. v. Int'l Bus. Machines Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976); *see also Ehrlich v. Incorporated Village of Sea Cliff*, 2007 WL 1593241, at *4 (E.D.N.Y. June 1, 2007) ("A waiver based upon a failure to timely object applies not only to general objections to discovery demands, but also to a motion for a protective order which must be served before the date set for production." (citation omitted)). Accordingly, Plaintiff was obligated to file her motion by September 3, the subpoena's return date. Plaintiff provides no justification for not filing a timely pre-motion letter.

5

subpoena for information that seeks information that is subject to a pending discovery dispute is improper.  *Cf*. Br. at 5.  Clearly, Plaintiff does not oppose using subpoenas to obtain documents possessed by parties to a litigation in *all* circumstances—only when those subpoenas target information it would prefer a defendant not to have.  Plaintiff seeks to place Defendant in a Catch-22: Defendant can seek documents that Plaintiff possesses, but Plaintiff refuses to produce them, and Defendant cannot seek those documents from Amazon because Plaintiff possesses them.

### B. The information sought is relevant.

The information sought in the subpoena is plainly relevant, and the notion that Plaintiff can isolate this litigation down to a single purchase is frivolous. Plaintiff's relevance arguments fail to acknowledge either the statements she made and signed in her own Complaint and the fact that she is a putative class representative subject to the requirements of Fed. R. Civ. P. 23.

*First*, the requested documents are directly relevant to the allegations Plaintiff has made in the Complaint.  The Complaint states *four times* that Plaintiff (and other Class Members) relied on the supposed representation that the Product is "Natural."  Defendant is entitled to test the veracity of those allegations, including by reviewing (1) whether Plaintiff has purchased other "natural" products, which goes to whether Plaintiff cares or is concerned about a food's "natural" status, and (2) whether Plaintiff has purchased other products containing the alleged "synthetic" ingredients, which goes to whether Plaintiff cares or is concerned about the presence of those ingredients.  By making the allegations in the Complaint, Plaintiff has put her own reliance at issue.  *See, e.g.*, *Osdoby v. Handi-Foil Corp.*, 22-cv-4199 (NG) (JMW), 2023 WL 3306967, at *5 (E.D.N.Y. May 7, 2023) (allowing discovery on Plaintiff's alleged preference for purchasing American-made products because Plaintiff made those allegations in the complaint, and noting that "[i]t is undisputed that Plaintiff has made unambiguous assertions regarding that preference, thereby inserting it into this litigation"); *Vargas v. United States*, 401 F. Supp. 3d 346, 347 (E.D.N.Y.

6

2018) (granting motion to compel where "Plaintiff has put her medical condition at issue"); *Shukla v. Deloitte Consulting LLP*, 2021 WL 2418841, at *2 (S.D.N.Y. June 14, 2021) (affirming motion to compel order where plaintiff had "interject[ed] th[e] issue into the litigation").

*Second*, and relatedly, the requests go to Plaintiff's trustworthiness and truthfulness, and therefore her adequacy as a class representative under Rule 23. Plaintiff's actual purchase habits will shed light on her preferences regarding "natural" foods or "synthetic" ingredients. Whether or not the allegations in the Complaint are true is a relevant factor in determining a putative class representative's adequacy. *See, e.g.*, *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 41 (E.D.N.Y. 2008) ("Where the court finds the class representative is not credible, adequacy of representation is absent."); *Weigmann v. Glorious Food, Inc.*, 169 F.R.D. 280, 287 (S.D.N.Y. 1996) ("A potential representative's honesty is a factor to be weighed in determining whether a names plaintiff will be an adequate representative of the class.").

*Third*, the requests go to what a "reasonable consumer" would understand the Product's label to mean, and whether Plaintiff acted in accordance with such a consumer. To determine whether a label is materially misleading, courts look to "a reasonable consumer acting reasonably under the circumstances." ECF 29 at 5. Plaintiff's prior and subsequent purchasing history,[5] as evidence of her purchasing preferences, is relevant to determining whether Plaintiff's beliefs are similar to those of "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances." *Id.* For instance, if Plaintiff had previously bought a product labeled "All Natural" that contained one of the allegedly "synthetic" ingredients listed in the Complaint, it would make it less likely that her purchase of the Product here was akin to that

---

[5] Plaintiff's purchase of the product that is the subject of the lawsuit is now in dispute given Plaintiff's argument that her husband owned and controlled the Amazon account responsible for the purchase. *See* ECF 54 at 3.

of a reasonable consumer, and thus make it less likely that Plaintiff is a typical representative of the putative classes.

### C. The subpoena is neither harassing nor embarrassing.

Plaintiff contends that quashing the subpoena is necessary because it was "designed to harass and intimidate Plaintiff." Br. at 7. Plaintiff provides no factual support for this argument. Indeed, Plaintiff claims that an "egregious example" of this harassment is the request for Plaintiff's purchase history from Amazon.[6] But Plaintiff only argues that "Amazon contains an incredible array of products, including many which the purchaser might find to be highly personal and embarrassing." *Id.* Nowhere does she claim that *her* purchase history contains any of those personal and embarrassing items. Moreover, even if the Court were to give credence to this unsupported claim of embarrassment, there is already a protective order in place prohibiting the disclosure of any discovery deemed confidential. ECF 48.

## CONCLUSION

For the reasons stated above, Nordic Naturals respectfully requests that the Court deny Plaintiff's Motion in its entirety.

---

[6] Defendant included this request to minimize Amazon's burden in responding; instead of parsing Plaintiff's purchase history for relevant documents, Amazon could provide the entire history.

8

Dated: September 17, 2024

s/ Caroline E. Oks
Michael R. McDonald (*pro hac vice*)
Caroline E. Oks
Andrew J. Marino
Christina M. LaBruno
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
Facsimile: (973) 639-6471
mmcdonald@gibbonslaw.com
amarino@gibbonslaw.com
coks@gibbonslaw.com
clabruno@gibbonslaw.com

*Attorneys for Defendant Nordic Naturals, Inc.*