UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE ORRICO,<br><br>    Plaintiff,<br><br>  v.<br><br>NORDIC NATURALS, INC,<br><br>    Defendant. | Civil Action No.: 1:22-cv-03195 (NRM)(CLP) |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER
<u>MOTION FOR A PROTECTIVE ORDER</u>**

Dated: September 30, 2024

                  **SULTZER & LIPARI, PLLC**
                  Philip J. Furia
                  Jason P. Sultzer
                  85 Civic Center Plaza, Suite 200
                  Poughkeepsie, NY 12601
                  Telephone: 845-483-7100
                  furiap@thesultzerlawgroup.com
                  sultzerj@thesultzerlawgroup.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
Nick Suciu III (*pro hac vice*)
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
nsuciu@milberg.com

*Attorneys for Plaintiff Natalie Orrico*

# **INTRODUCTION**

Plaintiff Natalie Orrico ("Plaintiff") respectfully submits this reply memorandum in further support of her motion for a Protective Order (the "Motion") pursuant to Rule 26(c)(1)(A) prohibiting disclosure of the materials sought in Defendant Nordic Naturals' subpoena to Amazon, Inc. ("Amazon") (the "Subpoena").

In the Motion, Plaintiff argued that the Court should issue a Protective Order because the Subpoena (a) is procedurally improper since Defendant already sought the subpoenaed materials directly from Plaintiff in an issue that is already pending before the Court; (b) seeks the production of irrelevant materials; and (c) is designed to harass and embarrass Plaintiff. In opposition, Defendant argues that Plaintiff lacks standing to seek a protective order. This is plainly false since Defendant is seeking the production of Plaintiff's highly personal and private purchase history information. Defendant seeks to excuse the fact that its Subpoena is procedurally improper by drawing a false equivalence between the Subpoena and one served by Plaintiff. As detailed herein. any similarity between the two subpoenas ends at surface level. Defendant next argues that the information sought is relevant, but this argument fails given the fact that Plaintiff's claims do not require any proof concerning her *subjective* mindset at the time she purchased Defendant's falsely labeled Product. Finally, Defendant does not dispute that production of the material it subpoenaed could embarrass or harass Plaintiff. Defendant's desire to supposedly "minimize Amazon's burden" does not provide it carte blanche to obtain wholly irrelevant, highly personal information, including information on the purchases of her husband who is not a party to this action.

## ARGUMENT

**I.   THE HIGHLY PERSONAL NATURE OF THE MATERIALS SOUGHT GRANTS STANDING TO PLAINTIFF – INCLUDING THE ABILITY TO CHALLENGE RELEVANCE**

In opposition to the Motion (*see* ECF No. 58 "Opposition"), Defendant argues that Plaintiff lacks standing to challenge the Subpoena. Plaintiff addressed standing in the initial moving papers and cited *Mirkin v. Winston Res., LLC*, 2008 U.S. Dist. LEXIS 91492, *2 (S.D.N.Y. Nov. 10, 2008) for the proposition that "a plaintiff has standing to quash a subpoena of a non-party where the plaintiff asserts a legitimate privacy interest in the information sought." In opposition, Defendant contends that Plaintiff has failed to cite to any case "suggesting that she has such a privilege or privacy interest in the subpoenaed documents[]." Opposition at pg. 4. Plaintiff respectfully contends that her citation to *Mirkin* does just that, and Defendant has not argued that Plaintiff lacks a "privacy interest" in her Amazon purchase history.

"When deciding whether a personal privilege or right exists, '[c]ourts should consider 'whether the information itself is private, confidential, privileged, or highly sensitive.'" *Forsythe v. Midland Funding LLC*, No. 18 CV 03276 (ARR) (CLP), 2019 U.S. Dist. LEXIS 8568, at *6 (E.D.N.Y. Jan. 17, 2019) (quoting *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 U.S. Dist. LEXIS 155009 (S.D.N.Y. Oct. 24, 2014)). Here, common sense dictates that any person's purchase history on a site like Amazon is private and highly sensitive to that person. This is all that is needed to confer standing under relevant precedent.

Moreover, Defendant suggests that Plaintiff's motion for a protective order was somehow an inappropriate vehicle to challenge the relevance of the information sought through Defendant's subpoena. This is completely misguided since for any challenge to a subpoena "[t]he starting point

is that '[t]he party issuing the subpoena' . . . 'must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *Sabhnani v. Mirage Brands, LLC*, No. 22-cv-00936 (JS) (JMW), 2023 U.S. Dist. LEXIS 17155, at *2-3 (E.D.N.Y. Feb. 1, 2023) (quoting *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 U.S. Dist. LEXIS 23179, at *8 (S.D.N.Y. Dec. 23, 2003)). Accordingly, "[w]hen a protective order is sought, the party seeking discovery must first establish that the discovery sought is relevant." *Main St. Am. Assurance Co. v. Savalle*, No. 3:18-CV-02073(JCH), 2021 U.S. Dist. LEXIS 71942, at *4 (D. Conn. Apr. 14, 2021).

