UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
NATALIE ORRICO, *individually and on*
*behalf of all others similarly situated*,

                 Plaintiff,

       -against-

NORDIC NATURALS, INC.,

                 Defendant.
--------------------------------------------------------X

**ORDER**

22 CV 3195 (NRM) (CLP)

**POLLAK**, United States Magistrate Judge:

On May 31, 2022, plaintiff Natalie Orrico commenced this action against defendant Nordic Naturals, Inc. ("Nordic Naturals"), asserting claims under New York General Business Law ("GBL") §§ 349 and 350, and for breach of express warranty, on behalf of herself and other consumers[1] who purchased Nordic Naturals Omega 3 Gummies (the "Product") and other Nordic Naturals products (together, the "Products"), based on the allegation that, despite containing synthetic ingredients, the Products were improperly labeled as "Natural." (Compl.[2]).

Currently pending before this Court is defendant's April 26, 2024 letter motion seeking to compel responses to certain of defendant's discovery requests (ECF No. 44), and plaintiff's September 16, 2024 motion for a protective order prohibiting disclosure by Amazon Inc. ("Amazon") of largely the same categories of documents in response to defendant's subpoena duces tecum. (ECF No. 55). In a separate letter motion, dated April 30, 2024, plaintiff raises her own motion to compel responses from defendant. (ECF No. 46).

---

[1] Plaintiff's express warranty claim seeks to certify a nationwide class, whereas her claims under the GBL seek certification of a New York class. (See ECF No. 1 ¶¶ 44-52, 53-63; 64-72).
[2] Citations to "Compl." refer to plaintiff's Complaint, filed May 31, 2022 (ECF No. 1).

For the reasons set forth below, the Court grants in part and denies in part defendant's motion to compel; grants plaintiff's motion for a protective order, quashing the defendant's subpoena duces tecum; and denies plaintiff's motion to compel without prejudice to renew.

DISCUSSION

I.  Defendant's Motion to Compel Discovery Responses

In seeking to compel plaintiff to provide responses to certain discovery requests, defendant cites plaintiff's Complaint in which plaintiff alleges that she was induced and deceived into purchasing the Product at issue because the "prominent claim[]" on the Product's label was that the product was "Natural" and therefore did not contain any synthetic ingredients.  (ECF No. 44 at 1).  Defendant notes that in fact the label does not claim that the Product is "natural," but rather the reference to "Natural" is a reference to the manufacturer's name, "Nordic Naturals," located at the top of the label.  (Id., n.1 (citing Compl. ¶ 6)).  According to defendant, two courts in the Southern District of New York have granted summary judgment and denied class certification in two similar cases.  (Id. (citing In re KIND LLC "Healthy and All Natural" Litig., 627 F. Supp. 3d 269, 295 (S.D.N.Y. 2022); and de Lacour v. Colgate-Palmolive Co., No. 16 CV 8364, 2024 WL 36820, at *4 (S.D.N.Y. Jan. 3, 2024))).

Defendant seeks to compel plaintiff's responses to the following Interrogatories and Requests for Production of Documents:

Interrogatory No. 7 – which asks plaintiff to identify all products containing the words "Natural" or "Naturals" on their label that plaintiff "purchased, considered purchasing, consumed, or considered consuming" in the past six years.  (Id. at 2).

Interrogatory No. 8 – which asks plaintiff to identify all products she purchased before or after the purchase of the Products that contain "any of the ingredients claimed to be 'synthetic'" as alleged in the Complaint.  (Id. (citing Compl. ¶¶ 6-7)).

Interrogatory No. 9 – which asks plaintiff to identify "all stores and online retailers" from which she has purchased food, supplements, and vitamins in the past six years. (Id.)

Document Request No. 6 – which seeks production of all documents concerning plaintiff's purchase of food, supplements, and vitamins through "any online retailer, including Amazon.com, for the past six years, including transaction histories . . . ." (Id.)

Document Request No. 7 – which seeks all documents concerning plaintiff's purchases or consumptions of any products containing the words "Natural" or "Naturals" on their labels for the past six years. (Id.)

Document Request No. 12 – which seeks documents concerning plaintiff's purchases or consumptions of any other product containing any of the "synthetic" ingredients, including her "regimen for intake of the products, such as frequency, dosage, and exercise." (Id. at 3).

Document Request No. 13 – which seeks all documents relating to dietary supplements or vitamins purchased or consumed in the past six years. (Id.)

Plaintiff objected to these requests on grounds that they were overbroad in time and scope, created an undue burden on plaintiff, and ignored the concepts of proportionality. (Id.) However, plaintiff did indicate a willingness to meet and confer, to which defendant responded by offering to narrow the scope of the interrogatories and document requests by restricting them to vitamins and dietary supplements. (Id.) Plaintiff rejected this proposal, arguing that defendant was trying to "demonstrate something" with respect to whether she was deceived by or relied on the allegedly deceptive marketing. (Id. (citing an email from plaintiff)).

