

July 28, 2025

**<u>Via ECF Magistrate</u>**
Judge Cheryl L. Pollak, U.S.M.J.
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Orrico v. Nordic Naturals, Inc., Docket No. 1:22-cv-03195 (NRM)(CLP)**

Dear Judge Pollak:

      We represent the Plaintiff in the above-captioned matter and write pursuant to Your Honor's directive to provide further information about our rationale for requesting that expert discovery (including expert reporting pursuant to Rule 26) occur *after* a decision on whether to certify the class.

      Rule 23 instructs courts to "determine . . . whether to certify the action as a class action" at "an early practicable time" after the commencement of a suit. Fed. R. Civ. P. 23(c)(1)(A). This case was initiated in May 2022.  As we mentioned at the status conference, subject to finalizing miscellaneous fact discovery items, Plaintiff is ready to move forward with its certification motion.

      It is well-settled that at the certification motion stage, a party need not serve Rule 26 expert reports as a requirement for certification.  For instance, in *Price v L'Oreal USA, Inc.* 2017 U.S. Dist. Lexis 165931 (SDNY October 5, 2017), which involved NY GBL § 349 claims and where class certification was granted, the Court explained that: a) at the class certification stage, a plaintiff's damages model must be consistent with its liability theory; b) materiality is determined based on an objective standard and is subject to class wide proof; and c) an expert is not required to actually perform analysis at the class certification stage.   Further, in *de Lacour v Colgate-Palmolive Co.,* 2021 U.S Dist. Lexis 78609 (SDNY April 23, 2021), the court partially granted plaintiff's renewed certification motion and explained that where plaintiff submitted an affidavit about her reason for purchasing a "natural" product and plaintiff's experts submitted declarations (as opposed to expert reports under Rule 26) stating that consumers generally interpret "natural" in a similar manner, "plaintiffs…offered sufficient evidence that the 'natural' claim is material."  Id. at 34.  The *de Lacour* court also cited *Comcast Corp. v. Behrend*, 569 U.S. 27, 133 S. Ct. 1426 (2013) and explained: a) "a plaintiff's expert is not required to perform their analysis at the class certification stage;" and b) "all that is required at class certification is the plaintiffs must be able to show that their damages stemmed from the defendant's actions that created the legal liability."  Id. at 36.

Not only does case law support Plaintiff's position that certification should be briefed before moving on to expert discovery, but, as discussed during the status conference, proceeding in this manner is more efficient and less wasteful of party and court resources. More specifically, if Plaintiff's certification motion is denied, then there will be no need for any experts (and thus no need for the parties to spend time, money, and resources on expert reports and expert discovery) as to damages or liability. Rather, the case would proceed with a single plaintiff. In contrast, Defendant is inefficiently proposing that the parties devote significant time, money, and resources, to full-fledged expert discovery (which, again is unnecessary to determine certification) before there has been any determination about class certification. Not only does this contravene case law in the Second Circuit, but this is wasteful, impractical, and inconsistent with Rule 23's mandate to determine certification at an "early practicable time."

At the status conference, Defendant argued that its proposed approach was more efficient than Plaintiff's proposal given the possibility of a decertification motion after the Court certifies the class and the parties proceed through expert discovery. This argument is meritless. There is no legal or logical basis for de-prioritizing or ignoring the mandate to determine certification at an early practicable time and for engaging in the potentially needless exercise of full-fledged expert discovery (with perhaps five or six experts) simply because the Defendant believes there may later be a basis to decertify. Defendant points to the fact that *Price v L'Oreal* was later decertified in *Price v. L'Oréal USA, Inc.*, 2021 U.S. Dist. LEXIS 187099, at *10 (S.D.N.Y. Sep. 29, 2021). But that argument is self-defeating. The case was decertified because, after expert discovery and an evaluation of plaintiff's expert's damages methodology, the court determined that plaintiff had not provided a means of calculating class-wide damages consistent with the alleged injury. The decertification decision was based on the expert reports and expert discovery that followed certification (which may be unnecessary here if the court denies certification as an initial matter). In decertifying the class, the court explained that the plaintiffs met their certification burden under *Comcast*, "however, now -- after discovery -- Plaintiffs have not provided the necessary evidence for [the expert's damages] formula to suffice, and Plaintiffs' proposal that each class member can use [the expert's] formula to prove his or her own damages is not enough to satisfy their burden of proving class-wide damages." Id. at 19. Given the standard in the Second Circuit, the court did not say, for instance, that the case should not have been certified in the first place. Furthermore, cases are not merely decertified immediately after or in conjunction with expert discovery. Indeed, in *Mazzei v. Money Store*, 829 F.3d 260 (2d Cir. 2016), the Second Circuit held that a class was properly decertified after a jury verdict but before final judgment. Plainly, the court should not inordinately delay determining whether the Rule 23 factors are satisfied just because there is a possibility that at some later stage there might be a basis to decertify.

Accordingly, Plaintiff respectfully requests that Plaintiff be permitted to move for certification within sixty (60) days and that expert discovery proceed only after a ruling on the Plaintiff's motion for certification.

Very truly yours,

**SULTZER & LIPARI, PLLC**

Joseph Lipari