

Caroline E. Oks

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4575 Fax: +1 973-639-8317
coks@gibbonslaw.com

July 28, 2025

**VIA ECF**

Hon. Cheryl L. Pollak, U.S.M.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>*Orrico v. Nordic Naturals, Inc.* **No. 1:22-cv-03195 (NRM)(CLP)**</u>

Dear Judge Pollak:

      On behalf of Defendant Nordic Naturals, Inc., we write, as requested during the July 21, 2025 Status Conference, regarding the scheduling of expert discovery and motion practice. Defendant respectfully requests that the Court enter a Scheduling Order setting deadlines for expert discovery, followed by briefing on Plaintiff's motion for class certification, Defendant's anticipated motion for summary judgment, and *Daubert* motions.

      Controlling caselaw makes clear that expert discovery must occur before any ultimate class certification decision. The Second Circuit made it abundantly clear in *Bustamante v. KIND, Ltd. Liab. Co.*, 100 F.4th 419 (2d Cir. 2024), a so-called "all natural" case, that "plaintiffs must present admissible evidence establishing how the challenged statement – 'All Natural' - tends to mislead reasonable consumers acting reasonably." *Id*. at 426. The Court of Appeals affirmed the entry of summary judgment in favor of defendant because plaintiffs' experts' opinions "provide[d] no useful information about how a reasonable consumer understands 'All Natural'" and were thus inadmissible, and the plaintiffs' testimony could "not establish an objective definition of how a reasonable consumer acting reasonably understands the term 'All Natural.'" *Id*. at 426.

      In this case, of course, the challenged label claim is "Nordic Naturals," not "all natural" or "100% natural." Like in *Bustamante*, there is no admissible evidence here that that a reasonable consumer acting reasonably would be deceived by the "Nordic Naturals" statement on Nordic Naturals dietary supplement products and thus summary judgment is inevitable under *Bustamante*. Therefore, Defendant respectfully requests that the Court enter a Scheduling Order setting deadlines for expert discovery as the immediate next step in the case. If Plaintiff does not intend to proffer expert testimony, this case would be ripe for summary judgment under *Bustamante* and a motion for class certification would be completely unnecessary.

      During the July 21, 2025 status conference, Plaintiff expressed her intention to file a motion for class certification now, without having proffered any expert opinions or identified any admissible evidence showing how a reasonable consumer understands the challenged label

GIBBONS P.C.

Hon. Cheryl L. Pollak, U.S.M.J.
July 28, 2025
Page 2

statement, "Nordic Naturals." *See also* ECF No. 34-1. Given *Bustamante*, Plaintiff's position is impractical, would waste judicial resources, and would unduly prejudice Defendant because even Orrico's individual claim cannot survive without admissible expert evidence. Obviously, the same admissible expert evidence would also be necessary to demonstrate that reasonable consumers acting reasonably would be deceived into believing that the statement "Nordic Naturals" on the 74 dietary supplement products at issue class-wide contained no synthetic ingredients and were thus "100% natural." Indeed, one of the most important lessons of *Bustamante* is that there is no single reasonable consumer understanding of "All Natural" on supplement labels and conclusory opinions from experts on such consumer beliefs are inadmissible. *See Bustamante*, 100 F.4th at 434 (affirming summary judgment in favor of KIND because "plaintiffs failed to produce admissible evidence demonstrating what a reasonable consumer, acting reasonably, would expect of KIND products bearing the 'All Natural' label.").

Thus, in *Bustamante*, after years of both fact and expert discovery with multiple expert reports from plaintiffs, the district court *decertified the class and granted summary judgment*, which the Second Circuit affirmed. Plaintiff's suggested path here (where the challenged label statement is Nordic Naturals" not "all natural") would be a fundamental waste of judicial resources by asking this Court to completely ignore the lessons of *Bustamante* and forcing the district court and the parties to incur the substantial time and expense of a motion for class certification *on a far less undeveloped record* than *Bustamante* that can only lead to the denial of class certification and entry of summary judgement.

Indeed, in every case that Plaintiff previously relied upon (ECF No. 34-1), the court ultimately granted motions to decertify the putative classes following expert discovery because the expert testimony did not support class-wide relief. *In re KIND LLC "Healthy & All Natural" Litig.*, 627 F. Supp. 3d 269, 285-286, 295 (S.D.N.Y. 2022); *Price v. L'Oréal USA, Inc.*, 2021 U.S. Dist. LEXIS 187099, at *10-13 (S.D.N.Y. Sep. 29, 2021).

By way of brief explanation, Plaintiff's position is wrong for several reasons.

***First,*** to certify the putative class, Plaintiff must demonstrate that common questions of fact predominate over the claims. As recent case law makes clear, to establish predominance, Plaintiff must demonstrate through expert or survey data that a reasonable consumer would interpret "Nordic Naturals" to mean that the Products in issue contained only natural ingredients. For example, in a strikingly similar "naturals" case, *In re KIND LLC "Healthy & All Natural" Litig.*, the district court granted defendant's motion to decertify the class after disqualifying plaintiff's expert and holding that "consumer perception survey" conducted by that expert was inadmissible because plaintiff could not establish a reasonable consumer's understanding of "all

GIBBONS P.C.

