UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATALIE ORRICO, individually and on behalf of all others similarly situated,

                        Plaintiff,

                      -against-

NORDIC NATURALS, INC.,

                        Defendant.
------------------------------------------------------------X

**ORDER**
22 CV 3195 (NRM) (CLP)

**POLLAK**, United States Magistrate Judge:

On May 31, 2022, plaintiff Natalie Orrico commenced this diversity class action against the defendant Nordic Naturals, Inc., alleging that defendant engaged in deceptive and misleading business practices with respect to the marketing and sales of defendant's Nordic Naturals Products (the "Products") throughout New York and the rest of the country. (Compl.[1] ¶ 1). Plaintiff brings claims under New York General Business Law ("GBL") § 349, alleging that defendant's improper labeling and advertising of the Products as being "natural" is misleading because it induced plaintiff and members of the New York subclass to purchase and pay a premium for the defendant's Products and to use them when they would otherwise not have. (Compl. ¶ 48; First Cause of Action). Plaintiff also alleges violations of GBL § 350, alleging that defendant made untrue and/or misleading statements and representations causing injury to the plaintiff and members of the New York subclass. (Id. ¶¶ 56-59; Second Cause of Action). Plaintiff's Third Cause of Action alleges a breach of express warranty on behalf of all class members based on an express warranty from defendant that the Products were "natural," and

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed May 31, 2022. (ECF No. 1).

1

upon which plaintiff and class members relied when deciding to purchase defendant's Products. (Id. ¶¶ 65-68, 70 (listing specific warranty laws by state); Third Cause of Action).

Currently pending before this Court is plaintiff's July 28, 2025 letter in support of a request that expert discovery, including expert reports pursuant to Rule 26 of the Federal Rules of Civil Procedure, be held in abeyance pending a determination by the court as to whether to certify the class in this case. (Pl.'s Ltr.[2] at 1). For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

## DISCUSSION

I.  Plaintiff's Motion

Plaintiff seeks to postpone expert discovery until after the motion for class certification has been decided, arguing that expert discovery is not required at the class certification stage and that "'all that is required at class certification is [that] the plaintiffs must be able to show that their damages stemmed from the defendant's actions that created the legal liability.'" (Id. (quoting de Lacour v. Colgate-Palmolive Co., 338 F.R.D. 324, 344 (S.D.N.Y. 2021) (quoting Sykes v. Mel S. Harris & Assocs. LLC, 780 F.3d 70, 88 (2d Cir. 2015))); see also Comcast Corp. v. Behrend, 569 U.S. 27, 34-35 (2013). Plaintiff argues that not only does the case law support plaintiff's position that certification should be briefed "at an 'early practicable time'" before moving on to expert discovery, but it is more efficient to hold off on expert discovery because if plaintiff's motion for certification is denied, there will be no need for experts on either damages or liability. (Pl.'s Ltr. at 2 (quoting Fed. R. Civ. P. 23(c)(1)(A))). To the extent that defendant relies on the decertification decision in Price v. L'Oréal USA, Inc., to argue that expert discovery should occur first because of the risk of decertification, plaintiff contends that the Price court

---

[2] Citations to "Pl.'s Ltr." refer to plaintiff's letter dated July 28, 2025. (ECF No. 64).

2

found that, while plaintiffs had met their burden under Comcast sufficient to warrant initial certification, after providing the expert analysis, decertification was required because the plaintiffs had not provided evidence necessary to sustain the expert's damages formula. (Id. (citing No. 17 CV 614, 2021 WL 4459115, at *4, 6 (S.D.N.Y. Sept. 29, 2021))). Accordingly, plaintiffs seek to move for certification within 60 days and ask the Court to delay expert discovery until after the Court rules on the certification question. (Id.)

