

**Andrew J. Marino**
Partner
+1 973.596.4683 (t)
+1 973.639.6332 (f)
amarino@fbtgibbons.com

February 5, 2026

**VIA ECF**

Honorable Peggy Cross-Goldenberg, U.S.M.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Orrico v. Nordic Naturals, Inc.*, **1:22-cv-03195-NRM-PCG**

Dear Judge Cross-Goldenberg:

      This firm represents Defendant Nordic Naturals, Inc. in this matter. In accordance with Your Honor's Individual Practices § IV.A and Local Civil Rule 7.1(e), Nordic Naturals files this letter-motion seeking to enforce the Court's December 3, 2025 Order (ECF No. 66; hereinafter, the "December Order") and for the entry of an order: (i) staying the deadline in the December Order for service of Defendant's responsive expert reports, and any motion for class certification; (ii) barring further expert reports from Plaintiff in accordance with the December Order; and (iii) directing the parties to prepare and file a Stipulated Briefing Schedule for motions for summary judgment.

**Background**

      This is a "natural" false labeling class action asserting claims under the New York General Business Law ("GBL"), N.Y. Gen. Bus. Law §§349-50. The Complaint alleges that Plaintiff Natalie Orrico was induced and deceived into purchasing a Nordic Naturals, Inc. dietary supplement — "Nordic Omega 3 Gummies" — by the word "Naturals" in the manufacturer's name, which caused her to believe that the product was 100% natural, *i.e.*, the "Nordic Naturals" name meant the product "do[es] not contain synthetic ingredients." ECF 1 ¶¶ 13-14,17; *see also id.* ¶¶ 6, 29-30. Plaintiff purports to represent a class of purchasers of dozens of different Nordic Naturals supplements, asserting that "Naturals" in the manufacturer's name caused them to believe that all those products were all natural. *Id.* Fact discovery is now closed. The deadline for Plaintiff's expert reports was February 2, 2026. ECF No. 66 at 9.

**The Second Circuit's Reasonable Consumer Standard**

      To prevail on the GBL claims, Plaintiff must establish deception. "Deception is governed by the reasonable consumer standard," which requires "more than a mere

February 5, 2026
Page 2

possibility that the label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner" and instead "requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Bustamante v. KIND, Ltd. Liab. Co.*, 100 F.4th 419, 426 (2d Cir. 2024). The Second Circuit held in *Bustamante* that "[t]o establish deception under the reasonable consumer standard at the summary judgment stage, plaintiffs must present admissible evidence establishing how the challenged statement" — here, "Nordic Naturals" — tends to mislead reasonable consumers acting reasonably. *Id.*

Critically, in *Bustamante*, the Second Circuit affirmed the District Court's entry of summary judgment because the plaintiffs' experts and plaintiffs' theories "fail[ed] to present any cohesive definition of what a reasonable consumer would expect from products labeled 'All Natural,'" and also failed to "establish how a reasonable consumer understands the term 'artificial' or 'synthetic,'" nor did the plaintiffs' evidence "establish that a reasonable consumer would interpret 'All Natural' as meaning 'containing no artificial or synthetic ingredients.'" *Id.* at 432 n. 8. Indeed, *Bustamante* affirmed the District Court's rejection of the plaintiffs' expert proofs, concluding that they "provided no useful information about how a reasonable consumer understands 'All Natural.'" *Id.*

### This Court's December 3, 2025 Order

While *Bustamante* involved products specified labeled as "All Natural," the Nordic Naturals products here contain no such statements — just the word "Naturals" in the manufacturer's name. *Bustamante*'s mandate remains, and Plaintiff's case cannot succeed without expert evidence addressing the reasonable consumer standard. Thus, Defendant urged the Court to impose a firm deadline for the end of discovery and the submission of expert reports so that the fundamental and case-dispositive issue of the reasonable consumer standard could be promptly addressed.

During a status conference with Judge Pollak on July 21, 2025, Plaintiff and Defendant disagreed as to the timing of expert discovery and motion practice. Plaintiff argued that expert reports were not necessary for class certification and sought a schedule that would require briefing on a motion for class certification first, followed by expert reports and expert depositions, including potentially multiple rounds of reports — all without producing any expert or other evidence establishing that a reasonable consumer would interpret the "Nordic Naturals" name as meaning the product contained no artificial or synthetic ingredients. ECF No. 64 (Plaintiff's 7/28/25 Letter).

