

February 20, 2026

Honorable Peggy Cross-Goldenberg, U.S.M.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

**Re: Orrico v. Nordic Naturals, Inc., Docket No. 1:22-cv-03195 (NRM)(CLP)**

Your Honor:

We write on behalf of Plaintiff to respond to Defendant's February 5th letter motion. Based on a complete misreading of the Court's December 2025 Order ("December Order") (ECF Doc. 66), Defendant asks the Court to effectively end this class action lawsuit with an order deeming Plaintiff's experts' "preliminary analysis in order to support their methodologies and conclusions" (precisely as ordered by the Court's December Order) to be their final and sole expert reports so that Defendant can quickly brief a summary judgment motion against a class wide standard without ever briefing class certification. *See* Def.'s Ltr. At 4 ("Defendant requests that Plaintiff's expert reports be deemed final [and] Defendant respectfully requests that the Court . . . impose a [summary judgment] briefing schedule that will bring this litigation to a resolution.").[1] While this proposed relief would no doubt be desirable for Defendant, it is utterly contrary to this Court's own Order and to binding Second Circuit precedent, and thus it should be rejected.

**<u>Defendant's Motion is Contrary to this Court's December Order</u>**

Defendant bases its motion for unprecedented relief on a cherry-picked misreading of the Court's December Order. To correct this misreading a fuller reading of the Order is necessary:

> Given that plaintiff will need expert discovery to respond to any motion for summary judgment, delaying expert discovery until after certification is decided is not efficient. Given **<u>the need to establish typicality and predominance</u>** in order to succeed in certifying a class, the plaintiff's proposal to wait to develop expert evidence to establish that reasonable consumers would interpret the term "Nordic Naturals" the same way or in a similar manner to plaintiff until after the certification motion is decided seems counterproductive in light of the numerous cases that have ultimately rejected **<u>the methodologies and theories proposed by other experts</u>** in trying to establish how a "reasonable consumer" interprets the term "natural." Presumably, if plaintiff has experts willing to submit declarations in support of their theories, they have already undertaken **<u>a preliminary analysis in order to support their methodologies and conclusions.</u>** Moreover, since

---

[1] As a threshold matter, Defendant's Letter Motion is procedurally improper and should be denied for that reason alone. Defendant styles its Motion as seeking "to enforce the December Order," but in addition to seeking a briefing schedule on a motion for summary judgment, it seeks declaratory relief determining the legal standard to apply to its anticipated motion. Since this relates to a dispositive motion, it should be directed to Judge Morrison under Your Honor's Individual Rules. *See* Individual Practices and Rules of Magistrate Peggy Cross-Goldenberg IV.B. Furthermore, the legal standard to apply to a motion for summary judgment is a question for the motion itself, not for a pre-motion letter. *See* Individual Practice Rules of Judge Nina R. Morrison 5.1.2.

> plaintiff is ultimately going to need an expert even if the case proceeds on an individual basis, moving forward with **at least some expert discovery at this time** will not cause undue prejudice to the plaintiff**. . . .** [T]he Court Orders plaintiff to provide expert reports in 60 days; defendants' responsive reports are due 60 days thereafter. Expert depositions, however, will be held in abeyance pending counsel meeting with the Court, to **determine if the case is then ripe for briefing of the class certification motion**. December Order at 9 (emphasis added).

A reasonable interpretation of the Court's Order compels the following conclusions: 1) Rather than granting Plaintiff's request for a full stay of discovery until certification, and rather than granting Defendant's request for full expert discovery now, the Court held that it was appropriate to move forward with "at least some expert discovery at this time" that would be focused on a "preliminary analysis in order to support [the experts'] methodologies;" and 2) Given that the Court ordered expert depositions be held in abeyance—after completion of some expert discovery—to "determine if the case is then ripe for [certification] briefing," the Court clearly contemplated further expert discovery and supplementation by Plaintiff after the February 2nd deadline. To that end, Plaintiff followed the December Order to the letter, timely disclosing the expert reports of consumer survey expert, J. Michael Dennis, Ph.D. and applied microeconomist and damages expert, Augustus Urschel, who rendered opinions about, *inter alia*: a) the appropriateness of standard choice-based conjoint survey methodology to assess whether the Defendant's conduct caused class members to overpay; and b) the appropriate survey design and methodology for evaluating the extent to which Defendant's misrepresentations caused reasonable consumers to perceive the products as not containing non-natural, synthetic ingredients. In other words, Plaintiff's experts provided reports focused on the "methodologies and theories proposed by [the] experts" and constituted "a preliminary analysis in order to support their methodologies and conclusions." *See* December Order at 9.

