

**Andrew J. Marino**
Partner
+1 973.596.4683 (t)
+1 973.639.6332 (f)
amarino@fbtgibbons.com

February 20, 2026

**VIA ECF**

Honorable Peggy Cross-Goldenberg, U.S.M.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   **Re:**  ***Orrico v. Nordic Naturals, Inc.*, 1:22-cv-03195-NRM-PCG**

Dear Judge Cross-Goldenberg:

On behalf of Defendant Nordic Naturals, Inc., we write to briefly respond to Plaintiff's opposition (ECF No. 68) to the letter-motion (ECF No. 67) to enforce Judge Pollak's December 3, 2025 Scheduling Order (ECF No. 66, the "December Order").

The December Order denied Plaintiff's motion to postpone all expert discovery until after class certification and instead established a February 2, 2026 deadline for service of Plaintiff's expert reports. ECF No. 66. Contrary to the implications of Plaintiff's letter, the December Order did not bifurcate expert discovery into class and merits phases. It did not determine that the Parties should engage in expert discovery related to class certification, followed by a motion for class certification, followed by expert discovery related to merits issues, followed by merits briefing and a motion for class decertification. It "denie[d] [Plaintiff's] request to stay all expert discovery until after the certification decision" and held, plainly and unambiguously, that "Plaintiff is Ordered to provide expert reports in 60 days." December Order at 9. The *only* portion of expert discovery that it did not order to go ahead was expert depositions. December Order at 9 ("Expert depositions, however, will be held in abeyance pending counsel meeting with the Court, to determine if the case is then ripe for briefing of the class certification motion."). Yet, in violation of the December Order, Plaintiff served purely "preliminary" reports on February 2.

Plaintiff now plucks quotes out of context to make the December Order seem like it means the opposite of what it actually says. For example, Plaintiff argues that the December Order only required expert reports focused on a "preliminary analysis in order to support [the experts'] methodologies." ECF No. 68 at 2 (quoting December Order at 9). This is *not* what the December Order required. Instead, the December Order justified its moving forward with (non-bifurcated) expert discovery by noting that, "[p]resumably," Plaintiff *already had* "undertaken a preliminary analysis"—and thus completing that analysis would be appropriate and not burdensome. December Order at 9. Plaintiff also quotes the portion of the Order requiring "at least some expert discovery at this time." ECF No. 68 at 2. But context makes it clear that this meant moving forward with expert *reports* while staying

expert *depositions*.  Presumably, if the Order had meant to require the Parties to engage in two rounds of burdensome, time-consuming, and expensive expert discovery, with one focused on "preliminary analysis" and one focused on "final analysis," it would have said so, and it would not have been styled as *denying* Plaintiff's request.

The rest of Plaintiff's letter merely seeks to relitigate the Parties' previous dispute, which resulted in Judge Pollak's Order.  Plaintiff advocates a "discerning middle path" involving "only the level of expert discovery required in this Circuit at the certification phase."  ECF No. 68 at 3, 4.  This is precisely what Plaintiff sought before, and what the Court rejected.  *Compare* ECF No. 64 at 2 (seeking class certification briefing before expert discovery), *with* December Order at 9 ("Given the need to establish typicality and predominance in order to succeed in certifying a class, the plaintiff's proposal to wait to develop expert evidence to establish that reasonable consumers would interpret the term 'Nordic Naturals' the same way or in a similar manner to plaintiff until after the certification motion is decided seems counterproductive in light of the numerous cases that have ultimately rejected the methodologies and theories proposed by other experts in trying to establish how a 'reasonable consumer' interprets the term 'natural.'").

Plaintiff also elected *not* to serve any expert report or other evidence on what Judge Pollak acknowledged was this case's most fundamental issue:  Whether a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, would interpret the manufacturer's name on the label, Nordic Naturals, in the same way—as representing that the product was all natural, meaning it contained no "artificial" or "synthetic" ingredients.  *See* December Order at 7-8 ("[T]he crux of plaintiff's case is whether plaintiff can demonstrate through expert and survey data that a reasonable consumer would agree on an interpretation of the term 'Nordic Naturals' consistent with plaintiff's theory of deception.").  Because Plaintiff has introduced no evidence on this essential element, this case is ripe for summary judgment.  Plaintiff's letter cannot justify her failure to introduce an expert report on this fundamental issue.[1]

Accordingly, Defendant respectfully requests a conference as soon as possible to resolve this issue.  Defendant has multiple expert witnesses actively preparing their reports, but cannot advise them on their reports' content and structure without knowing the remedy ordered by the Court for Plaintiff's noncompliance with the December Order.

We thank the Court for its attention to this matter.

Respectfully submitted,

*s/ Andrew J. Marino*
Andrew J. Marino

---

[1] Plaintiff argues that Defendant is seeking to apply the "wrong" summary judgment standard.  ECF No. 68 at 3-4.  Defendant simply seeks to bring this long-running case to an end in the most expeditious way possible.  Because Plaintiff failed to introduce what Judge Pollak noted was necessary evidence, and the deadline for introducing such evidence has passed, the case is now ripe for summary judgment.