

**Andrew J. Marino**
Partner
+1 973.596.4683 (t)
+1 973.639.6332 (f)
amarino@fbtgibbons.com

April 28, 2026

**VIA ECF**

Honorable Nina R. Morrison, U.S.D.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: ***Orrico v. Nordic Naturals, Inc.*, 1:22-cv-03195-NRM-PCG**
> **L. Civ. R. 7.1(e) Letter-motion for Stay of April 16, 2026 Order Pending**
> **Review of Request For Pre-Motion Conference**

Dear Judge Morrison:

This firm represents Defendant Nordic Naturals, Inc. ("Nordic") in this matter. We respectfully submit this Letter-Motion seeking a brief stay of the Court's April 16, 2026 Order pending the Court's consideration of Defendant's Request for Pre-Motion Conference under Rule 5.1.1, filed this date.

By way of background, following the submission of letters and a hearing before Magistrate Judge Peggy Cross-Goldenberg, the court entered an Order on March 19, 2026, which required each party to advise the court, among other things, whether it was ready to file motions for summary judgment, class certification and *Daubert* rulings, and whether any additional expert reports or discovery would be necessary for such motions. Nordic responded that it would be prepared to file summary judgment and that it was prepared to file its pre-motion conference letter within 5 days. *See* ECF No. 74. Importantly, if Plaintiff believed any expert discovery was required to oppose summary judgment, Plaintiff was required to advise the Court. But Plaintiff did not file any letter as required by the March 19 Order.

As set forth in Defendant's Request for Pre-Motion Conference filed today, this matter is ripe for summary judgment. The motion for summary judgment presents a question of law based upon the undisputed record. Because, as the motion will show, Plaintiff cannot prove the essential elements of her claims, a motion to certify would be a needless exercise that will further burden the court and the parties. Indeed, Defendant's Pre-Motion Conference letter shows that Plaintiff previously represented to the Court that no discovery, expert or otherwise, remained outstanding that might have impeded the ripeness of a motion for summary judgment.

Defendant submits that a motion for summary judgment is the most efficient vehicle for resolving this case now.  As Magistrate Judge Pollak noted in her December 3, 2025 Order, the absence of expert proofs on the reasonable consumer standard at the core of this litigation is fatal, particularly "in light of the numerous cases that have ultimately rejected the methodologies and theories proposed by other experts in trying to establish how a 'reasonable consumer' interprets the term 'natural."  ECF No. 66 at 9.

Accordingly, Defendant respectfully urges the Court to consider this Letter-Motion and briefly stay implementation of the April 16 Order on briefing schedules for certification, at least until the Court can review and rule on Defendant's Request for a Pre-Motion Conference under Rule 5.1.1.

We thank the Court for its attention to this matter.

Respectfully submitted,

*s/ Andrew J. Marino*

Andrew J. Marino