

**Andrew J. Marino**
Partner
+1 973.596.4683 (t)
+1 973.639.6332 (f)
amarino@fbtgibbons.com

April 28, 2026

**VIA ECF**

Honorable Nina R. Morrison, U.S.D.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  ***Orrico v. Nordic Naturals, Inc.*, 1:22-cv-03195-NRM-PCG**
> **Request for Pre-Motion Conference under Rule 5.1.1**

Dear Judge Morrison:

This firm represents Defendant Nordic Naturals, Inc. in this matter.  In accordance with Your Honor's Individual Practice Rules,[1] we write to request a pre-motion conference to set briefing deadlines for Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  The bases for the anticipated motion are set forth below.  In sum, Plaintiff is unable to proffer admissible expert evidence on an essential element of her claims, and has represented that she does not intend to introduce such evidence relevant to the dispositive issues on summary judgment.  Therefore, this matter is ripe for summary judgment, and Defendant respectfully requests that the Court permit the filing of the motion in accordance with a briefing schedule to be set by the Court or as agreed upon by the parties.

**Plaintiff's "Naturals" Claim**

This is a false advertising case. The Complaint alleges that Plaintiff was induced and deceived into purchasing a dietary supplement —"Nordic Naturals Omega 3 Gummies"— because the word "Naturals" in the Nordic Naturals name on the label led her to believe that the product was all-natural, which she understood to mean that the product "do[es] not contain synthetic ingredients."  ECF 1 ("Compl.") ¶ 29; *see also id.* ¶¶ 6, 13-14,17, 29-30. Plaintiff purports to represent classes of purchasers of seventy-two other Nordic Naturals' products similarly premised upon the contention that "Naturals" in the Nordic Naturals name on the label led all purchasers to

---

[1] Pursuant to Individual Practice Rule 5.1.2.3, Defendant states that the parties have not participated in a settlement conference or mediation before Magistrate Judge Cross-Goldenberg, but have previously engaged in settlement negotiations, which were not fruitful.  Defendant has met and conferred with Plaintiff about the grounds for Defendant's motion for summary judgment, and Plaintiff intends to proceed with her causes of action.

believe that those products did not contain synthetic ingredients. *Id.* ¶ 6. The Complaint asserts two claims under the GBL, and common law express warranty claims, all premised upon the same theory of deception. *Id.* ¶¶ 44-52, 53-63, 64-72.

Section 349 of the GBL prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce," and Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce." GBL §§ 349-50. The standards under each are "substantively identical." *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 451 (E.D.N.Y. 2007). "To establish a prima facie case under either section 349 or 350, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 673–74 (E.D.N.Y. 2017) (cleaned up).

## Reasonable Consumer Standard

To satisfy the GBL's second element, the "challenged conduct must be materially deceptive or misleading to a reasonable consumer acting reasonably under the circumstances." *Id.* (internal quotations and citations omitted). "The standard for a deceptive act or practice is thus an objective one." *Rivera v. S.C. Johnson & Sons, Inc.*, No. 20-CV-3588, 2021 WL 4392300, at *3 (S.D.N.Y. Sept. 24, 2021). Yet, the standard requires "more than a mere possibility that the label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Bustamante v. KIND*, 100 F.4th 419, 426 (2d Cir. 2024) (quoting *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023)).

"To establish deception under the reasonable consumer standard at the summary judgment stage, plaintiffs must present admissible evidence establishing how the challenged statement . . . tends to mislead reasonable consumers acting reasonably." *Bustamante*, 100 F.4th at 426 (citing *Johnson & Johnston * Merck Consumer Pharms. Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 297-98 (2d Cir. 1992)). This standard also applies to Plaintiff's common-law claims for breach of express warranty. *Id.* at 426 n.4.

The reasonable consumer standard requires extrinsic evidence that a particular representation would mislead reasonable consumers acting reasonably. *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 872 (E.D.N.Y. 2018) ("To satisfy the reasonable consumer standard, a plaintiff must adduce extrinsic evidence—*ordinarily in the form of a survey*—to show how reasonable consumers interpret the challenged claim.") (emphasis added). Thus, the Second Circuit concluded in *Bustamante* that in the absence of admissible survey evidence, plaintiffs could not show that a challenged "natural" representation is false. 100 F.4th 432-34. *Bustamante* rejected the plaintiff's reliance on an unverified complaint, internal documents from the defendant, an ordinary dictionary definition, and the plaintiff's deposition testimony. *Id.* at 432-34. Further, *Bustamante* held that in the absence of an admissible survey explaining how a reasonable

consumer would perceive a given representation, a plaintiff's deposition testimony cannot satisfy her burden on summary judgment. 100 F.4th at 433.

## Motion For Summary Judgment

Defendant's motion for summary judgment will explain that Plaintiff cannot proffer admissible expert or other evidence demonstrating what a reasonable consumer, acting reasonably, would expect of Nordic Naturals products that include the word "Naturals" as part of the manufacturer's name on the label. *See Bustamante*, 100 F.4th 432. And like in *Bustamante*, the record here does not contain any extrinsic evidence showing that there is "any cohesive definition of what a reasonable consumer would expect from products containing the name "Naturals" in the manufacturer's name — Nordic Naturals — stated on the label. *See Bustamante*, 100 F.4th 432.

