

**Caroline E. Oks**
Partner
+1 973.596.4575 (t)
+1 973.639.8317 (f)
coks@fbtgibbons.com

April 29, 2026


<u>**VIA ECF**</u>

Honorable Nina R. Morrison, U.S.D.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** *Orrico v. Nordic Naturals, Inc.*, **1:22-cv-03195-NRM-PCG**

Dear Judge Morrison:

We write to provide a brief update to the Letter-Motion for Stay and Pre-Motion Conference letter filed yesterday. ECF Nos. 75, 76.

Last night, after the close of business, Plaintiff's counsel served on Defendant for the first time a copy of a letter dated March 20, 2026, which was addressed to the Court in response to the Court's March 19, 2026 Order.  Inexplicably, according to Plaintiff's counsel the letter was filed "*ex parte*" and "under seal," yet no motion to seal was filed, no courtesy copy was timely served upon Defendant, nor does the public-facing docket reflect that Plaintiff's March 20, 2026 letter had been filed. Thus, Defendant had no opportunity to learn of the filing until last night.

Importantly, as a consequence of these failures, this Court was not fully informed of Defendant's position (as directed by the March 19 Order) because Defendant would have immediately responded to Plaintiff's March 20 letter by directing the Court to, among other things, Plaintiff's counsel's admissions on the record that no further discovery or experts would be needed to oppose a motion for summary judgment—all of which is explained in detail in the Pre-Motion Conference letter filed yesterday. *See* ECF No. 76.

Therefore, to the extent the Letter-Motion and Pre-Motion Conference letters state that Plaintiff never responded to March 19 Order, that regrettable inaccuracy was due to Plaintiff's failure to serve Defendant with the letter.  But having now reviewed the letter, Defendant respectfully submits that Plaintiff's March 20 letter merely strengthens and further supports the Letter-Motion and Pre-Motion Conference letters filed yesterday.  Indeed, because Plaintiff's position is that no further discovery or expert testimony would be necessary to oppose Defendant's motion for summary judgment, the motion for summary judgment is ripe and should be heard. ECF Nos. 75, 76.

Hon. Nina R. Morrison, U.S.D.J.
April 29, 2026

We thank the Court for its attention to this matter.

Respectfully submitted,

*s/ Caroline E. Oks*

Caroline E. Oks

cc:     All counsel of record (via ECF)