

Honorable Nina R. Morrison, U.S.D.J.
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Orrico v. Nordic Naturals, Inc., Docket No. 1:22-cv-03195 (NRM)(PCG)**

Your Honor:

We write on behalf of Plaintiff and in response to Defendant's letter dated April 29, 2026 (ECF No. 77). Defendant's letter is completely disingenuous.

Notwithstanding the Court's April 16, 2026 Text Order, Defendant has rejected Plaintiff's multiple efforts to meet and confer about a briefing schedule regarding certification. Instead, despite the plain language of the Court's Text Order, yesterday, Defendant filed a Letter-Motion for a Stay and a Pre-Motion Conference Letter (ECF. Nos. 75 and 76). Plaintiff will timely respond to both of these filings in due course.

Upon reviewing these filings, undersigned counsel immediately reached out to Defendant's counsel via telephone and email and explained that notwithstanding Defendant's initial claims, Plaintiff did in fact properly file the letter (as a "letter") on March 20th, but as confirmed by a representative at the ECF Help Desk (speaking to our office's paralegal), the filing was erroneously coded as *ex parte*. The error was not made by the filer. Only yesterday did undersigned counsel learn (through telephone conversations with Defendant's counsel) that Defendant could not see or access the filing or that the email filing notification was not sent to Defendant (though undersigned previously saw that the filing was marked on the docket as *ex parte*). Immediately after reviewing the filings and calling Defendant's counsel, we provided Defendant's counsel with a copy of the letter (along with an explanation and supporting documents). We also explained that Defendant's counsel should withdraw ECF Nos. 75 and 76, particularly since the March 19th Text Order that directed the filing of the March 20th letters did not call for a response to the letters. To wit, the March 20th Text Order provided "Each party to file a status letter to the Court by March 20, 2026 indicating the party's views on whether they are prepared to brief a motion for class certification, a motion for summary judgement, and a Daubert motion; proposing a schedule for such motions; and stating whether any additional expert reports or discovery would be necessary for each motion and, if so, proposing a timeline."

Instead of withdrawing the filings, Defendant has chosen to file the April 29th letter, which completely mischaracterizes Plaintiff's March 20th letter. Defendant inaccurately states that "because Plaintiff's position is that no further discovery or expert testimony would be necessary

to oppose Defendant's motion for summary judgment, the motion for summary judgment is ripe and should be heard." (ECF Doc. 77). That is not at all what Plaintiff stated. A plain review of the letter shows that Plaintiff actually stated, in relevant part:

> Under these circumstances, summary judgment on Plaintiff's individual claims will be a waste of time and should, therefore, be held in abeyance as set forth above…If, nevertheless, the Court is inclined to direct that summary judgment motions must be filed before or in tandem with the certification motion, Plaintiff may -- depending on the nature of the summary judgment motion and the arguments advanced -- need additional discovery and additional experts (and reserves all rights in this regard), though that appears very unlikely given that such a motion would necessarily be confined to Plaintiff's individual claims. (ECF Doc. 73).

We thank the Court for its time and attention to this matter.

Very truly yours,

**SULTZER & LIPARI, PLLC**

Joseph Lipari