

Honorable Nina R. Morrison
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

**Re: Orrico v. Nordic Naturals, Inc., Docket No. 1:22-cv-03195 (NRM)(PCG)**

Your Honor:

We write on Plaintiff's behalf to respond to Defendant's April 28th letter-motion to stay (ECF No. 75).

Defendant's letter motion effectively asks this Court to vacate its own April 16, 2026 Scheduling Order ("April Order") and to adopt a proposed procedural course the Court already rejected. Specifically, Defendant asks the Court to "briefly stay implementation of the April 16 Order on briefing schedules for certification, at least until the Court can review and rule on Defendant's Request for a Pre-Motion Conference under Rule 5.1.1." ECF No. 75 at 2. In other words, Defendant asks the Court to halt the class certification briefing the Court has just ordered, so that Defendant may revive the summary judgment process the Court has just expressly stayed. Defendant identifies no changed circumstance, no new evidence, and no new law to justify reversing course. The motion should be denied. Plaintiff also notes that in conjunction with filing the letter motion to stay, Defendant has unilaterally decided to act as if the Scheduling Order is already stayed. To wit, Defendant has rejected Plaintiff's multiple efforts to meet and confer about a certification motion briefing schedule.

**The April Order Already Resolved the Question Defendant Now Seeks to Reopen**

The April Order directly resolved the dispute Defendant seeks to relitigate. First, the Court directed that Plaintiff's motion for class certification proceed first—referring it to Magistrate Judge Cross-Goldenberg for a Report and Recommendation, and instructing the parties to "confer on a briefing schedule" for that motion. See April Order. Second, the Court expressly stayed summary judgment and Daubert motions:

> The Court respectfully refers Plaintiff's motion for class certification to the Hon. Peggy Cross-Goldenberg for a Report and Recommendation (R&R). The parties shall confer on a briefing schedule for the motion and submit it to Judge Cross-Goldenberg for approval…While briefing on the motion for class certification is pending, the Court hereby stays the parties' deadlines to move for summary judgment (and other deadlines related to summary judgment, i.e., the deadline to seek a pre-motion conference under this Court's Individual Rules) as well as their anticipated Daubert motions to preclude expert testimony, until further order of the Court. Id.

That ruling followed both the parties' competing positions on Defendant's prior letter motion to enforce (ECF Nos. 67, 68, 69), the March 12, 2026 status conference at which those positions were addressed at length (ECF No. 72), and the parties' March 20 letters addressing their readiness to brief class certification and/or summary judgment. Defendant did not seek reconsideration of the April Order. Instead, two weeks after the Order issued, Defendant filed the present letter motion seeking, in substance, to reverse the April Order—to halt the class certification process the Court directed and to revive the summary judgment process the Court stayed.

**Defendant Identifies No New Information Justifying a Reversal of the April Order**

Defendant's letter motion does not, and cannot, point to any changed circumstance or new information that would warrant disturbing the April Order. The letter rests entirely on the same *Bustamante*-centric theory Defendant pressed in ECF No. 67 and that this Court resolved in April. ECF No. 75 at 1–2. Defendant simply repeats its view that the case is "ripe for summary judgment" because, in its view, Plaintiff lacks expert evidence on the reasonable consumer standard. *Id.* That is precisely the argument the Court already considered before ultimately ordering class certification briefing to proceed first while staying summary judgment.

Equally unavailing is any suggestion that Plaintiff's March 20, 2026 letter (ECF No. 73)—which Defendant only recently received due to a clerical filing error, *see* ECF No. 79—justifies revisiting the issue. It does not. In substance, the March 20 letter simply repeated the arguments Plaintiff had already made in ECF No. 68 and at the March 12, 2026 status conference: that any pre-certification motion for summary judgment would be limited to Plaintiff's individual claims; that, so confined, Plaintiff's existing record would suffice to defeat such a motion; and that any class-wide summary judgment motion would necessarily await post-certification expert discovery. *See* ECF No. 73; *compare* ECF No. 68 at 3–4.

