

May 26, 2026

Honorable Nina R. Morrison
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

**Re: Orrico v. Nordic Naturals, Inc., Docket No. 1:22-cv-03195 (NRM)(PCG)**

Your Honor:

We write on behalf of Plaintiff to respond to Defendant's April 28th pre-motion letter (ECF No. 76). Defendant's pre-motion letter is procedurally improper, substantively meritless, and squarely foreclosed by the Court's April 16, 2026 Order ("April Order"). It should be rejected and briefing should move forward solely on Plaintiff's motion for class certification, as the Court has already ordered.

**The April Order Expressly Stayed the Filing of This Pre-Motion Letter**

The April Order could not have been clearer. While briefing on Plaintiff's motion for class certification is pending, "the Court hereby stays the parties' deadlines to move for summary judgment (and other deadlines related to summary judgment, i.e., **the deadline to seek a pre-motion conference** under this Court's Individual Rules) . . . until further order of the Court." April Order (emphasis added).

Critically, Your Honor issued this stay *one month* after the parties submitted their March 20th letters pursuant to Magistrate Judge Peggy Cross-Goldenberg's March 12, 2026 Order (the "March Order"), detailing *inter alia* their readiness to move forward with class certification and summary judgment. No new legal or factual developments have occurred in the intervening time, save for Defendant's mistaken belief that blood was in the water when it thought Plaintiff ran afoul of the March 20th deadline (due to an e-filing system error and no fault of Plaintiff's). Yet, when Plaintiff's counsel spoke with defense counsel to correct the confusion and provide Defendant with a copy of Plaintiff's March 20 letter, Defendant doubled-down on its baseless renewed push.

Defendant's pre-motion conference letter under Rule 5.1.1 clearly and unambiguously violates Your Honor's express stay. Defendant's instant letter is procedurally barred, Defendant can offer no justification for ignoring the Court's bar, and thus the letter should be rejected on that basis alone.

**Defendant Mischaracterizes Plaintiff's Position on the Existing Record**

Defendant did not back down from its improper pre-motion letter even after being informed of the e-filing error and being provided with Plaintiff's March 20 letter. Instead, to save face, Defendant twisted the substance of Plaintiff's letter and the nature of the e-filing error that prevented service on Defendant.

Defendant attributes to Plaintiff's counsel the position that "no further evidence is necessary to oppose summary judgment" and that expert reports "would not necessarily even come into play" in responding to a Rule 56 motion. ECF No. 76 at 3. The selective quotations distort what Plaintiff's counsel said. As the same transcript Defendant cites makes clear, Plaintiff's counsel was discussing what would suffice to oppose a pre-certification motion for summary judgment *limited to Plaintiff's individual claims*. ECF No. 72, Tr. at 28:3–7 ("[I]f the motion for summary judgment is *limited to summary judgment as to [the] individual Plaintiff*, then I don't believe that we would need anything beyond the testimony and affidavits and what we have already put in. In other words, *if it's limited to the individual [Plaintiff]*, then we could proceed.") (emphasis added). Plaintiff's March 20, 2026 letter to the Court said the same. *See* ECF No. 73 ("If, nevertheless, the Court is inclined to direct that summary judgment motions must be filed before or in tandem with the certification motion, Plaintiff may—depending on the nature of the summary judgment motion and the arguments advanced—need additional discovery and additional experts (and reserves all rights in this regard), though that appears very unlikely given that such a motion would necessarily be confined to Plaintiff's individual claims."). Plaintiff has never agreed—and her counsel never represented—that the existing record would suffice to oppose the post-certification, class-wide *Bustamante*-style motion Defendant proposes. To the contrary, Plaintiff's experts have served preliminary methodology reports and have expressly reserved the right to supplement and run their surveys post-certification, precisely as the December Order contemplated. *See* ECF No. 67-1; December Order at 9.

Defendant also repeatedly chastises Plaintiff for the e-filing error, stating that "no motion to seal was filed, no courtesy copy was timely served upon Defendant, nor does the public-facing docket reflect that Plaintiff's March 20, 2026 letter had been filed," and that "to the extent the Letter-Motion and Pre-Motion Conference letters state that Plaintiff never responded to March 19 Order, that regrettable inaccuracy was due to Plaintiff's failure to serve Defendant with the letter." ECF No 77 at 1. But, at the time defense counsel wrote this, defense counsel *knew* that the reason no motion to seal was filed was because the letter was not filed under seal. Defense counsel *knew* that Defendant was not served with a "courtesy copy" because Plaintiff had no occasion to believe Defendant had not been served electronically via ECF. Defense counsel knew all this because plaintiff's counsel informed them on a call.