Finally, in a footnote, Defendant suggests that Plaintiff's Motion was untimely. Presumably, if this argument had any real legal support, Defendant would elevate this contention into the body of its brief. Despite Defendant's suggestion to the contrary, "Rule 26(c) makes no mention of a timeliness requirement for seeking a protective order" *Dorsett v. Cty. of Nassau*, 800 F. Supp. 2d 453, 460 (E.D.N.Y. 2011). Rather, "courts have held that Rule 26(c) implicitly requires parties to request a protective order at the time of production, and provides that a failure to do so permanently waives the right to such an order." *Id*. Here, a production of documents has not occurred as of the date of this submission. As such, the Motion, was filed within the temporal parameters of Rule 26 and relevant case law.

## II. THE CIRCANA SUBPOENA HAS NO BEARING ON THIS MOTION AND DOES NOT EXCUSE DEFENDANT'S IMPROPER PROCEDURE

In the Motion, Plaintiff asserts that it was inappropriate for Defendant to serve a subpoena on Amazon when it had already sought those same materials from Plaintiff. According to Defendant, "Plaintiff cannot reasonably claim that Defendant is not permitted to seek information from a third party simply because Plaintiff possesses, but refuses to disclose, that information." Opposition at pg. 5. Plaintiff can *quite reasonably* make this claim because the case law indicates

3

that "a third-party subpoena should be quashed, if the documents sought from the non-party can be obtained through party discovery." *Legal Recovery Assocs. LLC v. Brenes Law Grp.*, Civil Action No. 22-CV-1778(ER)(BCM), 2023 U.S. Dist. LEXIS 100060, at *4 (S.D.N.Y. June 6, 2023). Obviously, Plaintiff's Amazon purchase history *can* be obtained from Plaintiff. Plaintiff has not "refuse[d] to disclose the information but, rather, has raised legal objections to the production of this information.

With little ground to stand on, Defendant then shifts gears and argues that Plaintiff has waived this argument because she previously served a subpoena on Circana, Inc for sales data after previously seeking the production of sales data from Defendant. This argument fails for two reasons. First, Defendant has not cited to any case which holds that a party can waive its right to make a legal argument simply by serving a subpoena. Rather, "[w]aiver is the conscious and voluntary relinquishment of a known right." *Am. Trucking Ass'n v. N.Y. State Thruway Auth.*, 238 F. Supp. 3d 527, 540 (S.D.N.Y. 2017). Defendant does not and cannot argue that Plaintiff consciously and voluntarily relinquished the right to challenge the propriety of subpoenas served by Defendant.

In addition, Plaintiff's subpoena on Circana did not seek the production of information requested from Defendant. Plaintiff's discovery demands on Defendant sought the production of Defendant's internal sales data while, in contrast the subpoena on Circana sought the production of sales data which compiled *by Circana*. While it is true that Plaintiff asked Defendant to produce data it purchased from third-parties, Plaintiff has no reason to believe that Defendant ever purchased data from Circana. Defendant had no basis to object to Plaintiff's subpoena on Circana and cannot now attempt to use it as a shield to justify its improper Subpoena on Amazon.

### III. THE SUBPEONA SEEKS THE PRODUCTION OF IRRELEVANT INFORMATION

In the Motion, Plaintiff argues that Defendant's Subpoena seeks the production of information which is not relevant to this case. In opposition, Defendant claims that information concerning Plaintiff's prior purchases is relevant because Plaintiff has placed the issue of reliance "at issue." Opposition at pg. 4. Defendant contends that there is some significance to the fact that the Complaint "states four times that Plaintiff (and other Class Members) relied on the supposed representation that the Product is 'Natural.'" *Id*. Though not quoted in the Letter, those four Complaint references are reproduced here:

- Plaintiff and those similarly situated ("Class Members") relied on Defendant's misrepresentations that the Products are "Natural" when purchasing the Products. Complaint at ¶ 3.

- Plaintiff and the Class Members reasonably relied to their detriment on Defendant's misleading representations and omissions. Complaint at ¶ 19.

- Plaintiff and the New York Subclass Members have been injured inasmuch as they relied upon the labeling, packaging, and advertising and paid a premium for the Products which were—contrary to Defendant's representations—not natural. Complaint at ¶ 57.

- Plaintiff and Class Members reasonably relied upon Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when they decided to buy Defendant's Products. Complaint at ¶ 68.

In essence, Defendant is arguing that the above statements, which make up four sentences in a 105 page Complaint, can somehow transform the GBL and create a reliance requirement where one does not exist. To support this extraordinary assertion, Defendant cites to *Osdoby v. Handi-*

5

*Foil Corp.*, No. 22-cv-4199 (NG) (JMW), 2023 U.S. Dist. LEXIS 80247, at *14 (E.D.N.Y. May 7, 2023), where Magistrate Wicks ruled that a plaintiff was required to provide discovery concerning allegations that the plaintiff preferred American-made products.  However, Magistrate Wicks' ruling was premised on "Plaintiff's counsel's statements during the oral argument that the consumers' preference for buying American-made products is "what this case is about", and that the proposed class members include those that harbor that preference." *Id*.  Here, Plaintiff's undersigned counsel does not concede that Plaintiff's prior purchases are "what this case is about" but, rather, that prior purchases are plainly immaterial.