A. The Parties' Arguments

    1. Defendant's Motion

Defendant contends that the information and documents requested by defendant are relevant to the claims and defenses in the instant case. (Id. at 4). First, defendant notes that

plaintiff's Complaint states "four times" that plaintiff relied on the supposed representation that the Product was "Natural." (Id.) Defendant asserts that it is entitled to "test the veracity of those allegations," and suggests that plaintiff's purchase of other "natural" products and other products containing "synthetic" ingredients goes to whether plaintiff cares or is concerned about a food's "natural" status or the presence of synthetic ingredients. (Id.) Defendant asserts that plaintiff put her reliance at issue in the case by making these allegations of reliance in the Complaint. (Id. (citing Osdoby v. Handi-Foil Corp., No. 22 CV 4199, 2023 WL 3306967, at *5 (E.D.N.Y. May 7, 2023))). Defendant's second argument is that this information goes to plaintiff's credibility and her adequacy as a Rule 23 class representative. (Id.)

Defendant's third argument as to relevance contends that the requests go to what a "reasonable consumer" would understand the Product label to mean. (Id.) Defendant argues that plaintiff's prior purchasing behavior "is relevant to determining whether Plaintiff's beliefs are similar to those of 'a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances.'" (Id. (citing the district court's September 28, 2023 Order denying defendant's motion to dismiss (ECF 29 at 5))). Defendant posits that if plaintiff bought another product labeled "Natural" that contained these synthetic ingredients, it would "make it less likely that her purchase of the Product here was akin to that of a reasonable consumer." (Id.)

As for the burden on plaintiff, defendant contends that reviewing her internet records should "take almost no time at all," citing the fact that someone with an Amazon account can obtain the order history "in minutes" and print the history to PDF. (Id. at 5). Defendant posits that this can also be done with respect to any online accounts used to purchase food, vitamins, or

dietary supplements.  (Id.)  For all these reasons, defendant seeks an Order compelling plaintiff's responses to Interrogatories 7, 8, and 9, and Document Requests 6, 7, 12, and 13.  (Id.)

## 2.  Plaintiff's Opposition

In response to defendant's motion, plaintiff filed a letter dated May 3, 2024, arguing that defendant's requests will require plaintiff to compile a list of every product she purchased over the past six years that contains the word "Natural" or "Naturals" on the label, and then check the ingredient lists for every purchase to see if there were any synthetic ingredients also contained in defendant's Product.  (ECF No. 47 at 2.)  To the extent that defendant intends to point to these other purchases to show that plaintiff does not always purchase "natural" products or that plaintiff did not rely on the misrepresentations on the Product labels, plaintiff contends that these issues are not relevant to plaintiff's claims.  (Id.)  Citing Hasemann v. Gerber Products Co., 331 F.R.D. 239, 257 (E.D.N.Y. 2019), plaintiff contends that neither section 349 or 350 of the New York General Business Law requires proof that a consumer actually relied on a misrepresentation.  (ECF No. 47 at 2.)  Instead, all that is required is an allegation that the defendant engaged in consumer-oriented conduct that is materially misleading and that plaintiff suffered an injury as a result of the deceptive act or practice.  See Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015).

Further, plaintiff disputes defendant's claim that plaintiff placed reliance at issue by including four sentences in the Complaint alleging reliance.  (ECF No. 47 at 2-3.)  Plaintiff distinguishes the holding in Osdoby v. Handi-Foil Corp., relied upon by defendants, noting that in that case, the judge ordered discovery related to the claim that plaintiff preferred American-made products, where the plaintiff's counsel's oral argument put the preference for buying American-made products at issue by stating that it is "'what this case is about.'"  (Id. at 3 (citing Osdoby v. Handi-Foil Corp., 2023 WL 3306967, at *5)).  By contrast, in this case, plaintiff's

5

counsel does not concede that plaintiff's prior purchases are central to the case, and the allegations in the Complaint do not render reliance relevant when it is clear that reliance is not a necessary element to proving a claim under GBL §§ 349 or 350.  (Id.)

Plaintiff also challenges defendant's argument that plaintiff's prior purchases go to her truthfulness and adequacy as a class representative, noting that defendant fails to explain why plaintiff's preferences are relevant to the case.  (Id.)  Nowhere in the Complaint does plaintiff allege that she has a long-standing preference for natural foods, nor do her preferences at any point in time bear on her desire to purchase a natural product when she purchased it.  (Id.) Plaintiff contends that discovery of this information will not "shed light on the truthfulness of any allegation in the Complaint."  (Id.)

Lastly, to the extent that defendant speculates that plaintiff's prior purchases relate to "'what a "reasonable consumer" would understand the Product's label to mean,'" plaintiff argues that this argument has no bearing on the issue given the New York Court of Appeals has adopted an objective definition of "misleading."  (Id. (citing Cohen v. JP Morgan Chase & Co., 498 F.3d 111, 126 (2d Cir. 2007))).  The analysis of a reasonable consumer's view is based on an objective evaluation of the specific product and whether the allegedly misleading statement is misleading in the context of the label as a whole.  Noriega v. Abbott Labs., 714 F. Supp. 3d 453, 458 (S.D.N.Y. 2024).