Hon. Cheryl L. Pollak, U.S.M.J.
July 28, 2025
Page 3

natural."[1]  627 F. Supp. 3d 269, 285-286, 295 (S.D.N.Y. 2022).  The court found, therefore, that plaintiff could not demonstrate common questions of fact predominated, but only that each plaintiff held a different theory as to why they were deceived.  *Id.*  Similarly, in another "naturals" litigation, *de Lacour v. Colgate-Palmolive Co.*, the court decertified a class after excluding the plaintiffs' expert's survey report and held that "discovery has shown that there is no support for Plaintiffs' allegation that reasonable consumers understand that [defendant's] use of 'natural' conveys that [defendant's] products do not contain synthetic and/or highly chemically processed ingredients," therefore, "[t]here is no generalized proof of deception, and thus common issues of fact do not predominate."  No. 16-CV-8364 (KMW), 2024 U.S. Dist. LEXIS 1227, at *18 (S.D.N.Y. Jan. 3, 2024); *id.* at *13-14, 18 (further holding that plaintiff's definition, defendant's internal documents, and testimony of defendant's employees fail to demonstrate a reasonable consumer's understanding of "natural").

***Second***, Plaintiff must demonstrate proof of a price premium theory through expert evidence.  *See Passman v. Peloton Interactive, Inc.*, No. 19-CV-11711 (LJL), 2023 WL 3195941, at *20 (S.D.N.Y. May 2, 2023) ("Named Plaintiffs' failure to offer evidence that the Challenged Statement caused a price premium—or to propose a methodology which could be used to demonstrate a price premium—and their failure to propose a model capable of measuring the damages attributable to their theory of liability demonstrate that they have not carried their burden of establishing that causation, injury, and damages are common issues susceptible to common proof. As a result, predominance is defeated.").  Indeed, in *Price v. L'Oréal USA, Inc.*, decertification was later granted after the court excluded plaintiff's conjoint survey analysis, rendering plaintiff unable to establish a price premium or a reliable method for calculating class-wide damages.  2021 U.S. Dist. LEXIS 187099, at *10-13 (S.D.N.Y. Sep. 29, 2021).

***Third***, Plaintiff here does not deny that expert testimony in this action will be necessary—only that Plaintiff should not have to make any disclosure until her motion for class certification is filed, and should not have to undertake expert discovery until after class certification is decided.[2]  Under Plaintiff's view, Plaintiff would have months to work with an expert witness to develop an opinion that "reasonable consumers" are deceived by the product labels at issue, and Plaintiffs would not disclose any such opinions until after class certification is decided, thus depriving Defendant of a reasonable amount of time to engage an expert to rebut those opinions, test those opinions, and explore the reliability of those opinions through deposition testimony, and potential

---

[1] The Second Circuit affirmed the exclusion of plaintiff's export evidence, but found the issue of certification moot because plaintiffs lacked a "legally cognizable interest in the outcome' of KIND's motion to decertify" following summary judgment in KIND's favor.  *Bustamante*, 100 F.4th at 434.

[2] Indeed, as noted above, Plaintiff will need expert evidence to satisfy the reasonable consumer standard whether this matter proceeds on an individual basis or class action.  *See Bustamante*, 100 F.4th at 434.

GIBBONS P.C.

Hon. Cheryl L. Pollak, U.S.M.J.
July 28, 2025
Page 4

*Daubert* motions. That type of schedule is inherently lopsided and will inevitably invite two rounds of class certification briefing. Plaintiff's proposed pre-expert discovery motion for class certification will not advance this litigation at all, because it will not obviate the need for expert discovery in connection with Defendant's motions for summary judgment and decertification, so there is no efficiency-related benefit to Plaintiff's proposal.

In sum, because expert discovery is essential to the question of whether, at the end of discovery, there will be a certified class, and is also necessary for the parties' ultimate summary judgment motions, any and all expert discovery should be completed before Plaintiff files her motion for class certification. The alternative—two rounds of class certification briefing instead of one—imposes unnecessary burdens on the Court and the Parties.

Accordingly, Defendant proposes the following schedule for expert reports, class certification, summary judgment, and *Daubert* motions:

| Event | Date |
| --- | --- |
| Close of Fact Discovery | September 2, 2025 |
| Plaintiff's Expert Disclosures and Expert Reports | September 5, 2025 |
| Defendant's Expert Disclosures and Expert Reports | November 7, 2025 |
| Close of Expert Discovery | December 1, 2025 |
| Plaintiff to File Motion for Class Certification | December 8, 2025 |
| Defendant to File Memorandum in Opposition to Class Certification | February 9, 2026 |
| Defendant may File Motion for Summary Judgment | February 9, 2026 |
| Defendant to File *Daubert* Motions | February 9, 2026 |
| Plaintiff to File *Daubert* Motions | March 9, 2026 |
| Plaintiff to File Reply Memorandum in Support of Motion for Class Certification | March 9, 2026 |
| Plaintiff to File Opposition to Motion for Summary Judgment | March 9, 2026 |
| Defendant to File Reply Memorandum in Support of Motion for Summary Judgment | April 10, 2026 |
| Hearing on Motions | To be scheduled by Court Order |

We thank Your Honor for your attention to this matter.

GIBBONS P.C.

Hon. Cheryl L. Pollak, U.S.M.J.
July 28, 2025
Page 5

                                                          Respectfully submitted,

                                                          */s/ Caroline E. Oks*

                                                          Caroline E. Oks

cc: All counsel of record (via ECF)