Defendant Nordic Naturals asks the Court to enter a scheduling Order to set deadlines for expert discovery to then be followed by plaintiff's motion for class certification, defendant's anticipated motion for summary judgment, and the parties' Daubert motions. (Def.s' Ltr.[3] at 1). Defendant contends that in Bustamante v. KIND, LLC, the Second Circuit made it clear that in order to sustain their claim in an "all natural" case, plaintiffs must provide admissible evidence that shows how the phrase "'"All Natural" . . . tends to mislead reasonable consumers acting reasonably.'" (Id. (quoting 100 F.4th 419, 426 (2d Cir. 2024))). The Court explained that in that case, the experts' opinions were inadmissible because they had failed to show how a reasonable consumer would understand the term "All Natural," and that plaintiff's testimony alone could not provide an objective definition of how reasonable consumers would interpret that term. Bustamante v. KIND, LLC, 100 F. 4th at 433.

Defendant argues that there is no evidence in the instant case to show that a reasonable consumer acting reasonably would be deceived by the "Nordic Naturals" statement on the company's dietary supplement products; thus, defendant contends that summary judgment is inevitable. (Def.'s Ltr. at 1). Defendant further contends that if plaintiff does not intend to proffer expert testimony, then the case would be ripe for summary judgment and certification

---

[3] Citations to "Def.'s Ltr." refer to defendant's letter dated July 28, 2025. (ECF No. 65).

3

motions would be unnecessary. (Id.) Defendant argues that, without having proffered any admissible evidence or expert opinions showing how a reasonable consumer understands the challenged label "Nordic Naturals," plaintiff's efforts to move for certification now are "impractical, would waste judicial resources, and would unduly prejudice Defendant because Orrico's individual claim cannot survive without admissible expert evidence." (Id. at 1-2). Defendant contends that the lessons of Bustamante, where the record was far more developed with multiple expert reports, are that there is no single reasonable consumer understanding of the term "all natural," and that unless plaintiff can provide the expert opinions necessary to sustain the required showing, proceeding through the time and expense of a motion for class certification is a fundamental waste of judicial resources. (Id. at 2).

II. Legal Standards

Rule 26(c) of the Federal Rules of Civil Procedure governs requests for a stay of discovery, and this court has found a stay to be "appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." Chow v. SentosaCare, LLC, No. 19 CV 3541, 2020 WL 559704, at *2 (E.D.N.Y. Jan. 23, 2020) (internal citations and quotations omitted) (alterations in original). In determining whether to grant a stay, the court may consider the merits of the motion, the breadth of discovery and the burden of responding to it, and the risk of prejudice to the party opposing the stay. Kanowitz v. Broadridge Fin. Sols., Inc., No. 13 CV 649, 2014 WL 1338370, at *6 (E.D.N.Y. Mar. 31, 2014).

As a threshold matter, "[c]ourts are not required to decide class certification before reaching the merits of a case." Kurtz v. Kimberly-Clark Corp., 321 F.R.D. 482, 507 (E.D.N.Y. 2017); see Schweizer v. Trans Union Corp., 136 F.3d 233, 239 (2d Cir. 1998) (holding that the "decision to award summary judgment before acting on class certification was well within the

discretion of the district court," and the argument that class certification needed to be addressed first was "without merit"); see also Carollo v. United Cap. Corp., 528 F. Supp. 3d 37, 49 (N.D.N.Y. 2021) (holding that "there is no point in reaching a decision on class certification if the claims the class would bring are fundamentally meritless"). Indeed, holding class certification in abeyance is appropriate where resolution of the dispositive issue will "necessarily inform and perhaps moot" class certification issues and where the party opposing abeyance would not be prejudiced. Authors Guild, Inc. v. Google Inc., 721 F.3d 132, 134-35 (2d Cir. 2013); see also Schultz v. Stoner, No. 00 CV 0439, 2009 WL 455163, at *17 (S.D.N.Y. Feb. 24, 2009) (holding class certification motion practice in abeyance pending resolution of dispositive motions). As the court in R. A-G ex rel. R.B. v. Buffalo City School District Board of Education stated, "because the purpose of early certification is for the benefit of defendants, a defendant may waive this protection and move for a judgment on the merits before a decision on certification." No. 12 CV 960S, 2013 WL 3354424, at *4 (W.D.N.Y. July 3, 2013), aff'd sub nom. R.A.G. ex rel. R.B. v. Buffalo City Sch. Dist. Bd. of Educ., 569 F. App'x 41 (2d Cir. 2014).