On the contrary, Defendant insisted, in accordance with the rationale in *Bustamante,* that expert discovery was necessary and should follow fact discovery, to be then followed by summary judgment, *Daubert,* and class certification. ECF No. 65 (Defendant's 7/28/25 Letter). Defendant explained that moving for class certification without expert proofs on the reasonable consumer standard would be a waste of time, expense, and court resources, since

February 5, 2026
Page 3

expert proofs would be necessary to state a prima facie claim of deception and overcome summary judgment. ECF No. 65 at 4.

Judge Pollak agreed with Defendant. The Court found that "the plaintiff must demonstrate that the use of the word 'Naturals' in the company name is deceptive and likely to mislead a reasonable consumer," and that "the crux of plaintiff's case is whether plaintiff can demonstrate through expert or survey data that a reasonable consumer would agree on an interpretation of the term 'Nordic Naturals' consistent with plaintiff's theory of deception." *Id.* at 7-8. Thus, the Court noted that Plaintiff's proposal to delay expert discovery until after the certification motion "seems counterproductive," since "plaintiff is ultimately going to need an expert even if the case proceeds on an individual basis." ECF No. 66 at 9.

The Court therefore ordered Plaintiff "to provide expert reports in 60 days" (*i.e.*, by February 2, 2026), with Defendant's responsive expert reports to follow 60 days later. Plaintiff did not move for reconsideration of the Court's Order or appeal to the District Judge.

**Plaintiff's February 2, 2026 Expert Disclosures**

On February 2, 2026, Plaintiff served two expert reports, characterizing them as "preliminary" in nature and reserving the right to "supplement" with "final reports" at a later date. *See* Exhibit A (2/2/26 Letter). Plaintiff's Expert Disclosures were contrary to the December Order in two ways.

*First*, Plaintiff declined to serve any expert report on the reasonable consumer standard. Though Plaintiff was not obligated to serve an expert report on this issue, the election to not offer expert proofs on the issue is the death knell of this "naturals" case under *Bustamante*. Therefore, Defendant's motion for summary judgment is now ripe. With the expert deadline now past, Plaintiff has no expert proofs showing "any cohesive definition of what a reasonable consumer would expect from products labeled [Nordic Naturals]," or "how a reasonable consumer understands the term 'artificial' or "synthetic," or that "a reasonable consumer would interpret [Nordic Naturals] as meaning 'containing no artificial or synthetic ingredients.'" *Bustamante*, 100 F.4th at 432 n. 8.

Fundamentally, this Court has already ruled on this issue. In the December Order the Court held that a motion for class certification without "expert evidence to establish that reasonable consumers would interpret 'Nordic Naturals' the same way or in a similar manner to plaintiff" would be "counterproductive in light of the numerous cases that have ultimately rejected the methodologies and theories proposed by other experts in trying to establish how a 'reasonable consumer' interprets 'natural.'" ECF No. 66 at 9. A certification motion now where Plaintiff elected not to proffer such expert evidence would be even more "counterproductive" and wasteful.

Therefore, Defendant respectfully requests that the Court enter an order (i) staying the deadline in the December Order for service of responsive expert reports from Defendant

February 5, 2026
Page 4

on the class certification issues that are the subject of Plaintiff's expert reports until the District Court has decided Defendant's forthcoming motion for summary judgment; and (ii) directing the parties to prepare and file a Stipulated Briefing Schedule for motions for summary judgment.

*Second*, Plaintiff's Expert Disclosures attempt to flout this Court's December Order and impose a new schedule, unilaterally bifurcating the case in the manner in which the Court has already rejected. The disclosures are confounding; they are so flatly contrary to this Court's prior rulings that it's as if Plaintiff pretends the motion and Order do not exist. *See* Exhibit A (2/2/26 Letter). Indeed, Plaintiff's February 2, 2026 expert reports purport to be preliminary only, not final; are expressly limited to class certification issues; and are expressly subject to different or modified opinions to be issued later. This is precisely what the Court rejected, and will do nothing but impose enormous inefficiencies and costs on the Parties, waste time and judicial resources, and continue to delay the resolution of this case, now in its fifth calendar year.

Accordingly, Defendant respectfully requests that the Court enforce the December Order and impose a briefing schedule that will bring this litigation to a resolution. *First*, because Plaintiff has clearly failed to introduce expert evidence sufficient to satisfy *Bustamante*, Defendant requests a briefing schedule on its anticipated motion for summary judgment and an accompanying stay of its obligation to serve rebuttal reports on class certification issues. *In addition*, Defendant requests that Plaintiff's expert reports be deemed final, in accordance with the December Order.

We thank the Court for its attention to this matter.

Respectfully submitted,

*s/ Andrew J. Marino*
Andrew J. Marino