Moreover, they reserved the right to supplement their reports and to expand or modify their opinions and will offer their final reports as required by the Court's scheduling order. Needless to say, if, as Defendant spuriously contends, the December Order called for "final" reports (as opposed to preliminary reports), the Order would not have ordered only "some expert discovery" and would not have focused on the need to scrutinize "methodologies and theories of [the] experts" at this stage. Nor would it have reasoned that Plaintiff would not be prejudiced because Plaintiff's experts "[p]resumably . . . have already undertaken a preliminary analysis in order to support their methodologies and conclusions." December Order at 8–9. Simply put, Plaintiff fully complied with the Court's December Order. More specifically, within sixty days of the Order, Plaintiff disclosed the expert reports, which, as set forth in the covering letter (ECF 67-1), were offered in support of Plaintiffs' Motion for Class Certification and clearly do not purport to represent the experts' final opinions. Instead, they represent the "methodologies and theories of [the] experts" as ordered by the Court and, as discussed further below, required by controlling Second Circuit precedent.

## Defendant's Motion is Contrary to Binding Second Circuit Precedent

Defendant essentially asks the Court to order briefing on a pre-class certification motion for summary judgment applying the legal standard of a post-certification motion for summary judgment without briefing for class certification or allowing Plaintiff to conduct or use any post-

certification expert discovery. This extraordinary request to stack the deck in Defendant's favor is completely contrary to binding Second Circuit law.

As noted in the December Order, Defendant can choose whether to move for summary judgment before or after class certification. *See* December Order at 4 (citing *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998)). A pre-certification motion for summary judgment would be as to Plaintiff's *individual* claims and thus would invoke her individual pleading standards. *See Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (noting the "argument that a nonnamed class member is a party to the class-action litigation *before the class is certified*" is "novel and surely erroneous") (emphasis original). Yet, the idea that the Supreme Court found "novel and surely erroneous" in *Smith* is precisely the idea Defendant advances here, i.e. that the legal standards of a certified class may be applied on summary judgment for an individual plaintiff's individual claims. *See* Def.'s Ltr. at 4 ("Plaintiff has clearly failed to introduce expert evidence sufficient to satisfy *Bustamante*"). If Defendant wants to brief a motion for summary judgment invoking the standard applied to a Rule 23 class, Defendant can move for summary judgment *after* a Rule 23 class has been certified and expert discovery has concluded. *See Schweizer*, 136 F.3d at 239 n9 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 (1974)) ("[T]he Supreme Court held that it was inappropriate to make a preliminary assessment of a case in order to determine if it could be maintained as a class action").

Research has not revealed any Court ordering that a summary judgment motion be briefed against a class wide standard before class certification was even briefed, much less granted. Nor did this Court's December Order undertake that "novel and surely erroneous" assault on federal civil procedure. Instead, the Court saw and ordered a discerning middle path that streamlined litigation without ignoring established law. The December Order reasoned that "Given that plaintiff will need expert discovery to respond to any motion for summary judgment, delaying [all] expert discovery until after certification is decided is not efficient." December Order at 9. Thus, the Court ordered "some expert discovery at this time," *id.*, which it noted would prudently test "the methodologies and theories proposed by [the] experts," *id.*

This Order is in line with well-settled Second Circuit precedent that, on a Rule 23 motion for class certification, plaintiffs need only prove that their claims can be evaluated on a class wide basis— surveys and expert reports purporting to prove their case and calculate damages may be run *after* a class is certified. *See Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 407–408 (2d Cir. 2015); *see also In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 414 (S.D.N.Y. 2015) ("nothing in *Comcast* requires an expert to perform his analyses at the class certification stage."); *Jensen v. Cablevision Sys. Corp.*, 372 F. Supp. 3d 95, 126 (E.D.N.Y. 2019) (noting that "a plaintiff 'does not need to 'implement' or 'test' his methodology at the class certification stage'").