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists," but "when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to" an absence of evidence "on an essential element of the nonmovant's claim." *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 108 (2d Cir. 2023) (cleaned up). Once a movant has made that showing, "the nonmovant must set forth specific facts showing that there is a genuine issue for trial." *Id.* "Conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact." *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003).

This case has been pending since 2022. Plaintiff has taken broad discovery, served preliminary expert reports on certain class-wide damages issues, but, critically, elected *not* to serve expert evidence on the reasonable consumer standard. Moreover, Plaintiff's counsel advised the court on the record that Plaintiff's position is that no further evidence is necessary to oppose summary judgment and that expert reports from Plaintiff "would not necessarily even come into play" in responding to a potential Rule 56 motion. *See* ECF No. 72, Tr. at 14:19-20.

On this point specifically, during a March 12, 2026 hearing before Magistrate Judge Cross-Goldenberg, Plaintiff's counsel stated that "Natalie Orrico individually has already testified that she was deceived, that the term 'naturals' was material to her purchase, and that in her estimation, 'naturals' means '100 percent natural.'" ECF No. 72, Tr. at 5:18-21. Counsel advised the court that to oppose summary judgment, Plaintiff needed no more than Plaintiff's deposition testimony and this Court's Order on Defendant's Motion to Dismiss[2], and it was counsel's view that expert reports "would not necessarily even come into play" in responding to a potential Rule 56 motion now. *Id.* at 14:19-22; *see also id.* at 28:3-7 ("[I]f the motion for summary judgment is limited to summary judgment as to [the] individual Plaintiff, then I don't believe that we would need anything

---

[2] *Bustamante* rejected this argument, noting it "confuse[s] the standards applicable to summary judgment with those applicable at earlier stages of litigation," where "the allegations of the pleadings are accepted as true and the primary question is whether plaintiffs have stated a cognizable claim." *Bustamante*, 100 F.4th at 433.

beyond the testimony and affidavits and what we have already put in. In other words, if it's limited to the individual [Plaintiff], then we could proceed.").

That Plaintiff believes that she will be able to survive a motion for summary judgment is not the issue. Here, summary judgment is ripe and should be heard.

Pursuant to the Court's order of December 3, 2025, Plaintiff's deadline for submitting expert reports was February 2, 2026. ECF No. 66. Furthermore, pursuant to the Court's order of March 19, 2026, the Parties were obligated to file letters setting forth whether they needed any additional expert reports to brief class certification, summary judgment, and *Daubert* motions. Defendant promptly filed a letter the following day explaining that it was prepared to brief summary judgment and *Daubert* motions without further evidence. ECF No. 74. Plaintiff did not comply with the March 19 order's requirement to file a letter and thus did not report to the court that any additional discovery was necessary in order to oppose a motion for summary judgment.

The motion for summary judgment will demonstrate that, as a matter of law, the evidence of record cannot satisfy the reasonable consumer standard in this case. Caselaw makes clear that "anecdotal" evidence cannot satisfy the objective standard set forth by the GBL. *Hughes*, 330 F. Supp. 3d at 872; *see also de Lacour v. Colgate-Palmolive Co.*, No. 16-CV-8364 (KMW), 2024 WL 36820, at *6 (S.D.N.Y. Jan. 3, 2024), *appeal dismissed*, No. 24-331, 2024 WL 3678389 (2d Cir. May 16, 2024) (holding that named plaintiff's testimony insufficient to show a reasonable consumer's understanding of the word "natural" and granting summary judgment).

And here, Plaintiff's deposition testimony actually undercuts any claim that there is a general consumer understanding of "Naturals." Plaintiff testified that she "couldn't tell you" why other people bought Omega-3 supplements, and that she did not know if other people thought brand names were important. Plaintiff gave varying definitions of "natural," at one point testifying that it meant that "[t]he majority of the ingredients need to be natural," at another that it meant "found in nature, not manufactured in a lab, not synthetic or artificial," and at various points that it meant "from the earth, from the ground," "occurring in nature," or "the most basic form." Most critically, she agreed that her own personal definition of "natural" might be different than other peoples', and agreed that "people could have different understandings of what it means to be 'natural.'"[3]

_____

[3] Because Plaintiff's GBL claims fail, her breach of express warranty claims fail. *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 806-09 (S.D.N.Y. 2021) (dismissing breach of warranty claims for the same reasons as GBL claims); *de Lacour*, 2024 WL 36820, at *6 (granting summary judgment on GBL and express warranty claims together).

Honorable Nina R. Morrison, U.S.D.J.
April 28, 2026
Page 5


     *    *    *    *

  We thank the Court for its attention to this matter and look forward to the opportunity to present these issues to the court on a full record.

      Respectfully submitted,

      *s/ Andrew J. Marino*

      Andrew J. Marino