The Court received Plaintiff's Letter (and Defendant's letter addressing the same subject) nearly one month before the April Order directing class certification briefing to proceed first and staying summary judgment. Thus, the Court was apprised of Plaintiff's letter when it issued the April Order foreclosing the relief Defendant now seeks. Undeterred, Defendant resorts to mischaracterizing Plaintiff's March 20, 2026 letter by stating that it "merely strengthened and further supported the Letter-Motion and Pre-Motion Conference letters [ ]." ECF No. 77 at 1. Further, Defendant ignored the April Order and filed a pre-motion letter that is, in substance, a near-verbatim recapitulation of the same *Bustamante*-based argument Defendant raised in its February 5, 2026 letter motion to enforce, which a) Plaintiff rebutted in opposition; b) Magistrate Judge Cross-Goldenberg considered at the March 12, 2026 status conference, and c) this Court resolved in the April Order, i.e. by directing that the parties are to brief class certification first; summary judgment briefing is stayed until class certification is decided. *See* ECF Nos. 67, 68, 72; April Order. Indeed, just today Magistrate Judge Cross-Goldenberg acknowledged that the April Order mooted Defendant's attempts to move for summary judgment before class certification, denying its nearly-identical early pre-motion letter (ECF No. 67) as moot. *See* May 5, 2026 Order.

**Defendant Has Refused to Meet and Confer on a Class Certification Schedule**

Your Honor's stay is not the only part of the April Order that Defendant ignored. The April Order also directed the parties to "confer on a briefing schedule" for the class certification motion.

Plaintiff has made repeated efforts to do so. As detailed in Plaintiff's April 29, 2026 letter, Defendant has rejected each of those efforts, instead filing the present letter motion and a duplicative pre-motion conference letter (ECF No. 76) advancing the same arguments the Court has already rejected. *See* ECF No. 79.

**Defendant Cannot Establish Good Cause to Modify the Scheduling Order**

Although Defendant styles its motion as one for a "stay," the relief it seeks is, in substance, a modification of this Court's April 16, 2026 Scheduling Order—*i.e.*, suspension of the directive that the parties confer on a class certification briefing schedule. A scheduling order entered under Federal Rule of Civil Procedure 16(b) "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Holmes v. Grubman,* 568 F.3d 329, 334 (2d Cir.2009).

Defendant cannot remotely satisfy that standard. Defendant fully litigated the very issue it now seeks to relitigate—whether summary judgment should proceed before class certification—in its February 5, 2026 letter motion, in Plaintiff's opposition, and at the March 12, 2026 status conference. ECF Nos. 67, 68, 69, 72. The Court resolved that issue on April 16, 2026 by directing class certification briefing to proceed and staying summary judgment. Defendant did not move for reconsideration. Defendant has not identified any new fact, new authority, or changed circumstance. Two weeks later, Defendant simply filed the present letter motion seeking to undo Your Honor's Order and taking a second bite at the apple. That is not good cause.

Indeed, the equities cut decisively against a stay: Defendant has not pointed to a single way in which it will be prejudiced by Your Honor's April Order. The only party prejudiced by Defendant's improper filings is Plaintiff, who has been forced to expend resources responding to two spurious letters that the April Order plainly sought to foreclose.

*   *   *

The April Order requires class certification briefing to proceed and stays summary judgment until further order of the Court. Nothing has changed since that Order issued. Defendant's letter motion is, in substance, an unauthorized effort to reverse the April Order without a motion for reconsideration—to delay the very class certification briefing the Court directed the parties to confer about, and to revive the very summary judgment process the Court expressly stayed. The motion should be denied, and the parties should be directed to immediately confer on a class certification briefing schedule consistent with the April Order. If Defendant still refuses to confer, Plaintiff's proposed schedule should be entered.

Very truly yours,

**SULTZER & LIPARI, PLLC**

Joseph Lipari