**Defendant Recycles Arguments the Court Has Already Rejected**

Defendant ignored Your Honor's April Order, ignored the substance of Plaintiff's March 20 letter, and ignored plaintiff's counsel's explanation of the e-filing error that transpired to file the instant letter motion to stay and pre-motion letter. Yet, the pre-motion letter presents *nothing* new from its prior failed pre-motion letter. Thus, Defendant ignored Your Honor's Order in order to file a pre-motion letter that is, in substance, a near-verbatim recapitulation of the same *Bustamante*-based argument Defendant raised in its February 5, 2026 letter motion to enforce, that Plaintiff rebutted at length in opposition, that Magistrate Judge Cross-Goldenberg considered at the March 12, 2026 status conference, and that this Court resolved by way of the April Order. *See* ECF Nos. 67, 68, 72; April Order. Plaintiff will not repeat in full the arguments fully briefed in opposition to Defendant's last letter motion. *See* ECF No. 68. In short, however:

Defendant's letter rests on a fundamental conflation of the legal standards governing pre-certification motions for summary judgment, motions for class certification, and post-certification

motions for summary judgment. *See* ECF No. 68 at 3–4. *Bustamante* is a post-certification summary judgment opinion, applying a post-certification summary judgment standard. 100 F.4th at 432–34. It does not authorize a defendant to short-circuit Rule 23 by demanding—before any class is certified, and on a pre-motion conference letter no less—that the plaintiff produce the kind of class-wide expert evidence that, under controlling Second Circuit law, may be developed and tested after certification. *See Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 407–408 (2d Cir. 2015); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 414 (S.D.N.Y. 2015); *Jensen v. Cablevision Sys. Corp.*, 372 F. Supp. 3d 95, 126 (E.D.N.Y. 2019); *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011). The Court already considered—and resolved—this question in the April Order: the parties are to brief class certification first; summary judgment briefing is stayed until class certification is decided.

**On the Standard That Would Apply, Plaintiff Would Defeat Summary Judgment on Her Individual Claims**

Should the Court—notwithstanding the April Order—nonetheless permit any summary judgment motion to proceed at this time, that motion would necessarily be directed at Plaintiff's *individual* claims and would have to be evaluated under the standard that governs an individual plaintiff's pre-certification GBL claim, not the post-certification, class-wide standard articulated in *Bustamante*. ECF No. 68 at 3–4. On that proper standard, Plaintiff's claims would readily survive summary judgment.

To prevail on her GBL §§ 349 and 350 claims, Plaintiff need only show that Defendant's conduct was directed at consumers, materially misleading, and caused her injury. *See Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 673–74 (E.D.N.Y. 2017). "[U]se of the word 'natural' could plausibly mislead a reasonable consumer to believe that the products did not contain synthetic ingredients or GMOs. 'The question of whether Defendant's label is *actually* misleading to a reasonable consumer as a matter of law, however, is a question of fact better suited for the jury.'" *Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 244 (S.D.N.Y. 2021) (quoting *Petrosino v. Stearn's Prods., Inc.*, No. 16-CV-7735 (NSR), 2018 WL 1614349, at *7 (S.D.N.Y. Mar. 30, 2018)). This Court already so held in denying Defendant's motion to dismiss. *See Orrico v. Nordic Nats., Inc.*, No. 22-CV-03195-NRM-CLP, 2023 WL 6308015, at *6 (E.D.N.Y. Sept. 28, 2023) (citing *Paulino v. Conopco, Inc.*, No. 14-CV-5145 JG RML, 2015 WL 4895234, at *6 (E.D.N.Y. Aug. 17, 2015)).

Here, drawing all reasonable inferences in Plaintiff's favor as the Court must on summary judgment, the existing record amply supports Plaintiff's individual claims:

*First*, Plaintiff has testified that she purchased Defendant's Nordic Naturals Omega 3 Gummies based on the "Nordic Naturals" representation on the label, that the term "naturals" was material to her purchasing decision, and that she understood "naturals" to mean "100 percent natural"— *i.e.*, containing no synthetic ingredients. *See* ECF No. 72, Tr. at 5:18–21; Compl. ¶¶ 13–14, 17, 29–30. *Second,* the products Plaintiff purchased contained numerous ingredients that federal law and regulation classify as synthetic, including ascorbic acid, soy lecithin, maltodextrin, gelatin, and citric acid. *See* Compl. ¶ 7; 7 U.S.C. § 6502(21); 21 C.F.R. § 184.1444; 9 C.F.R. § 94.20; 40 C.F.R. § 799.2155. The synthetic character of these ingredients is not a matter of dispute; it is established by Congress and the federal agencies charged with classifying them. *Third*, Plaintiff has alleged, and the record will show, that she paid a premium for the products in reliance on

Defendant's "Naturals" representation, and would not have paid the same amount, or purchased the products at all, had she known they contained synthetic ingredients. *See* Compl. ¶¶ 3, 22–25, 30.

On those facts, a reasonable jury could readily conclude that the "Naturals" representation on a product containing federally-recognized synthetic ingredients was materially misleading to a reasonable consumer, that Plaintiff in fact relied on that representation, and that she suffered the price premium injury she alleges. That is more than enough to defeat summary judgment on Plaintiff's individual claims. Defendant's contrary contention, that the absence of an extrinsic survey is dispositive, is borrowed entirely from *Bustamante*'s post-certification, class-wide context and has no application to Plaintiff's individual claims at this stage. Indeed, *Bustamante* itself cautioned against precisely this conflation, distinguishing the standards applicable at "the motion to dismiss and class certification stages" from the post-certification summary judgment standard at issue there. 100 F.4th at 433.

\*       \*       \*

Respectfully, the Court should not allow Defendant to continue to waste judicial or party resources by vexatiously relitigating issues that have already been resolved. Defendant's pre-motion conference letter should be rejected.

Very truly yours,

**SULTZER & LIPARI, PLLC**

Joseph Lipari