There is simply no validity to the contention that the allegations in Plaintiff's Complaint can render relevant the issue of "reliance" when case law clearly states that reliance is not a required element of Plaintiff's claims.

Next, Defendant contends that Plaintiff's prior purchases "go to Plaintiff's trustworthiness and truthfulness, and therefore her adequacy as a class representative under Rule 23." Opposition at pg. 7.  According to Defendant "Plaintiff's actual purchase habits will shed light on her preferences regarding 'natural' foods or 'synthetic' ingredients." *Id.*  Yet, Defendant fails to explain why Plaintiff's preferences are relevant to this case.  Indeed, nowhere in the Complaint does Plaintiff claim to have some long-standing preference for natural food products.  Requiring Plaintiff to dredge up years of purchase history will not shed light on the truthfulness of any allegation in the Complaint.  While Defendant "may 'speculate[] that [such discovery] might reveal useful material,' such speculation is not a basis for this Court to compel discovery." *Pothen v. Stony Brook Univ.*, No. CV 13-6170 (JFB )(AYS), 2017 U.S. Dist. LEXIS 37233, at *11 (E.D.N.Y. Mar. 15, 2017) (quoting *Surles v. Air France*, 00 Civ. 5004 (RMB)(FM), 2001 U.S. Dist. LEXIS 15315, at *2 (S.D.N.Y. Sep. 26, 2001).

6

Finally, Defendant contends that Plaintiff's prior purchases will "go to what a 'reasonable consumer' would understand the Product's label to mean." Opposition at pg. 7. This is plainly incorrect. "The New York Court of Appeals has adopted an objective definition of 'misleading,' under which the alleged act must be 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26 (1995)). "To determine whether a product's labeling is misleading, courts view the allegedly misleading statement in the context of the label read as a whole." *Noriega v. Abbott Labs.*, 2024 U.S. Dist. LEXIS 18705, at *8 (S.D.N.Y. Feb. 2, 2024). This means the reasonable consumer analysis in this case will be based on an objective evaluation of the specific Product labels at issue. Plaintiff's prior purchases of completely unrelated products will be of no value to determining whether Defendant's Products are *objectively* misleading. Defendant has failed to carry its burden to show that the requested information is relevant.

## IV. PRODUCTION OF THE REQUESTED DOCUMENTS WOULD SUBJECT PLAINTIFF TO HARASSMENT AND EMBARASSMENT

Finally, Plaintiff contends that a protective order should be issued because the subpoena is designed to harass and intimidate her in so far as it requires production of her entire Amazon purchase history, including cancelled items and items purchased by and for a totally different person (her husband). In response, Defendant maintains that Plaintiff has not sufficiently claimed "that *her* purchased history contains any of these personal and embarrassing items." Opposition at pg. 8. This is truly an incredible argument because, Defendant is saying that in order to avoid revealing the details of her purchase history, *Plaintiff must first reveal the details of her purchase history.* Plaintiff should not be required to show that she has purchased sufficiently embarrassing items to be provided protection by this Court.

7

Moreover, Defendant reveals in its opposition that it "included this request to minimize Amazon's burden in responding; instead of parsing Plaintiff's purchase history for *relevant documents*, Amazon could provide the entire history." Opposition at pg. 8, fn. 6 (emphasis added). Through this statement, Defendant admits that this request seeks the production of information that goes beyond what is relevant in this case. As such, Defendant concedes that it cannot meet its burden to show that the discovery being sought is relevant. *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2018 U.S. Dist. LEXIS 205600, at *16 (S.D.N.Y. Nov. 30, 2018) ("The party issuing the subpoena bears the initial burden of showing that the discovery sought falls within the scope of Rule 26(b)(1)"). Accordingly, Plaintiff's motion should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be granted in its entirety.

Dated: September 30, 2024

                  Respectfully submitted,

                  **SULTZER & LIPARI, PLLC.**

                By:   */s/ Philip J. Furia*
                        Philip J. Furia

                Jason Sultzer, Esq.
                85 Civic Center Plaza, Suite 200
                Poughkeepsie, NY 12601
                Tel: (845) 483-7100
                Fax: (888) 749-7747
                furiap@thesultzerlawgroup.com
                sultzerj@thesultzerlawgroup.com

                **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
                Nick Suciu III (*pro hac vice*)
                6905 Telegraph Rd., Suite 115
                Bloomfield Hills, MI 48301

Telephone: (313) 303-3472
nsuciu@milberg.com

*Attorneys for Plaintiff Natalie Orrico*