Apart from the lack of relevance, plaintiff argues that the requests are unduly burdensome and not proportional to the needs of the case.  (ECF No. 47 at 4).  Although defendant argues that there is little burden based upon plaintiff's ability to download her order history from Amazon, in order to respond to Interrogatory No. 7, plaintiff would have to search her entire home for products with "Natural" or "Naturals" labels; search every website from which she purchased

products and conduct a similar review of each of the labels; and review emails, notes, text messages, etc. to find products she "considered" purchasing or consuming.  (Id.)

With respect to Interrogatory No. 8, the search would be even more complex, requiring plaintiff to review every product label for products in her home and purchased online in order to determine if any contained the synthetic ingredients alleged in the Complaint.  (Id.)  The same effort would be needed to respond to Interrogatory No. 9, requiring her to identify food, supplements, and vitamins in her home and purchased online, review every website from which she may have purchased these items, and search her home for paper receipts demonstrating these purchases.  (Id. at 5).  The Document Request Nos. 6 and 7 would require a similar investigation and review.  (Id.)  Counsel estimates that to provide this information would require no fewer than 20 hours of effort on the part of the plaintiff, and is not proportional to the needs of the case.  (Id. at 6).

### 3.  Defendant's Reply

In its Reply letter dated May 8, 2024, defendant argues that plaintiff's prior and subsequent purchase history is relevant to contesting certain of plaintiff's "core contentions," including that, but for the allegedly deceptive labeling, plaintiff "'would not have been willing to pay the same amount, and, consequently, she would not have been willing to purchase [defendant's] product.'"  (ECF No. 50 at 1-2 (citing Compl. ¶ 30)).  Defendant contends that should plaintiff's purchase history demonstrate that she purchased defendant's product on several occasions, such evidence would be relevant to plaintiff's knowledge and understanding of the product and its labeling.  (Id. at 2).

Defendant further notes that a New York breach of express warranty claim, which plaintiff has asserted in the Complaint, contains a reliance requirement.  (Id. (citing Babayev v. Medtronic, Inc., 228 F. Supp. 3d 192, 216 (E.D.N.Y. 2017))).  Coupled with the fact that

plaintiff put her reliance "at issue" in the Complaint, defendant asserts that it is "entitled to test the veracity of these allegations." (Id.)

As to the burden on plaintiff in responding to defendant's requests, defendant challenges plaintiff's assertion that the required searches would take 20 hours, given that plaintiff should know where she keeps paper receipts and responsive products in her home. (Id.) Regardless, defendant argues that 20 hours is not an undue burden for a putative class action plaintiff who brings claims regarding over 73 products. (Id.) Defendant notes that plaintiff has only produced a single screenshot of her Amazon purchase of the Product at issue and contends that her failure to participate in discovery has prevented defendant from moving forward in the case. (Id. at 1, 3).

B. Analysis

It is well-established that "[m]otions to compel are left to the court's sound discretion." Mirra v. Jordan, No. 13 CV 5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) (citing Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir.1999)); see also Liberty Mut. Ins. Co. v. Kohler Co., No. 08 CV 867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) (holding that "a motion to compel is entrusted to the sound discretion of the district court"). The parties first dispute whether the requested information and documentation is "relevant." There is no question that "'the party seeking discovery bears the burden of initially showing relevance.'" Mandell v. The Maxon Co., Inc., No. 06 CV 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) (quoting Zanowic v. Reno, No. 97 CV 5292, 2000 U.S. Dist. LEXIS 13845 at *15 (S.D.N.Y. Sep. 22, 2000)); see also Evans v. Calise, No. 92 CV 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994) (holding that "[t]he party seeking the discovery must make a *prima facie* showing, that the discovery sought is more than merely a fishing expedition").

"Information is relevant if: (a) it has any tendency to make a fact more or less probable than it

would be without the evidence; and (b) the fact is of consequence in determining the action.'"
<u>Vaigasi v. Solow Mgmt. Corp.</u>, No. 11 CV 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401).