The same considerations hold true in determining whether to stay discovery pending a motion for class certification. Rule 23(a) of the Federal Rules of Civil Procedure governs class certification, providing:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to satisfying these prerequisites, plaintiffs must also satisfy one of the three subdivisions of Rule 23(b): (1) that separate actions pose a risk of inconsistent

5

adjudications or would substantially impair the ability of other individuals to protect their interests; (2) injunctive or declaratory relief is sought concerning the class as a whole; or (3) common questions of law or fact predominate over individual questions and a class action is superior to other methods for bringing suit.  Fed. R. Civ. P. 23(b).  See generally Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997).  It is plaintiffs' burden to establish compliance with the requirements of Rule 23, but in analyzing the issue of certification, the court accepts as true the allegations in the complaint regarding the merits of the claim.  See D'Alauro v. GC Servs. Ltd. P'ship, 168 F.R.D. 451, 454 (E.D.N.Y. 1996).  Pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, "the court can make a conditional determination of whether an action should be maintained as a class action, subject to final approval at a later date."  Collier v. Montgomery Cnty. Hous. Auth., 192 F.R.D. 176, 181 (E.D. Pa. 2000).

III.  Analysis

Here, plaintiff brings claims under GBL §§ 349 and 350.  To state a claim under either section 349 or 350 of New York's GBL, plaintiff must establish that:  1) defendants' deceptive acts were directed at consumers; 2) the acts were materially misleading; and 3) plaintiff was injured as a result of this deception.  See Maurizio v. Goldsmith, 230 F.3d 518, 521-22 (2d Cir. 2000); Gristede's Foods, Inc. v. Unkechauge Nation, 532 F. Supp. 2d 439, 450 (E.D.N.Y. 2017); Imig, Inc. v. Electrolux Home Care Prods., Ltd., No. 05 CV 529, 2007 WL 900310, at *15 (E.D.N.Y. Mar. 22, 2007).  The first element may "be satisfied by showing that the conduct at issue potentially affects similarly situated consumers."  Sykes v. Mel S. Harris & Assocs. LLC, 780 F.3d at 84 (internal citations, quotations, and alterations omitted).  "Deceptive acts are defined as those that are 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'"  Horowitz v. Stryker Corp., 613 F. Supp. 2d 271, 287 (E.D.N.Y. 2009) (quoting Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 26,

6

647 N.E.2d 741, 745, 623 N.Y.S.2d 529, 533 (1995)). In order for consumers to be misled, there must be a consensus as to what reasonable consumers interpret the claim of the manufacturer to mean. See Exxonmobil Inter-America, Inc. v. Advanced Info. Eng'g Servs., Inc., 328 F. Supp. 2d 443, 449 (S.D.N.Y. 2004) (holding that under GBL § 349, "liability attaches primarily where a party's misrepresentations . . . have the potential to be repeated in order to deceive numerous similarly situated buyers"); Greenlight Cap., Inc. v. GreenLight (Switz.) S.A., No. 04 CV 3136, 2005 WL 13682, at *6 n.8 (S.D.N.Y. Jan. 3, 2005) (holding that GBL § 350 is "based on a specific type of deception, to wit, false advertising").

Defendants note that in order to prove that the challenged term "Nordic Naturals" caused a price premium, plaintiff must offer evidence or propose a methodology by which they intend to prove the price premium and a measure of damages resulting from their theory. (ECF No. 65 at 3 (citing Passman v. Peloton Interactive, Inc., 671 F. Supp. 3d 417, 452-53 (S.D.N.Y. 2023), vacated on other grounds by, No. 19 CV 11711, 2025 WL 1284718 (S.D.N.Y. May 2, 2025))); see also Price v. L'Oréal USA, Inc., 2021 WL 4459115, at *4-5. Thus, defendants argue that plaintiff will need to obtain an expert even if the case does not result in certification of a class. (ECF No. 65 at n.2).