Indeed, this standard is so ubiquitous and universally understood that major national retailers subpoenaed for sales data (who deal with such subpoenas routinely due to the breadth and volume of products they sell at retail) generally do not even agree to produce the sales data required to run expert surveys *until after a class is certified. See, e.g., In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 414 (S.D.N.Y. 2015) (certifying class based on report detailing methodology and a damages *model*—without running surveys); *Singleton v. Fifth Generation, Inc.*, No. 15-CV-474-BKS-TWD, 2017 WL 5001444, at *7 (N.D.N.Y. Sept. 27, 2017) (same); *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 317 F.R.D. 374, 393 (S.D.N.Y. 2016) (same). Defendant's

briefings and this Court's Orders have also noted *In re Kind LLC "Healthy and All Natural" Litigation*, a class action in the Southern District of New York that, like this case, dealt with the word "natural" in marketing and labeling. While the class in *Kind* was ultimately decertified, it was first certified under the standards set forth in Rule 23. *See* 337 F.R.D. 581 (S.D.N.Y. 2021). Post-certification summary judgment and decertification apply ***different*** legal standards than those applied at this stage of litigation. While the plaintiffs' experts in *Kind* did not provide post-certification expert discovery sufficient to maintain a certified class, there is no *res judicata* with an unrelated case involving unrelated parties. Plaintiff's experts here are entitled to an opportunity to meet that burden at the appropriate time procedurally. Defendant argues that because a different case (*In re Kind*) involving different parties failed at a different stage in litigation, the Court here should improperly stack the deck against Plaintiff in this case by prematurely requiring final expert reports in this stage of litigation without regard for civil procedure or legal precedent.

Plaintiff understood the December Order, which ordered "some expert discovery" to "determine if the case is then ripe for [certification] briefing," to require of Plaintiff only the level of expert discovery required in this Circuit ***at the certification phase*** – i.e. the "methodologies and theories proposed by [the] experts." *Compare* ECF 66, p. 9 (ordering "some expert discovery" including reports to provide "a preliminary analysis in order to support their methodologies and conclusions"); *with EZ Seed Litig.*, 304 F.R.D. at 414 (certifying a class based on experts' preliminary reports focusing on damages models and "statistical methodologies"). Defendant's motion ignores the distinction between burdens for pre-certification motions for summary judgment, motions for class certification, and post-certification motions for summary judgment. Defendant does not cite a single case that implicates this stage of litigation. Instead, Defendant relies exclusively on an inapposite Second Circuit opinion (from the same *Kind* matter discussed above) dealing with a post-certification motion for summary judgment. *Bustamente v. Kind Ltd. Liab. Co.* 100 F.4th 419 (2d Cir. 2024). But while the holding in *Bustamente* relates to an entirely different legal standard, it makes clear in *dictum* how legally improper Defendant's conflation is here. Specifically, the Second Circuit in *Bustamente* distinguished between the standard for a post-certification motion for summary judgment—the standard at issue in that opinion—and the standard for class certification, which is the standard at issue in this stage of this case:

> Plaintiffs rely on the District Court's findings at the motion to dismiss and class certification stages, . . .. But at [post-certification] summary judgment, where KIND has pointed to a lack of evidence on an essential element of plaintiffs' claims, it is plaintiffs' burden to present admissible evidence that a reasonable consumer acting reasonably would be deceived by the "All Natural" claim on KIND products….Without evidence of a reasonable consumer's understanding of "All Natural," plaintiffs [and the certified class] cannot succeed on their claims at summary judgment. *Bustamente*, 100 F.4th at 434 (internal citations omitted).

Defendant seeks to apply a post-certification summary judgment standard to a pre-certification proposed class case. Def. Letter at 4 ("Plaintiff has clearly failed to introduce expert evidence sufficient to satisfy *Bustamante*"). This is procedurally improper and has no case law support. Plaintiff fully complied with the Court's December Order (as well as Second Circuit precedent) and produced expert reports representing "a preliminary analysis in order to support their methodologies and conclusions." December Order at 9. Defendant's motion twists the Court's Order, ignores controlling Second Circuit law, and seeks unprecedented dispositive relief that should be rejected. Defendant's motion should be denied in its entirety.

Very truly yours,

**SULTZER & LIPARI, PLLC**

Joseph Lipari