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, discovery also must be proportional to the needs of the case, taking into consideration the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. <u>Sibley v. Choice Hotels Int'l</u>, No. 14 CV 634, 2015 WL 9413101, at *2-3 (E.D.N.Y. Dec. 22, 2015). In determining whether the discovery sought is proportional to the needs of the case, courts consider relevancy. <u>New Falls Corp. v. Soni</u>, No. 16 CV 6805, 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020) (holding that relevance and proportionality go "hand-in-hand"). The more relevant the information sought is, the less likely it will be found disproportionate to the needs of the case. <u>Id.</u>

Defendant's Reply points out that reliance is a required element of a New York breach of express warranty claim. (ECF No. 50 at 2); <u>see also</u> <u>Goldemberg v. Johnson & Johnson Consumer Cos., Inc.</u>, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014) (holding that, "[t]o state a claim for breach of express warranty under New York law, a plaintiff must allege (1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach" (citation omitted)). While plaintiff does not address this directly, her response notes that the Complaint contains causes of action for "violation[s] of various state warranty laws," including New York state law. (ECF 47 at 1 (citing Compl. ¶¶ 64-72)). Plaintiff is a citizen of the state of New York and purchased the Product in New York, and thus would

presumably be asserting her individual breach of express warranty claim under New York state law.[3]  (See Compl. ¶¶ 26, 29).  Plaintiff directly alleges under her breach of express warranty cause of action that she "reasonably relied upon Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when [she] decided to buy Defendant's Product[]."  (Compl. ¶ 68).  Thus, the Court finds that plaintiff's prior purchases of defendant's own products containing the label "Natural" or "Naturals" are relevant to her claim of reliance on that representation in her decision to make the purchase at issue.

However, defendant's request for a laundry list of plaintiff's purchases of a variety of products over the past six years, including from other companies and of purchases not even made, only considered, is overbroad and not proportional to the needs of the case.  Plaintiff has not alleged or represented in discovery responses that she has a preference for "natural" or "non-synthetic" products.  Unlike in Osdoby v. Handi-Foil Corp., 2023 WL 3306967, plaintiff has not alleged that her preferences are "what this case is about" or even that she preferred such products at all.  The allegations in the Complaint relied upon by defendant merely state that she and members of the prospective class relied on the representation that the Product was "Natural."  Thus, it is immaterial whether plaintiff consistently followed a pattern of only purchasing products with "natural" ingredients for the past six years or was simply concerned about the ingredients in this particular Product when she purchased it.

As to defendant's second argument that plaintiff's purchase history is relevant in determining plaintiff's adequacy as a class representative, the Court finds this argument

---

[3] Even if plaintiff had a basis for suing under California state law, where defendant is a citizen, the same reliance requirement applies.  See Davis v. Angelcare USA, LLC, 727 F. Supp. 3d 99, 155 (D. Conn. 2024) (holding that, under California law, "in order to state a claim for breach of express warranty, a plaintiff must allege: '(1) the exact terms of the warranty; (2) reasonable reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury'" (quoting Sanders v. Apple Inc., 672 F. Supp. 2d 978, 986-87 (N.D. Cal. 2009))).

unavailing for similar reasons. Plaintiff has not put her preference for natural food products at issue in this case such that defendant is entitled to "test the veracity" of this preference. Even if plaintiff had alleged a preference for "natural" products, a purchase history of non-natural items, while it might speak to the strength of her preferences, would not logically speak to plaintiff's "trustworthiness and truthfulness" as a class representative. (ECF No. 44 at 4). Thus, her purchase history is not relevant to determining her credibility and adequacy as a class representative, and defendant's request for a broad itemizing of plaintiff's habits in purchasing food products is not proportional to this claim.

Lastly, to the extent that defendant wants to troll through six years of plaintiff's past purchases of a variety of products, claiming this would determine if she was a "reasonable consumer," again defendant has failed to demonstrate how her purchasing preferences could possibly be compared to those of "'a significant portion of the general consuming public or of targeted consumers,'" to determine if she was "'acting reasonably in the circumstances.'" (Id. (quoting ECF No. 29 at 5)). The question of what is a "reasonable consumer" is an objective inquiry, Cohen v. JP Morgan Chase & Co., 498 F.3d at 126, and it is clear that defendant's broad ranging unlimited inquiry into everything plaintiff may have ordered or even ordered and then cancelled, including purchases made in grocery and other stores over a six year period, is nothing more than a fishing expedition.

Finally, although the Court determined that plaintiff's purchase history is to a certain extent relevant to her reliance allegations, the burden placed upon plaintiff to identify "all stores and online retailers" from which she has purchased food, supplements, and vitamins going back six years, and produce all documents concerning purchases or consumption of any products containing the words "Natural" or "Naturals," as well as documents concerning the purchase or

consumption of any other product containing any of the "synthetic" ingredients at issue in this case is not only unduly burdensome, it is harassing. Common sense suggests that no one is going to recall every single food or vitamin/supplement product they purchased from any grocery store, drug store, or even online in the past six years, much less whether the product contained synthetic ingredients. Perhaps recognizing the unreasonableness of its request, defendant suggests that it would not be an undue burden for plaintiff to review her Amazon order history for past purchases in the last six years to identify products responsive to its requests. (ECF No. 44 at 5).