In addition, in order for the court to certify a class, plaintiff must demonstrate that the plaintiff's claims are typical of those of the other members of the proposed class and that common questions of fact predominate. As noted above, the plaintiff must demonstrate that the use of the word "Naturals" in the company name is deceptive and likely to mislead a reasonable consumer, and that there is a consensus as to what reasonable consumers would interpret the claim to mean. As the court in In re KIND LLC "Healthy and All Natural" Litigation recognized, the term "natural" is an undefined, ambiguous term, with no legal or regulatory

7

definition, and thus, here, the crux of plaintiff's case is whether plaintiff can demonstrate through expert or survey data that a reasonable consumer would agree on an interpretation of the term "Nordic Naturals" consistent with plaintiff's theory of deception.  627 F. Supp. 3d 269, 285-86, 295 (S.D.N.Y. 2022).  In the absence of "generalized proof of deception," courts have found that "common issues of fact do not predominate."  de Lacour v. Colgate-Palmolive Co., No. 16 CV 8364, 2024 WL 36820, at *7 (S.D.N.Y. Jan. 3, 2024).

Although many of the cases relied on by defendants addressed the sufficiency of expert opinions in the context of summary judgment or decertification of the class, plaintiff appears to recognize that she has some burden at the class certification stage to demonstrate that consumers generally interpret "natural" the way the plaintiff does.  (See ECF No. 64 at 1).  She cites the court's decision in de Lacour granting the plaintiff's renewed motion for certification, arguing that "where plaintiff submitted an affidavit about her reason for purchasing a 'natural' product and plaintiff's experts submitted declarations (as opposed to expert reports under Rule 26), stating that consumers generally interpret 'natural' in a similar manner, 'plaintiffs . . . offered sufficient evidence that the "natural" claim is material.'"  (Id. (citing de Lacour v. Colgate-Palmolive Co., 338 F.R.D. at 343)).

Defendants argue that what plaintiff is seeking is "months to work with an expert witness to develop an opinion that 'reasonable consumers' are deceived by the product labels at issue," and that plaintiffs would not have to disclose such opinions until after certification is decided. (ECF No. 65 at 3-4).  According to defendants, the schedule proposed by plaintiffs is "lopsided" and will inevitably result in two rounds of class certification briefing.  (Id. at 4).  Given that plaintiff will need expert discovery to respond to any motion for summary judgment, delaying expert discovery until after certification is decided is not efficient.  (Id.)

8

Given the need to establish typicality and predominance in order to succeed in certifying a class, the plaintiff's proposal to wait to develop expert evidence to establish that reasonable consumers would interpret the term "Nordic Naturals" the same way or in a similar manner to plaintiff until after the certification motion is decided seems counterproductive in light of the numerous cases that have ultimately rejected the methodologies and theories proposed by other experts in trying to establish how a "reasonable consumer" interprets the term "natural." Presumably, if plaintiff has experts willing to submit declarations in support of their theories, they have already undertaken a preliminary analysis in order to support their methodologies and conclusions. Moreover, since plaintiff is ultimately going to need an expert even if the case proceeds on an individual basis, moving forward with at least some expert discovery at this time will not cause undue prejudice to the plaintiff.

Thus, "because the purpose of early certification is for the benefit of defendants," R. A-G ex rel. R.B. v. Buffalo City Sch. Dist. Bd. of Educ., 2013 WL 3354424, at *4, and here, defendants are urging the delay pending expert discovery, the Court, in its discretion, denies the request to stay all expert discovery until after the certification decision. Instead, the Court Orders plaintiff to provide expert reports in 60 days; defendants' responsive reports are due 60 days thereafter. Expert depositions, however, will be held in abeyance pending counsel meeting with the Court, to determine if the case is then ripe for briefing of the class certification motion.

## CONCLUSION

As set forth above, plaintiff's motion requesting that expert discovery be stayed pending the Court's determination of whether to certify the class is granted in part and denied in part. Plaintiff's motion is denied insofar as it requests a stay of all expert discovery. Plaintiff is Ordered to provide expert reports in 60 days, with defendants' responsive reports due 60 days thereafter. Expert depositions, however, will be held in abeyance for the present moment.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 3, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York