The Court disagrees. Although plaintiff might be able to pull up her order history from Amazon and produce a listing of products she purchased, the task of determining if they contain the words "Natural" or "Naturals" anywhere on their label or whether they contained any "synthetic" ingredients would be extremely time-consuming and, in some instances, impossible, particularly when going back six years. The Amazon order history does not contain information regarding the ingredients of a product; it simply provides the name of the product, type of product, price, and other delivery information. To determine whether a product contained synthetic ingredients six years ago would require independent research beyond simply pulling up an Amazon order history. Even current product listings on Amazon do not always contain specific ingredients for the product. Thus, the Court concludes that even this narrowed search is unreasonable.

However, to the extent that defendant seeks to know if plaintiff purchased any of defendant's other products, the Court directs plaintiff to provide her order history from Amazon demonstrating purchases of any Nordic Naturals products in the last six years. Since the products are defendant's own products, it will be easier for defendant to go back six years and

determine what the ingredients of those products are and whether they contain any synthetic

ingredients or not.  Plaintiff is only required to provide information demonstrating the names of

the Nordic Naturals products she purchased and the dates of purchase based on her Amazon

order history.

For the reasons stated above, defendant's motion to compel is granted in part and denied

in part.  Plaintiff is Ordered to respond to defendant's document requests and interrogatories only

to the extent that they request plaintiff to identify or produce documentation of her purchases of

defendant Nordic Naturals' products from her Amazon account for the past six years.

II.    <u>Plaintiff's Motion For a Protective Order</u>

While the defendant's motion to compel was pending, defendant separately served on

plaintiff notice of its intent to serve Amazon with a subpoena duces tecum (the "Subpoena"),

seeking production of some of the same information sought in the disputed discovery requests.

(ECF No. 56 at 3).  The Subpoena seeks the production by Amazon of the following:

1) The retail purchase history from 2016 through the present
   associated with Plaintiff's Amazon account, including orders
   placed, date and amount of each order, all orders not yet
   shipped, and cancelled orders.

2) All purchases, including orders not yet shipped and cancelled
   orders, from 2016 through the present of products containing
   the words "natural" or "naturals" on their label associated with
   plaintiff's account.

3) All purchases, including orders not yet shipped and cancelled
   orders, from 2016 through the present of food products
   associated with plaintiff's account.

4) The same request as No. 3 for vitamins.

5) The same request as Nos. 3 and 4 for "dietary supplements."

(<u>Id.</u>)  Plaintiff argues several bases for moving for a protective order:  1) plaintiff has standing to

seek the protective order; 2) the Subpoena is an improper attempt to circumvent a ruling by the

Court; 3) the Subpoena seeks production of irrelevant information; and 4) compliance with the Subpoena would subject plaintiff to undue harassment and embarrassment.  (See generally id.)

A.  Plaintiff's Standing

Plaintiff asserts that she has standing to bring her motion because, under prevailing precedent, "'a plaintiff has standing to quash a subpoena of a non-party where the plaintiff asserts a legitimate privacy interest in the information sought.'"  (Id. at 4 (quoting Mirkin v. Winston Res., LLC, No. 07 CV 2734, 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008))).

In response, defendant contends that plaintiff lacks standing to move to quash[4] a subpoena on a non-party.  (ECF No. 58 at 3).  Defendant cites cases that hold that the non-recipient of the subpoena "'lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden.'"  (Id. (quoting Silverstone Holding Grp., LLC, v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., 650 F. Supp. 3d 199, 202 (2023))).  However, as the court in Silverstone explained, "a non-party individual . . . has standing to quash a subpoena if the individual . . . 'is seeking to protect a personal privilege or right.'"  Silverstone Holding Grp., LLC, v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., 650 F. Supp. 3d at 202 (quoting Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004))).  Given that "the nature of the information sought" is determinative of the question of a non-recipient's standing, First Indem. of America Ins. Co. v. Shinas, No. 03 CV 6634, 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005), courts have found that an individual or corporate entity whose bank records are the

---

[4] Defendant notes that plaintiff has styled the motion as a motion for a protective order, even though it appears she is seeking to quash the Subpoena.  (ECF No. 58 at 3-4).  Defendant argues that Rule 26 permits a protective order to enter only "on grounds of 'annoyance, embarrassment, oppression, or undue burden or expense.'"  (Id. at 4 (citing Fed. R. Civ. P. 26(c)(1))).  Defendant contends that none of these apply here because the Subpoena is addressed to Amazon and not to the plaintiff.  (Id.)  The Court disagrees, and finds that regardless of whether plaintiff seeks to quash the Subpoena or moves for a protective order, she has sufficiently set forth justification on the grounds that not only does the Subpoena seek broad swaths of information that are utterly and completely irrelevant to this case, but the information sought from Amazon necessarily includes personal, private information about unrelated purchases by herself and her husband, and thus is embarrassing and harassing.

subject of a subpoena has standing to raise objections to the subpoena because of their privacy interest in their personal financial affairs. See Refco Grp. Ltd., v. Cantor Fitzgerald, L.P., No. 13 CV 1654, 2014 WL 5420225, at *4-5 (S.D.N.Y. Oct. 24, 2014).

Defendant argues that plaintiff has no privacy interest in the subpoenaed documents and a protective order can mitigate any disclosure of sensitive documents. (ECF No. 58 at 4). This Court disagrees. The first category of defendant's subpoena seeks plaintiff's entire purchasing history on the Amazon account since 2016. There is no limitation whatsoever placed on the scope of products covered, many of which likely have nothing to do with this case. It is indisputable that the range of items available on Amazon includes not only the type of supplements and vitamins at issue in this case, but also non-edible items such as clothing, appliances, books, shampoo, and other personal hygiene items. Nothing in defendant's explanation of need or relevance justifies this unlimited exploration into plaintiff's purchases. Moreover, since the Amazon account is shared by plaintiff's husband, his entire purchase history, including potentially personal private items, would also be provided by Amazon even though he is not a party to the litigation. (ECF No. 56 at 4).

Given that plaintiff has stated a legitimate privacy concern in the information that is sought by the Subpoena – particularly the requests that seek plaintiff's entire purchasing history, including items wholly unrelated to this case, and the purchasing history of her husband – the Court finds that plaintiff has standing to file this motion for a protective order to quash the Subpoena.

### B. Defendant's Attempt to Avoid A Ruling By This Court

Plaintiff complains that by serving this subpoena on Amazon while there is a pending motion relating to the same information, defendant is "seeking to execute an 'end-run' to obtain from Amazon the very documents it has already asked this Court to compel be produced." (ECF

No. 56 at 3). Courts have made it clear that Rule 45 of the Federal Rules of Civil Procedure was not "meant to provide an end-run around the regular discovery process under Rules 26 and 34," Legal Recovery Assocs. LLC v. Brenes Law Grp., No. 22 CV 1778, 2023 U.S. Dist. LEXIS 100060, at *3 (S.D.N.Y. June 6, 2023) (quoting Burns v. Bank of America, No. 03 CV 1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007)), and have granted motions to quash where "'the subpoenaed documents were requested from or could have been requested from the party-opponent during the normal course of discovery.'" Id. (quoting Lemoine v. Mossberg Corp., No. 18 CV 1270, 2020 WL 3316119, at *1 (D. Conn. June 18, 2020)).

Defendant argues that the subpoena was served "in an attempt to obtain at least some of the requested information without leading to a burden objection . . . ." (ECF No. 58 at 5). Defendant further argues that plaintiff herself served a subpoena seeking production of defendant's nationwide sales data from a third party when defendant objected to producing it. (Id.) Thus, defendant argues waiver and essentially "what is good for the goose is good for the gander." (Id. at 5-6).

As is clear from a comparison of the requests in the Amazon subpoena with the discovery demands that are currently at issue before this Court, the Amazon subpoena requests essentially the same information as that requested in the discovery demands relating to plaintiff's Amazon accounts. Not only should defendant have relied on Rule 26 and 34 to first obtain these documents from plaintiff, but serving a Rule 45 subpoena on a non-party for the same information knowing that the relevance and scope of defendant's requests were an issue pending before this Court is an improper use of a Rule 45 subpoena and alone warrants plaintiff's motion for a protective order. Whether plaintiff is guilty of the same misuse of the subpoena process is

not of concern to this Court on this motion and will be dealt with in connection with any separate motion raised by defendant.

        C.  <u>Relevance</u>

"Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." <u>In re Refco Sec. Litig.</u>, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011). The "party seeking discovery bears the burden of initially showing relevance." <u>Mandell v. The Maxon Co., Inc.</u>, 2007 WL 3022552, at *1 (citation omitted). In challenging defendant's subpoena, plaintiff reiterates the arguments raised in opposition to defendant's discovery requests – for instance, that given the objective definition of "misleading" under the GBL as established by the New York Court of Appeals, plaintiff's purchase history of unrelated products is not relevant to whether a "reasonable consumer" would find the Product label misleading. (ECF No. 56 at 6-7).

While this Court has determined that a narrow portion of defendant's discovery requests are relevant to the case, the requests in the Subpoena are actually broader in scope in that they ask Amazon to produce plaintiff's entire retail purchasing history from 2016 through the present associated with plaintiff's Amazon account, including orders placed, date and amount of each order, all orders not yet shipped, and cancelled orders, with no limitation on the nature of the items ordered. This request for every Amazon order – including everything from books to clothing, appliances, and children's toys – without a single limitation is harassing and without basis.

Given the above, along with the fact that the Court Orders plaintiff herself to respond to defendant's requests by reviewing her Amazon order history, plaintiff's motion for a protective order and to quash the Subpoena is granted. Defendant is cautioned that additional broad ranging subpoenas to other online retailers or brick and mortar stores for the same categories of

information will also be subject to this Court's ruling, absent a significant showing of good cause as to why the Court should reconsider the ruling in that particular case.

III.  Plaintiff's Motion to Compel Discovery Responses

By letter dated April 30, 2024, plaintiff moves to compel defendant to respond to certain discovery requests, claiming that defendant has "cherry-pick[ed]" its corporate executives as the only persons with relevant knowledge, and has attempted to restrict information regarding sales data.  (ECF No. 46 at 2).  Specifically, plaintiff seeks to have defendant supplement its responses to Interrogatory Nos. 3, 10, 14, and 15 and provide additional information in response to Document Request Nos. 20 and 25.  Each will be addressed below.

A.  Plaintiff's Interrogatory Nos. 3, 10, 14, and 15

In these interrogatories, plaintiff asks for the identity of people with knowledge of the case.  (Id.)  Interrogatory No. 3 asks for the people who have knowledge or information relevant to the facts and claims asserted in the Complaint; Interrogatory No. 10 asks for the people who were involved in the decision-making process to include the term "Naturals" on the Products; Interrogatory No. 14 asks for the identity of past and present employees, agents, and independent contractors responsible for creating or designing the labeling, packaging, or marketing materials for the Products; and Interrogatory No. 15 asks for past and present employees, agents, and independent contractors responsible for deciding which ingredients to include or exclude from the Products, including changes in formulations.  (Id.)

According to plaintiff, the defendant responded with boiler-plate objections.  (Id.)  With respect to Interrogatory Nos. 10 and 14, defendant stated that only "Jim Planet," the Vice President of Marketing, has knowledge relating to packaging and labeling.  (Id. at 2-3).  As for Interrogatory No. 15, defendant identified Abas Shah, the Head of Product Innovation & Development, as the only person with knowledge of the Products' ingredients.  (Id. at 3).

Finally, in response to Interrogatory No. 3, defendant directed plaintiff to its responses in Nos. 10, 14, 15, and 16.[5] (Id. at 2). Plaintiff asserts that defendant's responses are an effort to "short-circuit" the discovery process by limiting the responses to defendant's Rule 30(b)(6) witnesses. (Id.)

In response to plaintiff's letter motion, defendant contends that the information requested in Interrogatory No. 10 is irrelevant, since "whether or not the Product labeling is misleading to a reasonable consumer will not be affected one way or the other by Defendant's decision-making process regarding the labeling." (ECF No. 49 at 2). Defendant contends that courts apply an objective standard in determining whether defendant's practices are deceptive or misleading to a reasonable consumer acting reasonably under the circumstances. (Id. at 2-3). Despite defendant's stated position of irrelevance, defendant notes that it has provided Jim Planet's name. (Id. at 3).

In response to plaintiff's motion relating to Interrogatory No. 14, defendant claims that this request is irrelevant for the same reason, because the design of the labeling has no bearing on whether the Products are objectively misleading to a reasonable consumer. (Id.) Moreover, defendant notes that there is no way plaintiff could reasonably depose all of the individuals involved in the design of the labeling for the 73 Products listed in the Complaint. (Id.)

As for Interrogatory No. 15, defendant again argues that the reasons for including or excluding ingredients in the Products have "nothing to do with Plaintiff's claims." (Id. (citing Bustamante v. KIND, LLC, 100 F.4th 419, 433 (2d Cir. 2024))). Moreover, given the number of

---

[5] Defendant's response to Interrogatory No. 16 is an objection and does not identify any further individuals. (See ECF No. 46, Ex. 1 at 19).

potential employees responsible for the ingredients in the 73 Products, defendant contends that responding to the interrogatory would be unduly burdensome.  (Id. at 4).

Finally, with respect to Interrogatory No. 3, defendant objects that it is "both vague and starkly overbroad," particularly given that the only representation about the Products is the defendant's company name, Nordic Naturals, which appears on all of the 73 allegedly deceptive Products.  (Id. at 2).  Defendant contends that "[m]ustering this information based on such vague phrases would be a herculean undertaking," and defendant has already named relevant knowledgeable people for the more targeted interrogatories.  (Id.)

In Reply, plaintiff contests defendant's assertion that her interrogatories are overbroad, stating that initial disclosures under Rule 26 require the disclosure of any known witnesses with knowledge of facts, which is substantially the same information requested here.  (ECF No. 51 at 2).  However, in its initial disclosures, defendant only identified two people, requiring plaintiff to serve these interrogatories.  (Id.)  Given that defendant indicated initially that it only identified two witnesses because it was "'continuing its investigation,'" plaintiff argues that defendant is "hid[ing] the ball" by objecting to plaintiff's interrogatories here.  (Id.)  Plaintiff notes that courts routinely permit discovery of knowledgeable witnesses through interrogatories.  (Id. (collecting cases)).

Given that defendant has responded to plaintiff's interrogatories by providing witnesses, the Court denies plaintiff's motion to compel at this time, without prejudice to renew.  Plaintiff may depose the two witnesses identified by defendant and if, during the deposition, it becomes clear that there are other relevant witnesses with knowledge, plaintiff may revisit her request for more information.

B.  Document Request Nos. 20 and 25

Plaintiff's Document Request No. 20 asks defendant to produce, for each Product, monthly unit sales, monthly dollar sales, average wholesale price per unit, average retail price per unit, monthly gross sales amount, and monthly net sales amounts, for each month during the "Applicable Time Period."  (ECF No. 46 at 3).  In response, defendant indicated that it would only provide "direct-to-consumer sales in the State of New York," and also refused to produce nationwide information.  (Id.)  Request No. 25 asks for production of all documents concerning retail sales or pricing data acquired from third parties.  (Id.)  Defendant has refused to produce any documents in response to this request.  (Id.)  According to plaintiff, during the meet-and-confer process, defendant was unable to explain why this information is being withheld.  (Id. at 4).

In response to Request No. 20, defendant argues that direct-to-consumer sales is the only information relevant to this case, since sales to wholesalers are made in bulk and not due to Product label representations.  (ECF No. 49 at 4).  Similarly, defendant contends that nationwide sales data is also not relevant, at least until a nationwide class has been certified.  (Id.)  Such sales data is not necessary to determine whether a nationwide class is viable, nor does it bear on the merits of the claim.  (Id.)  Instead, defendant contends that this information is only relevant to the issue of damages, and suggests that the issue could be revisited should plaintiff successfully certify a nationwide class.  (Id.)

As for Request No. 25, defendant asserts that the request is unclear as to whether it seeks sales or pricing data for any Products defendant acquired or purchased from third parties, in which case, defendant represents that no such documents exist.  (Id. at 5).  Rather, defendant claims that it manufactures the Product itself.  (Id.)  If, instead, the Request is asking for

documents concerning the Products' retail sales or pricing data, it is duplicative of the information requested in Request No. 20 and similarly irrelevant.  (Id.)

In Reply, plaintiff contends that her request for sales to wholesalers is relevant because it will enable plaintiff to obtain discovery from these wholesalers in order to accurately determine the actual amount of products ultimately sold to consumers.  (ECF No. 51 at 3).  Similarly, plaintiff clarifies that, to the extent defendant itself does not generate data on sales by wholesalers to consumers, Request No. 25 asks for defendant to provide any sales data that it may have obtained from these wholesalers.  (Id.)

Plaintiff concedes that this sales data is most relevant to damages, but contends that this is not a basis for denying production of the information.  (Id.)  Plaintiff argues that she will be prejudiced if defendant is allowed to withhold such information until a later time, given that establishing damages in this case will be time intensive and require the involvement of experts. (Id.)  Finally, plaintiff takes issue with defendant's assertion that nationwide discovery should be denied because plaintiff has not demonstrated she will be able to certify a nationwide class.  (Id.) Citing a case that defendant itself cited in its response letter, plaintiff argues that nationwide discovery is "'needed to determine the existence of evidence to support the nationwide class claim,'" so defendant's contention is "'circular and illogical.'"  (Id. (quoting Melnick v. Tamko Bldg. Prods., No. 19 CV 2630, 2022 WL 293239, at *3 (D. Kan. Feb. 1, 2022))).

As plaintiff herself concedes, her document requests appear to be "most relevant" to establishing damages pertinent to the potential nationwide class.[6]  Without more clarity from plaintiff as to whether and how the sales data is relevant to establishing a class claim in the first

---

[6] The Court notes that the requests for sales data to wholesalers could, to a certain extent, similarly be relevant to damages for a New York class should one be certified.  Thus, the Court's holding applies to a potential certification of a New York class as well.

instance, the Court does not find a basis to require production of this information before a class is certified. In addition, plaintiff's submissions indicate that plaintiff requests documents through the "Applicable Time Period," without defining this term.[7] (See generally ECF No. 46, Ex. 2). Without knowing the time period of plaintiff's requests, the Court cannot evaluate whether the requests are proportional to the needs of the case.

For these reasons, plaintiff's motion to compel responses to Request Nos. 20 and 25 is denied without prejudice to renew, upon a showing that the data requested is relevant and proportional to establishing a class claim. To the extent plaintiff does not make such a showing, plaintiff may revisit this issue at such time that a class is certified and discovery pursuant to damages on those claims therefore becomes relevant. Plaintiff is advised that any renewed motion should specify the applicable time period of her requests.

## CONCLUSION

For the reasons set forth above, defendant's motion to compel is granted in part and denied in part. By **April 21, 2025**, plaintiff shall respond to defendant's document requests and interrogatories only to the extent that they request plaintiff to identify or produce documentation of her purchases of defendant Nordic Naturals' products from her Amazon account for the past six years. Plaintiff's motion for a protective order is granted and defendant's subpoena duces tecum is quashed. Plaintiff's motion to compel is denied without prejudice to renew.

The Clerk of Court is respectfully directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

---

[7] The only indication of plaintiff's requested time frame is contained in defendant's response, which notes that plaintiff's Request No. 20 "requests more than six years of nationwide sales data," without further detail. (ECF No. 49 at 4).

**SO ORDERED.**

Dated: Brooklyn, New York
      March 21, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York